

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

KATHLEEN KITTERMAN,
JEREMIAH CRONIN, next friend of ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN and
EVAN JONES

       Plaintiffs,

v.                                        Case No: 2: 12cv 146

CLAUDIO TOVAR-GOMEZ

SERVE:    Commissioner, Department of Motor Vehicles
            P.O. Box 27412
            Richmond, VA 23269
and

FORTINO GARCIA AND SONS
HARVESTING, INC.

SERVE:    Secretary of the Commonwealth
            P.O. Box 2452
            Richmond, VA 23218-2452

       Defendant(s).

## COMPLAINT

COME NOW the Plaintiffs, Kathleen Kitterman, Jerry Cronin, next friend of minor Anna

Cronin, Corrie Ball, Marvin Ball, and Margaret Brogan, by counsel and for their Complaint

against the Defendants, Claudio Tovar-Gomez and Fortino Garcia and Sons Harvesting Inc., and

state as follows:

## PARTIES

1. Plaintiff Kathleen Kitterman ("Kitterman") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia.

2. Plaintiff Jeremiah Cronin, next friend of minor Anna Cronin ("Cronin"), is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia.

3. Plaintiff Corrie Ball ("Corrie Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia.

4. Plaintiff Marvin Ball ("Marvin Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia.

5. Plaintiff Margaret Brogan ("Brogan") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia.

6. Defendant Claudio Tovar-Gomez ("Tovar-Gomez") is a nonresident of the Commonwealth of Virginia and gives his address as being in Naples, Florida.

7. Defendant Fortino Garcia and Sons Harvesting Inc. ("Garcia") is a Florida corporation with its principle place of business in Naples, Florida.

## Jurisdiction and Venue

8. This is a civil action arising under 28 U.S.C. § 1332 and within the meaning of the Federal Rules of Civil Procedure.

9. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

10. This Court has personal jurisdiction over Defendant Claudio Tovar-Gomez ("Tovar-Gomez" or the "Driver"), a citizen of the State of Florida, pursuant to Virginia Code § 8.01-328(3) as he caused injury to the Plaintiff through an automobile accident in Nassawadox, Virginia.

11. This Court has personal jurisdiction over Defendant Fortino Garcia and Sons Harvesting Inc. ("Garcia"), a foreign corporation, pursuant to Virginia Code section 8.01-328(1) and (3), as it transacted business in the Commonwealth and its employee and agent caused tortious injury by an act or omission in this Commonwealth.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and Local Rule 3(b)(3) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

13. Jurisdiction is also proper pursuant to Rule 20, Fed. R. Civ. P., as Plaintiffs have joined in one action to assert their rights to relief jointly and severally for damages which arose out of the same occurrence, namely the automobile accident in Nassawadox, Virginia.

14. At all material times, Garcia acted through its owners, agents, servants and/or employees, including Tovar-Gomez, all of whom were acting within the scope of their employment in the business of the Defendant, Garcia, who is responsible for the actions of these individuals, including Tovar-Gomez, pursuant to Respondeat Superior.

### Facts Applicable to All Counts

15. At all times relevant herein, Tovar-Gomez was acting as an employee, agent and authorized driver for Defendant Garcia and was acting within the course and scope of said employment.

16. At approximately 7:10 a.m. on July 2, 2011, a Town & Country Minivan rented from Enterprise Rent a Car (the "Van") transporting the Plaintiffs to Young Life Lake Champion Camp in Glen Spey, New York, approached the intersection of Rogers Drive on Route 13 in Nassawadox, Virginia, traveling north.

17. As the Van approached the intersection, the driver, Marvin Ball, saw the light turn to yellow when he was about 200 yards away and eased to a stop in the farthest right lane.

18. As the Van was at a complete stop, a bus (the "Bus") driven by Tovar-Gomez and traveling at a high rate of speed violently and with great force struck the Van almost directly in the rear. The force of the impact caused the rear of the Van to contract like an accordion, pushing the entire storage space and the back seat into the middle seats. The Van was pushed forward and spun in a clockwise manner, approximately 270 degrees, as it slid approximately 39 feet forward.

