UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN,
ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN
and
EVAN JONES,

   Plaintiffs,

v.                                                       Case No. 2:12-cv-146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS
HARVESTING, INC.
and
KUZZENS, INC.,

   Defendants.

## ANSWER

Defendants Claudio Tovar-Guzman ("Guzman") and Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia"), by counsel, state as follows for their Answer to the Amended Complaint filed herein:

1. They deny that they are indebted to the plaintiffs in the amount claimed or in any amount for the reasons stated or for any other reason.

2. In response to Paragraph 1of the Amended Complaint, they admit that the vehicle owned by Fortino Garcia and operated by Guzman struck the plaintiffs' vehicle at the time and approximate place alleged. Any further allegations of Paragraph 1 are denied.

3. They admit the allegations of Paragraphs 2, 3, 4, 5, 6 and 7 of the Amended Complaint.

1

4. In response to Paragraph 8 of the Amended Complaint, they admit Guzman is a citizen of Mexico and a nonresident of Virginia. Any further allegations of Paragraph 8 are denied.

5. They admit the allegations of Paragraph 9 of the Amended Complaint.

6. Upon information and belief, they admit the allegations of Paragraph 10 of the Amended Complaint

7. Paragraphs 11, 12 and 13 of the Amended Complaint state legal conclusions to which no response is required except they deny that the plaintiffs have standing to sue under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and they deny that Guzman was in the course and scope of his employment.

8. Paragraph 14 of the Amended Complaint is directed at Kuzzens, Inc. and requires no response from Fortino Garcia and Guzman, except that they deny that Guzman was an employee or agent of Kuzzens, Inc.

9. Paragraphs 15 and 16 of the Amended Complaint state legal conclusions to which no response is required.

10. They lack information sufficient to admit or deny the allegations of Paragraphs 17 and 18 of the Amended Complaint except they admit that the plaintiffs' vehicle was in the right lane of Route 13 in Nassawadox, Virginia.

11. In response to Paragraph 19 of the Amended Complaint, they admit that the Fortino Garcia vehicle operated by Guzman struck the rear of the plaintiffs' vehicle. Any remaining allegations of Paragraph 19 are denied.

12. In response to Paragraphs 20 and 21 of the Amended Complaint, they admit that the plaintiffs suffered injuries in the accident; however they lack information sufficient to admit

or deny the specific claims made in these paragraphs regarding injuries incurred and medical treatment received.

13. Upon information and belief, they admit the allegations of Paragraphs 22, 23 and 24 of the Amended Complaint

14. They admit the allegations of Paragraph 25 of the Amended Complaint.

15. They admit the allegations of Paragraph 26 of the Amended Complaint except that Guzman's address is no longer 901 Auto Ranch Road, Naples, FL.

16. In response to Paragraph 27 of the Amended Complaint, they admit that Fortino Garcia has hired and transported workers to harvest Kuzzens, Inc.'s fields in Virginia. Any remaining allegations of Paragraph 27 are denied.

17. They deny the allegations of Paragraph 28 of the Amended Complaint except they admit that Guzman was an employee of Fortino Garcia.

18. They deny the allegations of Paragraph 29 of the Amended Complaint except they admit that Fortino Garcia transported workers.

19. They deny the allegations of Paragraph 30 of the Amended Complaint.

20. They lack information sufficient to admit or deny the allegations of Paragraph 31 of the Amended Complaint.

21. They deny the allegations of Paragraph 32 of the Amended Complaint.

22. In response to Paragraph 33 of the Amended Complaint, they restate their responses to Paragraphs 1-32 of the Amended Complaint.

23. They deny the allegations of Paragraph 34 of the Amended Complaint as stated. They admit that the plaintiffs suffered injuries as a result of the accident.

24. Paragraph 35 of the Amended Complaint states legal conclusions to which no response is required.

25. They deny the allegations of Paragraphs 36, 37, including all subparts, 38, 39 and 40, including all subparts, of the Amended Complaint,

26. In response to Paragraph 41 of the Amended Complaint, they restate their responses to Paragraphs 1-40 of the Amended Complaint.

27. They deny the allegations of Paragraph 42 of the Amended Complaint.

28. In response to Paragraphs 43, 44 and 45 of the Amended Complaint, they deny that Plaintiffs have standing to sue under the AWPA and therefore deny the allegations in these paragraphs.

29. They deny the allegations of Paragraphs 46, 47, 48, 49, 50 and 51, including all subparts, of the Amended Complaint.

30. In response to Paragraph 52 of the Amended Complaint, they restate their responses to Paragraphs 1-51 of the Amended Complaint.

31. Paragraphs 53, 54, 55, 56, 57, 58, including all subparts, of the Amended Complaint are not directed at Guzman and Fortino Garcia. To the extent a response is required from these defendants, the allegations of these paragraphs are denied.

32. In response to Paragraph 59 of the Amended Complaint, they restate their responses to Paragraphs 1-58 of the Amended Complaint.

33. They lack information sufficient to admit or deny the allegations of Paragraph 60 of the Amended Complaint.

34. In response to Paragraph 61 of the Amended Complaint, they admit that Guzman was an employee of Fortino Garcia. Any further allegations of Paragraph 61 are denied.

35. In response to Paragraphs 62 of the Amended Complaint, they deny that Plaintiffs have standing to sue under the AWPA and therefore deny the allegations in this paragraph.

36. They deny the allegations of Paragraph 63 of the Amended Complaint as it is an incorrect statement of the law.

37. Paragraphs 64, 65 and 66, including all subparts, of the Amended Complaint are not directed at Guzman and Fortino Garcia. To the extent a response is required from these defendants, they deny that Plaintiffs have standing to sue under the AWPA and therefore deny the allegations in these paragraphs.

38. They deny the allegations of the last unnumbered paragraph of the Amended Complaint.

39. They deny each and every allegation of the Amended Complaint not expressly admitted herein.

40. They will rely upon any and all other proper and provable defenses to this matter and reserve the right to amend their Answer at any time they are so advised.

**CLAUDIO TOVAR-GUZMAN and FORTINO GARCIA AND SONS HARVESTING, INC.**

By Counsel

/s/
James R. Jebo
VSB No. 48418
*Counsel for Claudio Tovar-Guzman and Fortino Garcia and Sons Harvesting, Inc.*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile

jjebo@hccw.com

## **C E R T I F I C A T E**

 I hereby certify that on the 7th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patrick Brogan
VSB No. 25568
DAVEY & BROGAN, P.C.
*Counsel for Plaintiffs*
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com

       /s/
       James R. Jebo
       VSB No. 48418
       *Counsel for Claudio Tovar-Guzman and Fortino Garcia*
       *and Sons Harvesting, Inc.*
       Harman, Claytor, Corrigan & Wellman
       P.O. Box 70280
       Richmond, Virginia 23255
       (804) 747-5200
       (804) 747-6085 – facsimile
       jjebo@hccw.com