IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

    Plaintiffs,

v.                                                               Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,

    Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Kuzzens, Inc. ("Kuzzens"), files this brief in support of its motion to dismiss the amended complaint for failure to state a claim.

### I. Introduction

Plaintiffs were traveling in a minivan on Route 13 in Nassawadox, Virginia when the van was rear-ended by a bus driven by Claudio Tovar-Guzman ("Tovar-Guzman") and owned by Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia"). Plaintiffs were injured in the accident. Kuzzens operates agricultural facilities and farms on Virginia's Eastern Shore.

The amended complaint fails to state a claim to relief against Kuzzens that is plausible on its face for the injuries allegedly sustained by the plaintiffs in the accident because the facts alleged are insufficient to (1) demonstrate an employer/employee relationship between Tovar-Guzman and Kuzzens that supports plaintiffs' *respondeat superior* liability theory, and (2) the Migrant and Seasonal Agricultural Worker Protection Act does not give plaintiffs a private right

of action against Kuzzens for personal injuries.

## II. Statement of the Facts

In considering Rule 12(b)(6) motion, a court must accept as true the well-pled facts in the amended complaint. The plaintiffs were traveling north on Route 13 in Nassawadox, Virginia in a rented minivan at approximately 7:10 a.m. on July 2, 2011 when the driver of the van stopped at a traffic light at the intersection of Rogers Drive. *Amended Complaint ¶¶17, 18.* A bus driven by Tovar-Guzman struck the van directly in the rear while traveling at a high rate of speed. *Amended Complaint ¶19.* As a result of the accident, the plaintiffs sustained injury. *Amended Complaint ¶¶20-24.* At least one bus tire was worn below the minimum tread depth level required by the Virginia Code. *Amended Complaint ¶25.*

The bus was owned and operated by Fortino Garcia, a company which is engaged in the business of transporting migrant or seasonal agricultural workers. *Amended Complaint ¶¶26, 29.* Kuzzens owns or operates agricultural facilities on Virginia's Eastern Shore and has hired seasonal agricultural workers, including workers who have been transported to Kuzzens' farm by Fortino Garcia. *Amended Complaint ¶¶27, 31.*

The amended complaint equivocally alleges that at the time of the accident Tovar-Guzman "worked for" either Kuzzens or Fortino Garcia or for both Kuzzens and Fortino Garcia. *Amended Complaint ¶28.* The pleading also alleges that Tovar-Guzman was acting within the course and scope of his employment with Fortino Garcia or that he was acting as an employee "and/or" agent of Kuzzens, or that he was acting as an employee of one but not the other. *Amended Complaint ¶32.* As to the purpose of the operation of the bus by Tovar-Guzman at the time of the accident, the amended complaint states only that Tovar-Guzman "was on his way to

2

Kuzzens to deliver the goods of other (sic) Seasonal Agricultural Worker." *Amended Complaint ¶28.*

The amended complaint avers that Tovar-Guzman was negligent for failing to keep a proper lookout, operating his vehicle at an excessive rate of speed, failing to apply his brakes, failing to maintain his vehicle under proper control, operating his vehicle in a reckless manner without a commercial driver's license and without sufficient sleep. *Amended Complaint ¶37.*

Count I of the amended complaint alleges that Tovar-Guzman's negligence in the operation of the bus caused the accident.

Count II alleges that Fortino-Garcia is vicariously liable for the negligence of Tovar-Guzman and that Fortino Garcia is also liable to the plaintiffs for allowing Tovar-Guzman to operate the bus without training, licensure and rest. *Amended Complaint ¶48.* Additionally, Count II alleges that Fortino Garcia failed to comply with the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801, *et seq.,* and that such violation was a proximate cause of the accident. *Amended Complaint ¶¶49-50.*

Count III claims that Kuzzens is liable under the theory of *respondeat superior* for the negligence of Tovar-Guzman. *Amended Complaint ¶¶53, 55.*

Count IV alleges that Kuzzens violated the Migrant and Seasonal Agricultural Worker Protection Act by failing to ensure that the bus was properly maintained and that its driver was trained, licensed and rested. *Amended Complaint ¶64.*

### III. Principles of Law and Argument

A.     **Pleading Requirements**

The plaintiffs must allege facts in the amended complaint that "state a claim to relief that

is plausible on its face" and that "nudges the claim across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

> Pursuant to *Twombly* and *Iqbal*, a complaint will survive a motion to dismiss only if it contains factual allegations in addition to legal conclusions. Factual allegations that are simply labels and conclusions, and a formulaic recitation of the elements of a cause of action are not sufficient. . .[C]ourts need not accept the legal conclusions drawn from the facts alleged in a complaint, and they need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.

