

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.,
                Plaintiffs,

v.                                                      Civil Action No. 2:12cv146

CLAUDIO TOVAR-GUZMAN, et al.,
                Defendants.

## ORDER

On March 19, 2012, Plaintiffs filed this vehicular tort case pursuant to this Court's diversity jurisdiction. Plaintiffs amended their Complaint on October 18, 2012. Plaintiffs allege that Defendant Claudio Tovar-Guzman negligently crashed a bus he was driving into the rear of Plaintiffs' van, and that Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia") and Kuzzens, Inc., as well as Mr. Tovar-Guzman, are liable for this collision. Plaintiffs base their claims on the common law of negligence, the motor vehicle safety provisions of the Virginia Code, the federal Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), and the common-law doctrine of respondeat superior.

On November 7, 2012, Mr. Tovar-Guzman and Fortino Garcia moved to dismiss the claims against them to the extent that those claims rely on AWPA. On November 9, 2012, Kuzzens moved to dismiss the claims against it, which consist of one count alleging liability under the doctrine of respondeat superior and one count alleging liability under AWPA.

Plaintiffs have attached an evidentiary document to their response to Kuzzens's motion to dismiss. When evidence is submitted in response to a motion to dismiss, the Court must either exclude the evidence or convert the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (2012). Because a motion for summary judgment would be premature at this stage, Plaintiffs' exhibit (ECF No. 32-1) is **STRICKEN**.

## I. FACTUAL BACKGROUND

In a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's well-pled allegations as true. *E.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs allege the following facts:

Fortino Garcia is a corporation that provides migrant and seasonal agricultural workers to farms such as Kuzzens. At the time of the accident, Kuzzens had hired Fortino Garcia to transport seasonal agricultural workers and equipment to its farm on the Eastern Shore of Virginia. Plaintiffs allege that Mr. Tovar-Guzman "was employed by Fortino Garcia or Kuzzens or both and was either a regular employee or a migrant agricultural worker."

On July 2, 2011, Mr. Tovar-Guzman was driving a bus belonging to Fortino Garcia to transport the belongings of seasonal agricultural workers to Kuzzens's farm. At approximately 7:10am, Mr. Tovar-Guzman was traveling north on Route 13 through Nassawadox, Virginia. Plaintiffs occupied a van that was ahead of Mr. Tovar-Guzman's bus. When Plaintiffs' van slowed under a yellow traffic light, Mr. Tovar-Guzman's bus struck it from behind. Plaintiffs were severely injured.

Plaintiffs allege several defects in Mr. Tovar-Guzman's operation of the bus and in the maintenance of the bus itself. Each defect purportedly constitutes negligence under the common law of Virginia, a violation of the Virginia Code, or a violation of AWPA.

## II. COMMON STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*,

2

550 U.S. at 570. Requiring a claim to be plausible does not impose a probability requirement at the pleading stage. *Id.* at 556. However, it does require more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because conclusory allegations "necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief,'" a "'formulaic recitation of the elements of a cause of action will not do.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original). Fair notice is provided by setting forth enough facts for the complaint to be "plausible

on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). A complaint may survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted).

## III. ANALYSIS

### A. MIGRANT AND SEASONAL AGRICULTURAL WORKERS PROTECTION ACT

In briefing these motions, the parties assume that the Amended Complaint attempts to state a claim under AWPA's private action provision, 29 U.S.C. § 1854(a) (2012). However, the Counts that invoke AWPA are entitled "Plaintiffs' Negligence Claim," and address the elements of negligence claims against Mr. Tovar-Guzman, Fortino Garcia, and Kuzzens, respectively. *See* Am. Compl. paras. 33–51, 59–66, ECF No. 13-2. The private action provision of AWPA is referenced only once, as evidence that "AWPA is designed to protect not only migrant workers but also all persons aggrieved by a violation of the statute." *Id.* para. 63. *See generally McGuire v. Hodges*, 639 S.E.2d 284, 288 (Va. 2007) (listing this as a requirement of a negligence per se claim). Therefore, the Court construes the references to AWPA in Counts I, II, and IV as part of those Counts' negligence claims rather than as separate claims under AWPA's private action provision. *Cf. Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (noting that even when liberally construing pro se complaints, a court's "task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean").

Counts I, II, and IV assert that Defendants were under a duty to comply with AWPA, 29 U.S.C. §§ 1801–1872. *See* Am. Compl. paras. 44, 65, ECF No. 13-2. "A [negligence] cause of action based on such a statutory violation is designated a negligence per se cause of action."

*Steward v. Holland Family Properties, LLC*, 726 S.E.2d 251, 254 (Va. 2012). A plaintiff attempting to state a claim for negligence per se must plead facts showing: (1) the statute was "enacted for public safety"; (2) the defendant violated the statute; (3) the plaintiff "belongs to the class of persons for whose benefit the statute was enacted"; (4) "the harm suffered was of the type against which the statute was designed to protect"; and (5) "the statutory violation was a proximate cause of the injury." *McGuire*, 639 S.E.2d at 288.

