IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN,
ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN and
EVAN JONES

        Plaintiffs,

v.                                                                                               Case No: 2:12cv146

CLAUDIO TOVAR-GUZMAN

        SERVE:       Commissioner, Department of Motor Vehicles
                           P.O. Box 27412
                           Richmond, VA 23269

FORTINO GARCIA AND SONS
HARVESTING, INC.

        SERVE:       Secretary of the Commonwealth
                           P.O. Box 2452
                           Richmond, VA 23218-2452

and

KUZZENS, INC.

        SERVE:       C. A. Turner, III
                           16464 Courthouse Rd.. Suite 201
                           P.O. Box 878
                           Eastville, VA 23347

                                    Defendant(s).

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones, by counsel, and for their Amended Complaint against the

Defendants, Claudio Tovar-Guzman, Fortino Garcia and Sons Harvesting Inc., and Kuzzens, Inc. state as follows:

1. Plaintiffs were the driver and passengers in a Chrysler Minivan (the "Van) that on July 2, 2011 was sitting at a red light at the intersection of Rogers Drive and Route 13 in Nassawadox, Virginia, facing North, when a bus (the "Bus"), owned by Fortino Garcia and Sons Harvesting and operated by Defendant Claudio Tovar-Guzman carrying workers and equipment to Kuzzens' farm, ran into the rear of the Van at a high rate of speed, injuring those inside.

## **PARTIES**

2. Plaintiff Kathleen Kitterman ("Kitterman") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Kitterman was seated in the Van on the back bench on the driver's side.

3. Plaintiff Anna Cronin ("Cronin"), is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Cronin was seated in the Van on the middle chair on the driver's side.

4. Plaintiff Corrie Ball ("Corrie Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Corrie Ball was sitting on the Van's back bench in the middle.

5. Plaintiff Marvin Ball ("Marvin Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Marvin Ball was sitting in the driver's seat of the Van.

6. Plaintiff Margaret Brogan ("Brogan") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Brogan was sitting on the Van's back bench on the passenger's side.

7. Plaintiff Evan Jones ("Jones") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Jones was seated in the Van on the middle chair on the passenger's side.

8. Defendant Claudio Tovar-Guzman ("Tovar-Guzman" or "Driver") is a citizen of a foreign country and a nonresident of the Commonwealth of Virginia and gives his address as being in Naples, Florida.

9. Defendant Fortino Garcia and Sons Harvesting Inc. ("Fortino Garcia") is a Florida corporation with its principle place of business in Naples, Florida.

10. Defendant Kuzzens, Inc. ("Kuzzens") is a foreign corporation incorporated under the laws of the State of Florida with its principle place of business in Immokalee, Florida and is registered to do business in the Commonwealth of Virginia.

## Jurisdiction and Venue

11. This civil action arises under Title 28 U.S.C. §1332(a)(1) & (2) in that the action is between citizens of different States and a foreign state and the amount in controversy is in excess of $75,000 and under Title 28 U.S.C. § 1331 through 29 U.S.C. § 1801 *et. seq.*, the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

12. This Court has personal jurisdiction over Defendant Tovar-Guzman, a citizen of a foreign country and at the time of the incident a non-resident of Virginia, pursuant to Virginia Code § 8.01-328(3), as he caused injury to the Plaintiffs through an automobile accident in Nassawadox, Virginia.

13. This Court has personal jurisdiction over Defendant Fortino Garcia, a foreign corporation, pursuant to Virginia Code section 8.01-328(1) and (3), as it transacted business in the Commonwealth and its employee and agent caused tortious injury by an act or omission in this Commonwealth.

14. This court has personal jurisdiction over Defendant Kuzzens, a foreign corporation pursuant to Virginia Code section 8.01-328(1) and (3) as it transacted business in the Commonwealth and its employee and agent caused tortuous injury by an act or omission in the Commonwealth.

15. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 3(b)(3) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

16. Joinder is also proper pursuant to Rule 20, Fed. R. Civ. P., as Plaintiffs have joined in one action to assert their rights to relief jointly and severally for damages which arose out of the same occurrence, namely the automobile accident in Nassawadox, Virginia.

<u>The Accident</u>

17. At approximately 7:10 a.m. on July 2, 2011, a Town & Country Minivan rented from Enterprise Rent a Car (the "Van") transporting the Plaintiffs to Young Life Lake Champion Camp in Glen Spey, New York, approached the intersection of Rogers Drive on Route 13 in Nassawadox, Virginia, traveling north.

18. As the Van approached the intersection, the driver, Marvin Ball, saw the light turn to yellow when he was about 200 yards away and eased to a stop in the farthest right lane.

19. While the Van was completely stopped, a bus (the "Bus") driven by Defendant Tovar-Guzman and traveling at a high rate of speed violently and with great force struck the

Van directly in the rear. The force of the impact caused the rear of the Van to contract like an accordion, pushing the entire storage space and the back seat into the middle seats. The Van was pushed forward and spun in a clockwise manner, approximately 270 degrees, as it slid approximately 39 feet forward.

20. As a result of the impact of the accident, all Plaintiffs struck their respective heads and other parts of their bodies on internal portions of the Van.

21. The impact was so severe that Plaintiff Kitterman lost consciousness and required the use of a spreader tool to pry her out of the crushed Van. Cronin's head struck with great force against an internal part of the car cracking her skull from the eye orbital to the ear, causing brain fluid to drain from the ear. Corrie Ball was injured as the Van's back bench she was sitting on crushed into the middle seats causing her to become disoriented and leaving her struggling to breathe. The others suffered similar sprains, abrasions and contusions from the impact.

22. All Plaintiffs were treated at the scene by off-duty medical personnel from nearby Riverside Shore Memorial Hospital and then taken to that hospital by ambulance where they were treated and released except for Plaintiffs Kitterman and Cronin.

23. Plaintiff Kitterman was subsequently airlifted to Norfolk General Hospital due to her life-threatening condition.

24. Plaintiff Cronin was subsequently taken by ambulance to Norfolk General Hospital due to her serious injuries received in the accident for further extensive treatment.

25. After the accident the tire tread on at least one of the Bus' tires was found to be worn below the minimum level allowed by Virginia Code § 46.2-1043.

## Relationship of the Defendants

26. The Bus was owned by Defendant Fortino Garcia, a crew leader hired by Lipman, a fictitious name for SixL's, North America's largest field tomato grower, and each one of its subsidiaries of which Kuzzen's Inc. is one.

27. The Driver, Defendant Tovar-Guzman, was hired by Lipman to work on the various farm and while on the various farms worked for the entity owning the farm.

28. Tovar-Guzman was hired by and worked for Kuzzen's in June 2011 in Kuzzens farm in Beaufort, South Carolina and was driving a Bus with the equipment and personal gear of the Seasonal and migrant workers who were required to be at Kuzzens Farm in Exmore Virginia on Saturday July 2, 2012.

29. At all material times, Fortino Garcia, for valuable consideration, transported migrant or seasonal agricultural workers and is considered a farm labor contractor under the AWPA.

30. At all material times, Fortino Garcia acted through its owners, agents, servants and/or employees, including Tovar-Guzman, all of whom were acting within the scope of their employment in the business of the Defendant, Fortino Garcia, who is responsible for the actions of these individuals, including Tovar-Guzman, pursuant to Respondeat Superior.

31. At all material times, Kuzzens owned and or operated agricultural facilities across Virginia's Eastern Shore and hires, employs or transports migrant or seasonal agricultural workers and is considered an agricultural employer under the AWPA.

32. At all times relevant herein, Tovar-Guzman was acting as an employee, agent and authorized driver for Defendant Fortino Garcia and was acting within the course and scope of said employment and/or he was acting as an employee and/or agent of Kuzzens.

