IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

    Plaintiffs,

v.                                                      Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,

    Defendants.

**BRIEF IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Kuzzens, Inc. ("Kuzzens"), files this brief in support of its motion to dismiss the second amended complaint for failure to state a claim.

### I.  Introduction

Plaintiffs were traveling in a minivan on Route 13 in Nassawadox, Virginia when the van was rear-ended by a bus driven by Claudio Tovar-Guzman ("Tovar-Guzman") and owned by Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia").  Plaintiffs were injured in the accident.  Kuzzens operates agricultural facilities and farms on Virginia's Eastern Shore.

The second amended complaint fails to state a claim to relief against Kuzzens that is plausible on its face for the injuries allegedly sustained by the plaintiffs in the accident because the facts alleged are insufficient to (1) demonstrate an employer/employee relationship between Tovar-Guzman and Kuzzens that supports plaintiffs' *respondeat superior* liability theory, and (2) the Migrant and Seasonal Agricultural Worker Protection Act 29 U.S.C. §1801, *et seq.*, does not

support plaintiffs' claims of negligence against Kuzzens and also does not give plaintiffs a private right of action against Kuzzens for personal injuries.

## II.  Statement of the Facts

In considering Rule 12(b)(6) motion, a court must accept as true the well-pled facts in the second amended complaint.  The plaintiffs were traveling north on Route 13 in Nassawadox, Virginia in a rented minivan at approximately 7:10 a.m. on July 2, 2011 when the driver of the van stopped at a traffic light at the intersection of Rogers Drive.  *Second Amended Complaint ¶¶17, 18.*  A bus driven by Tovar-Guzman struck the van directly in the rear while traveling at a high rate of speed.  *Second Amended Complaint ¶19.*  As a result of the accident, the plaintiffs sustained injury.  *Second Amended Complaint ¶¶20-24.*  At least one bus tire was worn below the minimum tread depth level required by the Virginia Code.  *Second Amended Complaint ¶25.*

The bus was owned and operated by Fortino Garcia, a company which transported migrant or seasonal agricultural workers.  *Second Amended Complaint ¶¶26, 29.*  Kuzzens owns or operates agricultural facilities on Virginia's Eastern Shore and employs migrant or seasonal agricultural workers.  *Second Amended Complaint ¶31.*  Tovar-Guzman was hired by Kuzzens to work on Kuzzens' farm in Beaufort, South Carolina in June 2011.  *Second Amended Complaint ¶28.*

The second amended complaint alleges that Tovar-Guzman was acting as the employee of both Fortino Garcia and Kuzzens at all times relevant, which presumably means at the time of the July 2, 2011 accident.  *Second Amended Complaint ¶32.*  The second amended complaint does not, however, allege that either Fortino Garcia or Kuzzens employed Tovar-Guzman to drive Fortino Garcia's bus at the time of the accident or that by driving the bus at the time of the

2

accident, Tovar-Guzman was acting in the scope of his employment with either Fortino Garcia or Kuzzens, or both.[1] The second amended complaint alleges that Kuzzens hired Tovar-Guzman to work its farms in South Carolina and Exmore, Virginia and that at the time of the accident, Tovar-Guzman was on his way to the farm in Exmore. *Second Amended Complaint ¶63.* As to the purpose of the operation of the bus by Tovar-Guzman at the time of the accident, the second amended complaint states only that Tovar-Guzman was operating the bus "with the equipment and personal gear of the Seasonal and migrant workers who were required to be at Kuzzens Farm in Exmore, Virginia on Saturday, July 2, 2012 (sic)." *Second Amended Complaint ¶28.*

The second amended complaint avers that Tovar-Guzman was negligent for failing to keep a proper lookout, operating his vehicle at an excessive rate of speed, failing to apply his brakes, failing to maintain his vehicle under proper control, operating his vehicle in a reckless manner without a commercial driver's license and without sufficient sleep. *Second Amended Complaint ¶37.*

Count I of the second amended complaint alleges that Tovar-Guzman's negligence in the operation of the bus caused the accident.

Count II alleges that Fortino Garcia is vicariously liable for the negligence of Tovar-Guzman and that Fortino Garcia is also liable to the plaintiffs for allowing Tovar-Guzman to operate the bus without training, licensure and rest. *Second Amended Complaint ¶48.* Additionally, Count II alleges that Fortino Garcia failed to comply with the Migrant and Seasonal Agricultural Protection Act, 29 U.S.C. §1801, *et seq.*, and that such violation was a

---

[1] Kuzzens denies that Tovar-Guzman was its employee and further denies that it employed Tovar-Guzman or anyone else to operate Fortina Garcia's bus at the time of the accident or at any time. Indeed, Fortina Garcia testified in his deposition that Tovar-Guzman was not employed by anyone to drive the bus and did not have permission to do so.

proximate cause of the accident. *Second Amended Complaint* ¶¶49 - 50.