19. The Bus was owned and operated by Defendant Garcia. The Driver, Defendant Tovar-Gomez, gives his address as 901 Auto Ranch Road in Naples, Florida, the same street address of Garcia.

### COUNT I
### Plaintiff Kitterman's Negligence Claim Against Defendant Tovar-Gomez

20. Plaintiff Kitterman re-alleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

21. At the time of the impact, Plaintiff Kitterman was wearing her seat belt while seated in the Van on the back bench on the driver's side. As a result of the impact, she struck her head and other parts of her body on internal portions of the Van. The impact of the accident was so severe that Plaintiff Kitterman lost consciousness.

22. Shortly following the incident, Plaintiff Kathleen Kitterman was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. After being taken to that hospital by ambulance, Plaintiff Kitterman was subsequently airlifted to Norfolk General Hospital due to her life-threatening condition.

23. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for others using the road.

24. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with Plaintiffs' vehicle as alleged herein.

25. Tovar-Gomez was negligent in that he:

   a)     Failed to keep a proper lookout;

   b)     Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

   c)     Failed to apply his brakes in time to avoid striking Plaintiffs' vehicle;

   d)     Failed to maintain his vehicle under proper control;

   e)     Operated his vehicle in a reckless manner;

   f)     Failed to obtain a commercial driver's license while operating a commercial vehicle on the highways of the Commonwealth of Virginia;

   g)     Failed to take evasive action to avoid a collision with Plaintiffs' vehicle;

   h)     Failed to get enough sleep before operating his vehicle.

26. The Bus Tovar-Gomez was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

27. As a direct and proximate result thereof, Plaintiff Kitterman sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; and has incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

28. Plaintiff Kitterman respectfully demands judgment against Defendant Claudio Tovar-Gomez, jointly and severally, with his employer Fortino Garcia and Sons Harvesting, Inc., (as shown below) for damages in the amount of two million dollars ($2,000,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT II
### Plaintiff Kitterman's Negligence Claim Against Defendant Garcia

29. Plaintiff Kitterman re-alleges and incorporates paragraphs 1-28 as if full set forth herein.

30. As Tovar-Gomez's employer, Garcia is vicariously liable for the negligence of its driver, as explained in Count I, and had an independent duty to Plaintiff to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Garcia as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

31. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

32. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk of harm to others.

33. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and directed him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

34. As a direct and proximate result thereof, Plaintiff Kitterman sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; and has incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

35. Plaintiff Kitterman respectfully demands judgment against Fortino Garcia and Sons Harvesting, Inc., jointly and severally, with its driver, Tovar-Gomez, for damages in the amount of two million dollars ($2,000,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT III
### Plaintiff Cronin's Negligence Claim Against Defendant Tovar-Gomez

36. Plaintiff Cronin realleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

37. At the time of the impact, Anna Cronin ("Cronin") was wearing her seat belt while seated in the driver's side middle seat of the Van. As a result of the impact, she struck her head and other parts of her body on internal portions of the Van. Cronin lost consciousness for a period of time, yet remained in considerable pain and a disoriented state after regaining consciousness.

38. Shortly following the incident, Cronin was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. After being taken to that hospital by ambulance, she was subsequently transported to Norfolk General Hospital via ambulance for further extensive treatment.

39. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for the safety of others using the road.

40. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with Plaintiffs' vehicle as alleged herein.

41. Tovar-Gomez was negligent in that he:

    a)    Failed to keep a proper lookout;

    b)    Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

    c)    Failed to apply his brakes in time to avoid striking Plaintiffs' vehicle;

    d)    Failed to maintain his vehicle under proper control;

    e)    Operated his vehicle in a reckless manner;

    f)    Failed to obtain a commercial driver's license while operating a commercial vehicle on the highways of the Commonwealth of Virginia;

    g)    Failed to take evasive action to avoid a collision with Plaintiffs' vehicle;

    h)    Failed to get enough sleep before operating his vehicle.