*Cook v. Howard,* 2012 WL 3634451 (4th Cir. August 24, 2012) (citations and internal quotation marks omitted).

**B.  Count III of the amended complaint does not raise plaintiffs' right to relief under the theory of *respondeat superior* above the speculative level.**

For Kuzzens to have *respondeat superior* liability for the plaintiffs' injuries under the applicable law of Virginia, the injuries must have been caused by an act of Kuzzens' employee which occurred within the scope of the employment relationship. *Butler v. Southern State Cooperative, Inc.,* 270 Va. 459, 466, 620 S.E. 2d 768, 773 (2005). An act is within the scope of employment if "(1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business. . ." *Gina Chin & Associates v. First Union Bank,* 260 Va. 533, 541, 537 S.E. 2d 573, 577 (2000) (citations omitted). Plaintiffs'

4

burden of production on the issue of whether the employee was within the scope of the employment when the act which caused the injury was committed is met by establishing the employer-employee relationship at that time. *Margorana v. Crown Central Petroleum Corp.,* 260 Va. 521, 526, 539 S.E. 2d 426, 428-29 (2000).

Here, the factual allegations of the amended complaint do not permit one to plausibly infer that Tovar-Guzman was the employee of Kuzzens at the time of the accident. Tovar-Guzman is alleged in the amended complaint to have been operating a bus owned by Fortino Garcia, a company which is alleged to be a farm labor contractor and in the business of transporting migrant or seasonal agricultural workers to farms by bus or other similar means of transportation. *Amended Complaint ¶27.* The amended complaint alleges that at the time of the accident, Tovar-Guzman was delivering the belongings of a seasonal agricultural worker.

Kuzzens, by contrast, is alleged to be an agricultural employer in the business of owning and operating agricultural facilities and farms on the Eastern Shore which use migrant or seasonal agricultural workers. *Amended Complaint ¶¶27, 31.* Kuzzens hired agricultural workers who were transported by Fortino Garcia to Kuzzens' farm. *Amended Complaint ¶27.* Kuzzens is not alleged to have owned, operated or leased the bus involved in the accident. It is not reasonable to infer from these facts that Tovar-Guzman, a driver for a farm labor contractor, was Kuzzens' employee at the time of the accident. Common sense tells us it is not likely that a driver for a farm labor contractor is an employee of the farm owner. The amended complaint provides no facts to conclude otherwise. Accordingly, these facts do not raise Tovar-Guzman's alleged employment with Kuzzens above the speculative level. The employment relationship is a necessary element of the right to relief under the doctrine of *respondeat superior.* Plaintiffs'

5

conclusory allegation of Tovar-Guzman's employment, when other alleged facts support a reasonable inference that Tovar-Guzman was not a Kuzzens' employee, establish nothing more than the possibility of a right to relief.

Several paragraphs of the amended complaint equivocally allege that Tovar-Guzman was either an employee of Fortino Garcia or an employee of Kuzzens or was employed by both. Such equivocal allegations of the element of employment needed to support *respondeat superior* liability are insufficient, particularly where the other facts alleged do not render it plausible that Tovar-Guzman was employed by Kuzzens. While a party may set out multiple claims alternatively and inconsistently under Rule 8(d), each statement of a claim must show that the pleader is entitled to relief. The conclusory statements of an employer-employee relationship between Tovar-Guzman and Kuzzens are simply unsupported by well-pleaded facts.

**C.     The Migrant and Seasonal Agricultural Worker Protection Act does not provide plaintiffs with a cause of action against Kuzzens for personal injuries sustained in the accident as alleged Count IV.**

   **1.     The purpose of the Act is to safeguard migrant and seasonal agricultural workers. Plaintiffs lack standing to bring an action for damages under the Act.**

The Migrant and Seasonal Agricultural Worker Protection Act (the "Act") provides employment-related protection to migrant and seasonal agricultural workers and is administered and enforced by the Wage and Hour Division of the United States Department of Labor. "The Act safeguards most migrant and seasonal agricultural workers in their interactions with farm labor contractors, agricultural employers, agricultural associations, and providers of migrant housing." Employment Guide: Migrant and Seasonal Agricultural Worker Protection, United States Department of Labor, www.dol.gov/compliance/guide/mspa.htm (last visited 11-7-2012).