AWPA was enacted "to remove the restraints on commerce caused by activities detrimental to migrant and seasonal agricultural workers; to require farm labor contractors to register under this chapter; and to assure necessary protections for migrant and seasonal agricultural workers, agricultural associations, and agricultural employers." 29 U.S.C. 1801 (2012). This preamble establishes that AWPA was intended to protect "migrant and seasonal agricultural workers, agricultural associations, and agricultural employers." The reference to removing restraints on commerce suggests an intent to protect against the general economic effects of mistreating agricultural workers. Such protection fails to extend to addressing personal injuries. Plaintiffs do not belong to the class of persons whom AWPA was enacted to protect, and they cannot state a claim of negligence per se under AWPA. Therefore, Defendants' motions to dismiss must be **GRANTED** as to Counts I, II, and IV of the Amended Complaint to the extent that these claims rely upon AWPA.

However, the negligence claims advanced in Counts I and II are not limited to a theory of negligence per se based on AWPA. Both counts also purport to state claims of negligence per se based on Virginia law, and Count I additionally claims that Mr. Tovar-Guzman was negligent under the common law. These claims are not challenged by the pending motions to dismiss. *See*

5

Mot. to Dismiss 1, ECF No. 22 (moving to "dismiss all claims related to" AWPA). Therefore, Counts I and II are dismissed only to the extent to which they rely on AWPA.

Count IV does not raise any theories of negligence other than negligence per se under AWPA. Therefore, Count IV is dismissed in its entirety.

B. RESPONDEAT SUPERIOR

Plaintiffs' other basis for alleging negligence against Kuzzens, the doctrine of respondeat superior, is contained in Count III. This doctrine allows an employer to be held liable for the negligent actions of another where: (1) the negligent party was the defendant's employee, rather than an independent contractor or unrelated party, *Sanchez v. Medicorp Health Sys.*, 618 S.E.2d 331, 334 (Va. 2005); and (2) the negligent actions "occurred within the scope of the employment relationship," *Butler v. S. States Coop., Inc.*, 620 S.E.2d 768, 773 (Va. 2005).

"The factors which are to be considered when determining whether an individual is an employee or an independent contractor are well established: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual." *McDonald v. Hampton Training Sch. for Nurses*, 486 S.E.2d 299, 301 (Va. 1997). The "determinative" factor is whether the purported employer has the power to exercise control over the means and methods of the purported employee's performance. *Id.* Even under the "borrowed servant" doctrine cited by Plaintiffs, the "ultimate test is one of control." *Ware v. Cia De Navegacion Andes, S.A.*, 180 F. Supp. 939, 943 (E.D. Va. 1960).

The Amended Complaint does not allege facts asserting that Kuzzens had control over Mr. Tovar-Guzman's operation of the bus. Its only allegation regarding the purported employment relationship between Mr. Tovar-Guzman and Kuzzens is the statement that Mr. Tovar-Guzman "was employed by Fortino Garcia or Kuzzens or both." Am. Compl. para. 55,

ECF No. 18. This conclusory statement fails to establish an employment relationship. Nor does the Amended Complaint assert that Kuzzens had control over the method by which the agricultural workers and their supplies were transported to Kuzzens's farm.

Plaintiffs argue that an employment relationship is not required when the negligent party is the agent of the defendant. Resp. to Kuzzens's Mot. to Dismiss 5, ECF No. 32. The case cited by Plaintiffs, *Gov't Emps. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 705 (E.D. Va. 2004), applied general principles of vicarious liability in construing a federal statute, but did not consider the doctrine of respondeat superior under the common law of Virginia. *See Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 684 (D. Md. 2001), *cited by id.* Although some other jurisdictions allow defendants to be held liable for torts under the doctrine of apparent authority, the Supreme Court of Virginia has declined to adopt such a rule. *Sanchez*, 618 S.E.2d at 335.

The Amended Complaint does not allege that Kuzzens exercised supervisory control over the other Defendants' work. Therefore, Kuzzens's Motion to Dismiss is **GRANTED** as to Count III of the Complaint. Because the pleading of additional facts might enable Plaintiffs to state a respondeat superior claim against Kuzzens, the Court dismisses Count III with leave to amend within thirty days of this Order.

## IV. CONCLUSION

The exhibit attached to Plaintiffs' response to Kuzzens's Motion to Dismiss (ECF No. 32-1) is **STRICKEN**.

The Motion to Dismiss filed by Mr. Tovar-Guzman and Fortino Garcia (ECF No. 22) is **GRANTED**.

The Motion to Dismiss filed by Kuzzens (ECF No. 27) is **GRANTED**.

Counts I and II of the Amended Complaint are **DISMISSED IN PART** to the extent to which they rely on the Migrant and Seasonal Agricultural Workers Protection Act.

Count III of the Amended Complaint is **DISMISSED WITH LEAVE TO AMEND** within thirty days of this Order.

Count IV of the Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS SO ORDERED.**

/s/ *[signature]*
Arenda L. Wright Allen
United States District Judge

Arenda L. Wright Allen
United States District Judge

January 22nd, 2013
Norfolk, Virginia