## COUNT I

### Plaintiffs' Negligence Claim Against Defendant Tovar-Guzman

33. Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-32 as if fully set forth herein.

34. As a result of the accident, the Plaintiffs all of them suffered serious injuries.

35. Tovar-Guzman had a duty to operate the Bus with reasonable care and with due regard for others using the road.

36. Notwithstanding said duties, Tovar-Guzman carelessly, recklessly, willfully, wantonly and negligently operated the Bus with a conscious disregard for others so that it collided with Plaintiffs' Van as alleged herein.

37. Tovar-Guzman was negligent in that he:

   a) Failed to keep a proper lookout;

   b) Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

   c) Failed to apply his brakes in time to avoid striking Plaintiffs' Van;

   d) Failed to maintain his vehicle under proper control;

   e) Operated his vehicle in a reckless manner;

   f) Operating a commercial vehicle on the highways of the Commonwealth of Virginia without a commercial driver's license;

   g) Failed to take evasive action to avoid a collision with Plaintiffs' Van;

   h) Failed to get enough sleep before operating his vehicle.

38. The Bus Tovar-Guzman was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires in contravention of the laws of the Commonwealth of Virginia, the AWPA and applicable regulations.

39. As a direct and proximate result thereof, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and/or loss of earning capacity; and have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

40. Plaintiffs respectfully demands judgment against Defendant Claudio Tovar-Guzman, jointly and severally, with his employer Fortino Garcia and Sons Harvesting, Inc., (as alleged below) for damages in the following amounts:

    a)  Kathleen Kitterman in the amount of two million dollars ($2,000,000),

    b)  Anna Cronin in the amount of two million dollars ($2,000,000),

    c)  Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

    d)  Marvin Ball in the amount of one-hundred thousand dollars ($50,000),

    e)  Margaret Brogan in the amount of twenty five thousand dollars ($50,000), and

    f)  Evan Jones in the amount of twenty thousand dollars ($20,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT II

### Plaintiffs' Negligence Claim Against Defendant Fortino Garcia

41. Plaintiffs re-allege and incorporate paragraphs 1-40 as if full set forth herein.

42. As Tovar-Guzman's employer, Fortino Garcia is vicariously liable for the negligence of its driver, as alleged in Count I, and also had an independent duty to Plaintiffs to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Guzman as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia.

43. Under the AWPA, Fortino Garcia is considered either an agricultural employer or a farm labor contractor in that it solicits, hires, employs, furnishes or transports migrant or seasonal agricultural workers to agricultural employers and must comply with the with that Act and its promulgating regulations. 29 U.S.C. § 1802(2)&(7).

44. Consequently Fortino Garcia had a duty under both the laws of the Commonwealth of Virginia and the AWPA, to ensure that the Bus and driver complied with applicable safety standards contained it Virginia Code including § 46.2- 341.7; 341.16 and 1043 and 29 CFR § 500.104-5.

45. Also under AWPA, Fortino Garcia had a duty to carry liability insurance in the amount of $100,000 for each seat on the Bus pursuant to 29 C.F.R. §500.121, but failed to maintain the proper amount of liability insurance on the Bus at the time of the accident.

46. Fortino Garcia knew or should have known that Tovar-Guzman did not have a commercial driver's license as required by law, such that he was legally and practically unqualified to operate the Bus in the Commonwealth of Virginia.

47. Because Tovar-Guzman did not have a commercial driver's license, Fortino Garcia knew or should have known that he was a danger to the driving public and would pose an unreasonable risk of harm to others.

48. By allowing Tovar-Guzman to operate the Bus without being properly trained, licensed and rested, Fortino Garcia breached its duty to Plaintiffs.