Count III claims that Kuzzens is liable under the theory of *respondeat superior* for the negligence of Tovar Guzman. *Second Amended Complaint* ¶66.

Count IV alleges that Kuzzens violated the Migrant and Seasonal Agricultural Worker Protection Act by failing to insure that the bus was properly maintained, that its driver was trained, licensed and rested, and that Fortino Garcia had the proper amount of liability insurance. *Second Amended Complaint* ¶76.

### III. Principles of Law and Argument

**A.  Pleading Requirements**

The plaintiffs must allege facts in the second amended complaint that "state a claim to relief that is plausible on its face" and that "nudges the claim across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

> Pursuant to *Twombly* and *Iqbal*, a complaint will survive a motion to dismiss only if it contains factual allegations in addition to legal conclusions. Factual allegations that are simply labels and conclusions, and a formulaic recitation of the elements of a cause of action are not sufficient. . .[C]ourts need not accept the legal conclusions drawn from the facts alleged in a complaint, and they need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.

*Cook v. Howard,* 2012 WL 3634451 (4th Cir. August 24, 2012) (citations and internal quotation marks omitted).

4

A 12(b)(6) motion tests the sufficiency of a complaint and a court should "assume that truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Markets, Inc. v. J.D. Associates, Ltd. Partnership,* 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, a court is not bound by the legal conclusions drawn from the facts nor is it required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

**B.     Count III of the second amended complaint does not raise plaintiffs' right to relief under the theory of *respondeat superior* above the speculative level.**

For Kuzzens to have *respondeat superior* liability for the plaintiffs' injuries under the applicable law of Virginia, the injuries must have been caused by an act of Kuzzens' employee which occurred within the scope of the employment relationship. *Butler v. Southern State Cooperative, Inc.,* 270 Va. 459, 466, 620 S.E. 2d 768, 773 (2005). An act is within the scope of employment if "(1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business. . ." *Gina Chin & Associates v. First Union Bank,* 260 Va. 533, 541, 537 S.E. 2d 573, 577 (2000) (citations omitted). Plaintiffs' burden of production on the issue of whether the employee was within the scope of the employment when the act which caused the injury was committed is met by establishing the employer-employee relationship at that time. *Margorana v. Crown Central Petroleum Corp.,* 260 Va. 521, 526, 539 S.E. 2d 426, 428-29 (2000).

Here, the factual allegations of the second amended complaint do not permit one to plausibly infer that Tovar-Guzman was the employee of Kuzzens at the time of the accident.

5

The second amended complaint alleges that Tovar-Guzman was hired by Lipman to work on various farms, that he worked for Kuzzens in June, 2011 on Kuzzens' farm in Beaufort, South Carolina, and that he was driving a bus owned by Fortino Garcia to a Kuzzens' farm in Exmore, Virginia at the time of the accident. *Second Amended Complaint ¶¶26 - 28.* While the second amended complaint alleges that Tovar-Guzman was Kuzzens' employee who was hired to work its farms in South Carolina and Virginia, it does not allege that Tovar-Guzman was employed by Kuzzens to drive Fortino-Garcia's bus.

"The factors which are to be considered when determining whether an individual is an employee or an independent contractor are well established: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual." *McDonald v. Hampton Training School of Nurses,* 486 S.E. 2d 299, 301 (Va. 1997). The determinative factor is whether the employer has the power to exercise control over the means and methods of the purported employee's performance. *Id.*

Here, the second amended complaint does not allege facts which demonstrate that Kuzzens had the power to control the work of Tovar-Guzman in the operation of the bus. It only makes the statement that Tovar-Guzman was hired to work on Kuzzens' farms in South Carolina and Virginia and then makes a conclusory allegation that Tovar-Guzman was acting as an employee of both Fortino Garcia and Kuzzens. *Second Amended Complaint ¶¶63,32.* For purposes of the doctrine of *respondeat superior*, Kuzzens can only be held liable for the negligent actions of Tovar-Guzman if Tovar-Guzman was Kuzzens' employee and his negligent actions occurred within the scope of the employment relationship. *Sanchez v. Medicorp Health Systems,* 618 S.E. 2d 331, 334 (Va. 2005); *Butler v. Southern States Cooperative, Inc.,* 620 S.E.