42. The Bus Tovar-Gomez was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

43. As a direct and proximate result thereof, Anna Cronin sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; and has incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

44. Plaintiff Cronin respectfully demands judgment against Defendant Claudio Tovar-Gomez, jointly and severally, with his employer Fortino Garcia and Sons Harvesting, Inc., (as shown below) for damages in the amount of two million dollars ($2,000,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT IV
### Plaintiff Cronin's Negligence Claim Against Defendant Garcia

45. Plaintiff Cronin realleges and incorporates paragraphs 36-44 as if full set forth herein.

46. As Tovar-Gomez's employer, Garcia is vicariously liable for the negligence of its driver, as stated more fully in Count III, and had an independent duty to Plaintiff to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Garcia as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

47. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

48. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk to others.

49. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and directed him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

50. As a direct and proximate result thereof, Plaintiff Cronin sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; has incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

51. Plaintiff Cronin respectfully demands judgment against Fortino Garcia and Sons Harvesting, Inc., jointly and severally, with its driver, Tovar-Gomez, for damages in the amount of two million dollars ($2,000,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT V
## Plaintiff Corrie Ball's Negligence Claim Against Defendant Tovar-Gomez

52. Plaintiff Corrie Ball realleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

53. At the time of the impact, Corrie Ball was wearing her seat belt and was seated farthest in the rear of the Van in the middle of the back bench. As a result of the impact, she struck her head and other parts of her body on internal portions of the Van as the back bench was crushed into the middle seats, and struggled to breathe.

54. Shortly following the incident, Plaintiff Corrie Ball was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. Corrie Ball was then transported to Riverside Shore Memorial Hospital via ambulance, where she was treated and released.

55. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for the safety of others using the road.

56. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with Plaintiffs' vehicle as alleged herein.

57. Tovar-Gomez was negligent in that he:

a)      Failed to keep a proper lookout;

b)      Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

c)      Failed to apply his brakes in time to avoid striking Plaintiffs' vehicle;

d)      Failed to maintain his vehicle under proper control;

e)      Operated his vehicle in a reckless manner;

f)      Failed to obtain a commercial driver's license while operating a commercial vehicle on the highways of the Commonwealth of Virginia;

g)      Failed to take evasive action to avoid a collision with Plaintiffs' vehicle;

h)      Failed to get enough sleep before operating his vehicle.

58. The Bus Tovar-Gomez was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

59. As a direct and proximate result thereof, Corrie Ball sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; and has incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

60. Plaintiff Corrie Ball respectfully demands judgment against Defendant Claudio Tovar-Gomez, jointly and severally, with his employer Fortino Garcia and Sons Harvesting,

Inc., (as shown below) for damages in the amount of two hundred fifty thousand dollars ($250,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT VI
### Plaintiff Corrie Ball's Negligence Claim Against Defendant Garcia

61. Plaintiff Corrie Ball realleges and incorporates paragraphs 52-60 as if full set forth herein.

62. As Tovar-Gomez's employer, Garcia is vicariously liable for the negligence of its driver, as stated more fully in Count III, and had an independent duty to Plaintiff to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Garcia as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

63. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

64. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk to others.

65. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and permitted him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

66. As a direct and proximate result thereof, Plaintiff Corrie Ball sustained serious physical injuries; has suffered, and will continue to suffer, great pain of body and mental anguish;

and has incurred, and may continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

67. Plaintiff Corrie Ball respectfully demands judgment against Fortino Garcia and Sons Harvesting, Inc., jointly and severally, with its driver, Tovar-Gomez, for damages in the amount of two-hundred fifty thousand dollars ($250,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT VII
### Plaintiff Marvin Ball's Negligence Claim Against Defendant Tovar-Gomez

68. Plaintiff Marvin Ball realleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

69. At the time of the impact, Marvin Ball was wearing his seat belt and driving the seven-passenger Van. As a result of the impact, his head and body struck internal portions of the Van.