6

Title 29 U.S.C. §1801 sets forth the Congressional Statement of Purpose of the Act:

> It is the purpose of this Act to remove the restraints on commerce caused by activities detrimental to migrant and seasonal agricultural workers; to require farm labor contractors to register under this Act; and to assure necessary protections for migrant and seasonal agricultural workers, agricultural associations, and agricultural employers.

See also *29 CFR §500.1 Purpose and Scope.*

The Act requires farm labor contractors, agricultural employers and agricultural associations who hire, employ, furnish, transport or house migrant and seasonal agricultural workers to meet certain requirements in their dealings with the workers. Such requirements include registration with the Department of Labor, disclosure to workers of the terms and conditions of employment, payment of wages owed when due, compliance with safety and health standards when housing workers; and ensuring vehicles used to transport workers are insured, operated by properly licensed drivers, and comply with federal and state safety standards. *29 U.S.C. §§1801, et seq.* The Act provides for several enforcement provisions including criminal and administrative sanctions. 29 U.S.C. §§1851-1853.

Plaintiffs claim a right to sue under the Act by invoking §1854 which provides for maintenance of a civil action in a district court by an "aggrieved person." *Amended Complaint ¶63.* Plaintiffs claim to have suffered serious and permanent injuries as a result of Kuzzens' breach of the Act and that they are therefore entitled to recover under the Act for their injuries. Plaintiffs' conclusion that the Act confers upon them a right of action is mistaken. The Act was not intended to provide members of the general public who are not associated with migrant and seasonal work with a remedy for injuries sustained in a motor vehicle accident caused by the negligent operation or maintenance of a vehicle. Instead, the purpose of the Act is to remove

restraints on commerce caused by activities detrimental to migrant and seasonal agricultural workers and assure necessary protections for such workers by requiring certain conduct of farm labor contractors and employers. Plaintiffs seek to expand the scope of the Act's protection beyond that set forth in the Congressional Statement of Purpose.

The Eleventh Circuit considered whether a competitor of a farm labor contractor had standing as a person aggrieved under the predecessor to the Act, the Farm Labor Contractor Registration Act ("FLCRA"), and stated that "the critical inquiry is whether the statutory provision on which the claim rests, FLCRA, can properly be understood as granting persons in the position of Davis Forestry a right to judicial relief. This is also known as the zone of interests test, i.e., 'whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.' " *Davis Forestry Corp. v. Smith,* 707 F.2d 1325, 1328 (11th Cir. 1983), quoting *Data Processing Service v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed. 2d 184 (1970). The Court said that while the statute granting a private cause of action to "any person" may be read to include many possibilities, there is no indication that Congress intended the FLCRA to provide redress for business competition claims between farm labor contractors. *Id.* at 1329. The Court therefore found that Davis Forestry was not an aggrieved person entitled to bring a private cause of action for violation of the FLCRA. *Id.*

Here, the plaintiffs are members of the general public without connection to the migrant or seasonal agricultural worker trade. Their interests in recovering damages for injuries sustained in a motor vehicle accident are not within the zone of interests protected by the Act, which has as its stated purpose the protection of farm workers. Indeed, the very motor vehicle

8

safety regulations which plaintiffs allege Kuzzens violated were prescribed by the Secretary of Labor pursuant to the Act's command that "the Secretary shall prescribe such regulations as may be necessary to protect the health and safety of migrant and seasonal agricultural workers." *29 U.S.C. §1841(b)(2)*. The Act thus explicitly states that the motor vehicle safety regulations upon which plaintiffs base their claim in Count IV are for the purpose of protecting the health and safety of migrant and seasonal agricultural workers. The Act does not grant plaintiffs, who are not agricultural workers, a right to judicial relief under the circumstances alleged.