49. Fortino Garcia also failed in its duty to the Plaintiffs under both the AWPA and the common law by allowing its Bus to be operated when it did not comply with the safety standards of the Commonwealth of Virginia or the AWPA, specifically its tires were worn beyond that permitted under Virginia Code § 46.2-1043 and 29 CFR § 500.104-5.

50. As a direct and proximate result of Fortino Garcia's breach of its duties, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and loss of earning capacity; and/or have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

51. Plaintiffs respectfully demand judgment against Fortino Garcia, jointly and severally, with its driver, Tovar-Guzman, for damages in the following respective amounts:

    a) Kathleen Kitterman in the amount of two million dollars ($2,000,000),

    b) Anna Cronin in the amount of two million dollars ($2,000,000),

    c) Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

    d) Marvin Ball in the amount of one-hundred thousand dollars ($50,000),

    e) Margaret Brogan in the amount of twenty five thousand dollars ($50,000), and

    f) Evan Jones in the amount of twenty thousand dollars ($20,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT III

### Plaintiffs' Negligence action against Defendant Kuzzens

52. Plaintiffs re-allege and incorporate paragraphs 1-51 as if fully set forth herein.

53. Kuzzens, Inc. ("Kuzzens") is a Corporation organized and existing under the laws of the State of Florida.

54. Kuzzens has its principal office and place of business at 315 East New Market Road, Immokalee, Florida.

55. Kuzzens owns at least two farms; one in Beaufort, South Carolina and one in Exmore, Virginia and is an agricultural employer.

56. Kuzzens is the subsidiary of Six L's Packing Company, Inc. another Florida Corporation and North America's largest field tomato grower.

57. Six L's has numerous subsidiaries working together to harvest the fields, including LFC Agricultural Services, Inc., all using the same fictitious name of Lipman with a new website [www.LipmanProduce.com](www.LipmanProduce.com) designed "to emphasize Lipman's vertically integrated network of operations that follows produce from seed to delivery."

58. Kuzzens and Six L's are each other's alter egos.

59. Each year Kuzzens engages seasonal agricultural workers to pick tomatoes at its farms, requiring the workers to pick the tomatoes from the South Carolina farm for the month of June and then to be in Virginia from the first part of July until October 15.

60. Although Fortino Garcia is a conduit for finding workers, Lipman hires them for their various farms. Lipman's HR department has established methods of terminating the employment of the workers. David Garcia, a Lipman supervisor, directs the operation and directed the time for moving on from South Carolina to Virginia.

61. For the first part of June, 2011 until July 1, 2011, Tovar-Guzman worked for Kuzzen's farm in Beaufort, South Carolina, where he received weekly checks from Kuzzens.

62. Kuzzens paid the premiums for Tovar-Guzman's Worker's Compensation coverage, extending that coverage to the transportation of the workers including Tovar-Guzman.

63. Tovar-Guzman was Kuzzen's employee, hired to work its farms in both South Carolina and Exmore, Virginia. Tovar-Guzman was on his way to Kuzzen's farm in Exmore Virginia when he struck the Van from behind.

64. On July 1, 2011, the workers and their equipment were leaving Kuzzens farm in South Carolina, heading to Virginia. Two busses left Kuzzens, South Carolina, one full of the migrant workers the other had their equipment and Tovar-Guzman.

65. Kuzzens required the seasonal workers to be at their farm on July 2, 2011 and their gear had to be with them. The original driver of the second bus, Victor Sanchez, stopped for food in North Carolina and never returned to the Bus. In furtherance of Kuzzens directive to have the workers in Virginia, Tovar-Guzman took over the driving of the Bus.

66. Kuzzens is liable under the theory of respondeat superior for the negligent acts of its employee, Tovar-Guzman who was acting in the furtherance of Kuzzens directive as established by David Garcia.

67. Tovar-Guzman was employed by Kuzzens as a seasonal agricultural worker.

68. Kuzzens by and through its employees and agents was negligent and failed in its duty to comply with the highway safety laws of Virginia as alleged above.