6

2d 768,773 (Va. 2005). The second amended complaint fails to set forth facts establishing an employment relationship between Kuzzens and Tovar-Guzman in the operation of the bus by Tovar-Guzman. That Tovar-Guzman allegedly worked on Kuzzens' farms in South Carolina and Virginia does not make him Kuzzens' employee in the operation of a bus owned and operated by another company. No facts are alleged which indicate that Kuzzens had the authority to select and engage Tovar-Guzman to be the bus driver, that Kuzzens compensated Tovar-Guzman for driving the bus, that Kuzzens had the power to dismiss him as the bus driver, or to control in any manner the work of the bus driver. Kuzzens does not own or operate buses. It operates farms. The second amended complaint lacks facts necessary to raise plaintiffs' right to relief under the theory of *respondeat superior* above the speculative level.

**C.     The Migrant and Seasonal Agricultural Worker Protection Act does not support plaintiffs negligence claim against Kuzzens for personal injuries sustained in the accident as alleged Count IV.**

**1.     The purpose of the Act is to safeguard migrant and seasonal agricultural workers.**

The Migrant and Seasonal Agricultural Worker Protection Act (the "Act") provides employment-related protection to migrant and seasonal agricultural workers and is administered and enforced by the Wage and Hour Division of the United States Department of Labor. "The Act safeguards most migrant and seasonal agricultural workers in their interactions with farm labor contractors, agricultural employers, agricultural associations, and providers of migrant housing." Employment Guide: Migrant and Seasonal Agricultural Worker Protection, United States Department of Labor, www.dol.gov/compliance/guide/mspa.htm (last visited 11-7-2012). Title 29 U.S.C. §1801 sets forth the Congressional Statement of Purpose of the Act:

>    It is the purpose of this Act to remove the restraints on commerce caused

> by activities detrimental to migrant and seasonal agricultural workers; to require farm labor contractors to register under this Act; and to assure necessary protections for migrant and seasonal agricultural workers, agricultural associations, and agricultural employers.

See also *29 CFR §500.1 Purpose and Scope.*

The Act requires farm labor contractors, agricultural employers and agricultural associations who hire, employ, furnish, transport or house migrant and seasonal agricultural workers to meet certain requirements in their dealings with the workers. Such requirements include registration with the Department of Labor, disclosure to workers of the terms and conditions of employment, payment of wages owed when due, compliance with safety and health standards when housing workers; and ensuring vehicles used to transport workers are insured, operated by properly licensed drivers, and comply with federal and state safety standards. *29 U.S.C. §§1801, et seq.* The Act provides for several enforcement provisions including criminal and administrative sanctions. 29 U.S.C. §§1851-1853.

Here, the plaintiffs are members of the general public without connection to the migrant or seasonal agricultural worker trade. Their interests in recovering damages for injuries sustained in a motor vehicle accident are not within the zone of interests protected by the Act, which has as its stated purpose the protection of farm workers. Indeed, the very motor vehicle safety regulations which plaintiffs allege Kuzzens violated were prescribed by the Secretary of Labor pursuant to the Act's command that "the Secretary shall prescribe such regulations as may be necessary to protect the health and safety of migrant and seasonal agricultural workers." *29 U.S.C. §1841(b)(2).* The Act thus explicitly states that the motor vehicle safety regulations upon which plaintiffs base their claim in Count IV are for the purpose of protecting the health and safety of migrant and seasonal agricultural workers. Because plaintiffs are not migrant or

8

seasonal agricultural workers, the Act does not support their negligence claim.

>    2.   **The motor vehicle safety and insurance regulations which plaintiffs rely on for their claims under the Act were prescribed by the Secretary to protect the health and safety of migrant and seasonal agricultural workers, a class of persons to which the plaintiffs do not belong.  Plaintiffs are therefore not persons aggrieved by a violation of the Act or its regulations.**

Plaintiffs claim that Kuzzens violated the motor vehicle safety and insurance regulations promulgated by the Secretary as set forth in 29 CFR, §§500.104 through 121.  *Second Amended Complaint ¶76.*  These regulations are specifically authorized by Title 29 U.S.C. §1841(b)(2)(A) to protect the health and safety of migrant and seasonal agricultural workers.  Plaintiffs are not members of the class of persons for whom the regulations were enacted to protect.  The plaintiffs therefore are not "person[s] aggrieved by violation of [the] Act or any regulation under [the] Act by a farm labor contractor, agricultural employer, agricultural association, or other person. . ." *29 U.S.C. §1854.*