70. Shortly following the incident, Plaintiff Marvin Ball was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. Marvin Ball was then transported to Riverside Shore Memorial Hospital via ambulance, where he was treated and released with contusions and swelling.

71. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for others using the road.

72. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with plaintiff's vehicle as alleged herein.

73. Furthermore, the Bus was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

74. As a direct and proximate result of Tovar-Gomez's negligence, Plaintiff Marvin Ball sustained serious physical injuries; was unable to concentrate at work and has suffered, and will continue to suffer, great pain of body and mental anguish; has sustained loss of earning capacity; and has incurred, and hospital, doctor's and related bills in an effort to be cured of said injuries.

75. Plaintiff Marvin Ball respectfully demands judgment against Defendants Claudio Tovar-Gomez, jointly and severally with his employer, Fortino Garcia and Sons Harvesting, Inc., for damages in the amount of one-hundred thousand dollars ($50,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT VIII
### Plaintiff Marvin Ball's Negligence Claim Against Defendant Garcia

76. Plaintiff Marvin Ball realleges and incorporates paragraphs 68-75 as if full set forth herein.

77. As Tovar-Gomez's employer, Garcia is vicariously liable for the negligence of its driver, as stated more fully in Count VII, and had an independent duty to Plaintiff to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Garcia as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

78. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

79. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk to others.

80. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and directed him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

81. As a direct and proximate result thereof, Plaintiff Marvin Ball sustained serious physical injuries; has suffered, and will continue to suffer, great pain of body and mental anguish; has sustained loss of earning capacity; and has incurred, and may continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

82. Plaintiff Marvin Ball respectfully demands judgment against Defendant Fortino Garcia and Sons Harvesting, Inc., jointly and severally, with its employee Claudio Tovar-Gomez for damages in the amount of one-hundred thousand dollars ($50,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

### COUNT IX
**Plaintiff Brogan's Negligence Claim Against Defendant Tovar-Gomez**

83. Plaintiff Brogan realleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

84. At the time of the impact, Brogan was sitting in the passenger side of the Van's back bench. As a result of the severe impact, she struck parts of her body on internal portions of the Van when the rear bench was crushed against the middle seats.

85. Shortly following the incident, Plaintiff Brogan was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. Brogan was then transported

to Riverside Shore Memorial Hospital via ambulance, where she was treated and released.

86. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for others using the road.

87. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with Plaintiffs' vehicle as alleged herein.

88. Tovar-Gomez was negligent in that he:

a)    Failed to keep a proper lookout;

b)    Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

c)    Failed to apply his brakes in time to avoid striking Plaintiffs' vehicle;

d)    Failed to maintain his vehicle under proper control;

e)    Operated his vehicle in a reckless manner;

f)    Failed to obtain a commercial driver's license while operating a commercial vehicle on the highways of the Commonwealth of Virginia;

g)    Failed to take evasive action to avoid a collision with Plaintiffs' vehicle;

h)    Failed to get enough sleep before operating his vehicle.

89. The Bus Tovar-Gomez was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

90. As a direct and proximate result thereof, Brogan sustained serious and permanent injuries; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; and has incurred,

and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

91. Plaintiff Brogan respectfully demands judgment against Defendants Claudio Tovar-Gomez, jointly and severally, with his employer, Fortino Garcia and Sons Harvesting, Inc., for damages in the amount of seventy five thousand dollars ($75,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT X
### Plaintiff Brogan's Negligence Claim Against Defendant Garcia

92. Plaintiff Brogan realleges and incorporates paragraphs 83-91 as if full set forth herein.

93. As Tovar-Gomez's employer, Garcia is vicariously liable for the negligence of its driver, as stated more fully in Count III, and had an independent duty to Plaintiff to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Garcia as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

94. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

95. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk to others.

96. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and directed him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

97. As a direct and proximate result thereof, Plaintiff Brogan suffered bruises and contusions and pain of body; has suffered, and will continue to suffer, mental anguish; and has incurred medical bills in an effort to be cured of said injuries.