> **2.     The motor vehicle safety and insurance regulations which plaintiffs rely on for their claims under the Act were prescribed by the Secretary to protect the health and safety of migrant and seasonal agricultural workers, a class of persons to which the plaintiffs do not belong. Plaintiffs are therefore not persons aggrieved by a violation of the Act or its regulations and cannot pursue an action pursuant to §1854.**

Plaintiffs claim that Kuzzens violated the motor vehicle safety and insurance regulations promulgated by the Secretary as set forth in 29 CFR, §§500.104 through 121. *Amended Complaint ¶64*. These regulations are specifically authorized by Title 29 U.S.C. §1841(b)(2)(A) to protect the health and safety of migrant and seasonal agricultural workers. The regulations were not enacted to protect plaintiffs. The plaintiffs therefore are not "person[s] aggrieved by violation of [the] Act or any regulation under [the] Act by a farm labor contractor, agricultural employer, agricultural association, or other person. . ." *29 U.S.C. §1854*. Accordingly, because plaintiffs are not persons aggrieved by a violation of the Act and its regulations, §1854 does not permit them to pursue a private right of action.

> **3.     The Act does not apply to the plaintiffs' claims because the accident did not occur when transporting any migrant or seasonal agricultural workers.**

As stated above, plaintiffs' claim Kuzzens breached duties imposed by the motor vehicle

9

safety provisions of the Act and its regulations. The pertinent part of the Act is Title 29 U.S.C. §1841, entitled Motor Vehicle Safety, and it "applies to the transportation of any migrant or seasonal agricultural worker." *§1841(a).* Section 1841 requires that when using or causing to be used a vehicle for providing the transportation of any migrant or seasonal agricultural worker, an agricultural employer must ensure that the vehicle conforms to the standards prescribed by the Secretary of Labor and other applicable federal and state safety standards, that the driver has a valid license as provided by state law to operate the vehicle and that an insurance policy or liability bond is in effect against liability for damage to persons or property arising from the ownership or operation of the vehicle. *29 U.S.C. §1841(b).* In accordance with the Act's command, the Secretary promulgated the motor vehicle safety and insurance standards set out in 29 CFR §§500.104 - 500.128. The amended complaint alleges that Kuzzens violated the Act and the regulations because one of the bus tire's tread depth was not sufficient, Tovar-Guzman was not properly licensed and rested, and the bus owner, Fortino Garcia, did not have the proper amount of liability insurance. *Amended Complaint ¶64.*

The motor vehicle safety requirements of the Act and the regulations, however, apply only to the transportation of migrant or seasonal workers. *§1841(a).* The amended complaint fails to allege that defendants Tovar-Guzman, Fortino Garcia, and Kuzzens were transporting any migrant or seasonal agricultural workers on the bus when it collided with the van occupied by the plaintiffs. Instead, the amended complaint alleges that Tovar-Guzman was delivering "goods" of a seasonal worker, but there is no allegation that the bus was being used to transport "any migrant or seasonal agricultural worker." *§1841(a)(2).* Accordingly, the motor vehicle safety requirements of §1841 are inapplicable to the vehicle being operated by Tovar-Guzman at

the time of the accident and plaintiffs cannot maintain an action for their violation.

## Conclusion

The amended complaint fails to allege facts that permit the court to draw a reasonable inference that Tovar-Guzman was an employee of Kuzzens so as to render Kuzzens liable under the doctrine of *respondeat superior* for Tovar-Guzman's negligence. The plaintiffs lack standing to bring an action for damages under the Migrant and Seasonal Agricultural Worker Protection Act. Furthermore, the provisions of the Act and its regulations which plaintiffs claim were violated do not apply to the plaintiffs as they were expressly enacted to protect the health and safety of migrant and seasonal agricultural workers. The Act also does not apply because the accident did not occur when transporting migrant or seasonal agricultural workers. For these reasons and the reasons stated in this brief, Kuzzens, Inc.'s motion to dismiss should be granted and the amended complaint dismissed as to Kuzzens, Inc.

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Patrick Brogan, Esquire
Virginia State Bar No. 25568
Bryan K. Meals, Esquire
Virginia State Bar No. 40184
Attorneys for Kathleen Kitterman, Anna Cronin, Corrie Ball,
    Marvin Ball, Margaret Brogan and Evan Jones
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100
(757) 622-4924 (fax)
pbrogan@daveybroganpc.com


James R. Jebo, Esquire
Virginia State Bar No. 48418
Michael E. Harman, Esquire
Virginia State Bar No. 16813
Lynne J. Blain, Esquire
Virginia State Bar No. 23719
Attorneys for Claudio Tovar-Guzman and
    Fortino Garcia and Sons Harvesting, Inc.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 (fax)
jjebo@hccw.com
mharman@hccw.com
lblain@hccw.com

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com