69. As a direct and proximate result of Kuzzen's breach of its duties, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of

body and mind; have sustained permanent disability, deformity and loss of earning capacity; and/or have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

70. Plaintiffs respectfully demand judgment against Kuzzens, Inc., jointly and severally, with its employees and agents Fortino Garcia and the driver, Tovar-Guzman, for damages in the following respective amounts:

    a) Kathleen Kitterman in the amount of two million dollars ($2,000,000),

    b) Anna Cronin in the amount of two million dollars ($2,000,000),

    c) Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

    d) Marvin Ball in the amount of one-hundred thousand dollars ($50,000),

    e) Margaret Brogan in the amount of twenty five thousand dollars ($50,000), and

    f) Evan Jones in the amount of twenty thousand dollars ($20,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT IV

### Plaintiffs Negligence Claim Against Defendant Kuzzens

71. Plaintiffs reallege and incorporate the allegations contained in paragraph 1-59 as if fully set forth herein.

72. Under the AWPA, Kuzzens is considered an agricultural employer in that it owns or operates a farm or processing establishment who recruits, solicits, hires or employs migrant or seasonal workers. 29 U.S.C. § 1802(2)

73. Tovar-Guzman was employed by Fortino Garcia or Kuzzens or both and was either a regular employee or a migrant agricultural worker in that he was employed in agricultural employment of a seasonal or other temporary nature requiring him to be absent overnight from his permanent place of residence or other employment or both. 29 U.S.C. § 1802(3)

74. The AWPA establishes statutory duties prescribed to both Kuzzens and Fortino Garcia including a requirement that they each ensure that the vehicle used in transportation of migrant or seasonal agricultural workers conform to applicable Federal and State safety standards; ensure that all drivers have a valid and appropriate license to operate the vehicle and have an insurance policy in effect to insure against liability for damage to persons or property arising from the ownership, operation or the causing to be operated, of any vehicle used to transport any migrant or seasonal agricultural worker.

75. The AWPA is designed to protect not only migrant workers but also all persons aggrieved by a violation of the statute and authorizes any person aggrieved by a violation of this Act or any regulation under this Act by a farm labor contractor, agriculture employer, agriculture association or other person to file suit in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy and without regard to the citizenship of the parties. 29 U.S.C. § 1854(a).

76. Under the AWPA, Kuzzens had a duty to ensure that the Bus was properly maintained, that its driver was trained, licensed and rested and that Fortino Garcia had the proper amount of liability insurance as prescribed under the applicable regulations within 29 CFR 500.104 – 121.

77. As a direct and proximate result of Kuzzen's breach of its duties under the AWPA, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and loss of earning capacity; and/or have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

78. Plaintiffs respectfully demand judgment against Kuzzens, Inc., jointly and severally, with its employees and agents Fortino Garcia and the driver, Tovar-Guzman, for damages in the following respective amounts:

   a) Kathleen Kitterman in the amount of two million dollars ($2,000,000),

   b) Anna Cronin in the amount of two million dollars ($2,000,000),

   c) Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

   d) Marvin Ball in the amount of one-hundred thousand dollars ($50,000),

   e) Margaret Brogan in the amount of twenty five thousand dollars ($50,000), and

   f) Evan Jones in the amount of twenty thousand dollars ($20,000),

plus all incidental and consequential damages, costs, attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones respectfully demand judgment against Defendants Claudio Tovar-Guzman, Fortino Garcia and Sons Harvesting, Inc., and Kuzzens, Inc. jointly and severally, for damages in the amounts set forth herein, plus all incidental and consequential

damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

KATHLEEN KITTERMAN
ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN, and
EVAN JONES

By: /s/
Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
Tel: (757) 622-0100; Fax:(757) 622-4924
Email: pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23st day of November, 2012, I electronically filed the foregoing Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

By: /s/
Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100; Fax (757) 622-4924
Email: pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*