>    3.   **The Act does not apply to the plaintiffs' claims because the accident did not occur when transporting any migrant or seasonal agricultural workers.**

As stated above, plaintiffs' claim Kuzzens breached duties imposed by the motor vehicle safety provisions of the Act and its regulations.  The pertinent part of the Act is Title 29 U.S.C. §1841, entitled Motor Vehicle Safety, and it "applies to the transportation of any migrant or seasonal agricultural worker."  *§1841(a).*  Section 1841 requires that when using or causing to be used a vehicle for providing the transportation of any migrant or seasonal agricultural worker, an agricultural employer must ensure that the vehicle conforms to the standards prescribed by the Secretary of Labor and other applicable federal and state safety standards, that the driver has a valid license as provided by state law to operate the vehicle and that an insurance policy or liability bond is in effect against liability for damage to persons or property arising from the

ownership or operation of the vehicle. *29 U.S.C. §1841(b).* In accordance with the Act's command, the Secretary promulgated the motor vehicle safety and insurance standards set out in 29 CFR §§500.104 - 500.128. The second amended complaint alleges that Kuzzens violated the Act and the regulations because one of the bus tire's tread depth was not sufficient, Tovar-Guzman was not properly licensed and rested, and the bus owner, Fortino Garcia, did not have the proper amount of liability insurance. *Second Amended Complaint ¶76.*

The motor vehicle safety requirements of the Act and the regulations, however, apply only to the transportation of migrant or seasonal workers. *§1841(a).* The second amended complaint fails to allege that defendants Tovar-Guzman, Fortino Garcia, and Kuzzens were transporting any migrant or seasonal agricultural workers on the bus when it collided with the van occupied by the plaintiffs. Instead, the second amended complaint alleges that Tovar-Guzman was delivering personal gear of seasonal workers, but there is no allegation that the bus was being used to transport "any migrant or seasonal agricultural worker." *§1841(a)(2).* Accordingly, the motor vehicle safety requirements of §1841 are inapplicable to the vehicle being operated by Tovar-Guzman at the time of the accident and their violation cannot support plaintiffs' negligence claim.

## IV. Conclusion

The second amended complaint fails to allege facts that permit the court to draw a reasonable inference that Tovar-Guzman was employed by Kuzzens to drive Fortina Garcia's bus so as to render Kuzzens liable under the doctrine of *respondeat superior* for Tovar-Guzman's negligence in the operation of the bus.

The Migrant and Seasonal Agricultural Worker Protection Act does not provide a

support for plaintiffs's negligence claims. The provisions of the Act and its regulations which plaintiffs claim were violated do not apply to the plaintiffs as they were expressly enacted to protect the health and safety of migrant and seasonal agricultural workers. The Act also does not apply because the accident did not occur when transporting migrant or seasonal agricultural workers.

For these reasons and the reasons stated in this brief, Kuzzens, Inc.'s motion to dismiss should be granted and the second amended complaint dismissed as to Kuzzens, Inc.

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Patrick Brogan, Esquire
    Virginia State Bar No. 25568
    Bryan K. Meals, Esquire
    Virginia State Bar No. 40184
    Attorneys for Kathleen Kitterman, Anna Cronin, Corrie Ball,
        Marvin Ball, Margaret Brogan and Evan Jones

DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100
(757) 622-4924 (fax)
pbrogan@daveybroganpc.com

James R. Jebo, Esquire
Virginia State Bar No. 48418
Michael E. Harman, Esquire
Virginia State Bar No. 16813
Lynne J. Blain, Esquire
Virginia State Bar No. 23719
Attorneys for Claudio Tovar-Guzman and
     Fortino Garcia and Sons Harvesting, Inc.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 (fax)
jjebo@hccw.com
mharman@hccw.com
lblain@hccw.com

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for USAA
FRAIM & FIORELLA, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
(757) 227-5900
(757) 227-5901 (fax)
tmfiorella@ff-legal.com

H. Robert Yates, III, Esquire
Virginia State Bar No. 35617
Alexander K. Page, Esquire
Virginia State Bar No. 78894
Attorneys for ACE American Insurance Company
LeCLAIR RYAN
123 East Main Street, Eighth Floor
Charlottesville, Virginia 22902
(434) 245-3444
(434) 296-0905 (fax)

robert.yates@leclairryan.com
alexander.page@leclairryan.com

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com