98. Plaintiff Brogan respectfully demands judgment against Defendant Fortino Garcia and Sons Harvesting, Inc., jointly and severally with its employee, Claudio Tovar-Gomez, for damages in the amount of seventy-five thousand dollars ($75,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

### COUNT XIII
### Plaintiff Jones' Negligence Claim Against Defendant Tovar-Gomez

99. Plaintiff Jones realleges and incorporates the allegations contained in paragraph 1-19 as if fully set forth herein.

100. At the time of the impact, Jones was wearing his seat belt and sitting in the front passenger seat of the Van. As a result of the severe impact, he struck parts of his body on internal portions of the Van.

101. Shortly following the incident, Plaintiff Jones was treated by off-duty medical personnel from nearby Riverside Shore Memorial Hospital. Jones was then transported to Riverside Shore Memorial Hospital via ambulance, where he was treated and released.

102. While operating the Bus, Tovar-Gomez had a duty to operate his vehicle with reasonable care and with due regard for others using the road.

103. Notwithstanding said duties, Tovar-Gomez carelessly, recklessly, willfully, wantonly and negligently operated his vehicle with a conscious disregard for others so that it collided with plaintiff's vehicle as alleged herein.

104. Tovar-Gomez was negligent in that he:

    a)      Failed to keep a proper lookout;

    b)      Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

    c)      Failed to apply his brakes in time to avoid striking Plaintiffs' vehicle;

    d)      Failed to maintain his vehicle under proper control;

    e)      Operated his vehicle in a reckless manner;

    f)      Failed to obtain a commercial driver's license while operating a commercial vehicle on the highways of the Commonwealth of Virginia;

    g)      Failed to take evasive action to avoid a collision with Plaintiffs' vehicle;

    h)      Failed to get enough sleep before operating his vehicle.

105. The Bus was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires.

106. As a direct and proximate result thereof, Plaintiff Jones suffered bruises and contusions and pain of body; has suffered, and will continue to suffer, mental anguish; and has incurred medical bills in an effort to be cured of said injuries.

107. Plaintiff Jones respectfully demands judgment against Defendants Claudio Tovar-Gomez, jointly and severally, with his employer, Fortino Garcia and Sons Harvesting, Inc., for damages in the amount of twenty thousand dollars ($20,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT XIV
### Plaintiff Jones' Negligence Claim Against Defendant Garcia

108. Plaintiff Jones realleges and incorporates paragraphs 99-107 as if full set forth herein.

109. As Tovar-Gomez's employer, Garcia had a duty to provide him with a Bus that was reasonably fit to drive on the highways, to investigate his qualifications as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

110. As part of that investigation, Garcia knew or should have known that Tovar-Gomez did not have a commercial driver's license, such that he was legally and practically unqualified to operate a motor vehicle in the Commonwealth of Virginia.

111. Because Tovar-Gomez did not have a commercial driver's license, Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk to others.

112. Notwithstanding these duties, Garcia hired and retained Tovar-Gomez and directed him to operate a motor vehicle on the highways of the Commonwealth of Virginia, thereby breaching said duty.

113. As a direct and proximate result thereof, Plaintiff Jones suffered bruises and contusions and pain of body; has suffered, and will continue to suffer, mental anguish; and has incurred medical bills in an effort to be cured of said injuries.

114. Plaintiff Jones respectfully demands judgment against Defendant Fortino Garcia and Sons Harvesting, Inc., jointly and severally with its employee, Claudio Tovar-Gomez, for damages in the amount of twenty thousand dollars ($20,000), plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones respectfully demand judgment against Defendants Claudio Tovar-Gomez and Fortino Garcia and Sons Harvesting, Inc., jointly and severally, for damages in the amounts set forth herein, plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

Respectfully submitted,

KATHLEEN KITTERMAN
LARRY CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN, and
EVAN JONES

By _____
Of Counsel

Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
*Attorney for Plaintiffs*