UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.,
                Plaintiffs,

v.                                                            Civil Action No. 2:12cv146

CLAUDIO TOVAR-GUZMAN, et al.,
                Defendants.

## ORDER

On March 19, 2012, Plaintiffs filed this vehicular tort case pursuant to this Court's diversity jurisdiction. Plaintiffs amended their Complaint on October 18, 2012. Plaintiffs alleged that Defendant Claudio Tovar-Guzman negligently crashed his bus into the rear of Plaintiffs' van, and that Defendants Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia") and Kuzzens, Inc. were liable for this collision. Plaintiffs based their claims on the common law of negligence, the motor vehicle safety provisions of the Virginia Code, the federal Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), and the common-law doctrine of respondeat superior.

On January 23, 2013, the Court granted Defendants' partial motions to dismiss. Finding that AWPA cannot provide the basis for a negligence action, the Court dismissed Plaintiffs' claims to the extent to which they relied on AWPA. The Court also found that Plaintiffs' allegations were insufficient to state a claim based on respondent superior. Because this deficiency could be remedied by additional allegations, the Court granted Plaintiffs leave to amend their Complaint.

On February 21, 2013, Plaintiffs filed their Second Amended Complaint. This Complaint again attempts to state claims for negligence under AWPA and under the doctrine of respondeat

1

superior. On March 6, 2013, Kuzzens moved to dismiss the AWPA and respondeat superior claims against it. ECF No. 52. That motion is **GRANTED IN PART AND DENIED IN PART**.

## I. FACTUAL BACKGROUND

In a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's well-pled allegations as true. *E.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs allege the following facts:

Kuzzens is a subsidiary of Six L's Packing Company, Inc. ("Six L's"). One of Six L's other subsidiaries is LFC Agricultural Services, Inc. d/b/a Lipman ("Lipman"). Lipman hires farm workers for Kuzzens through Fortino Garcia. Fortino Garcia provides migrant and seasonal agricultural workers to farms such as Kuzzens. David Garcia, a Lipman supervisor, oversees the transportation of the Kuzzens workers.

Mr. Tovar-Guzman worked for Kuzzens at one of its farms in South Carolina from early June 2011 through early July 2011. From July 1, 2011 to July 2, 2011, several workers on that farm, including Mr. Tovar-Guzman, were transported to a Kuzzens farm on the Eastern Shore of Virginia using two busses belonging to Fortino Garcia. One bus transported the workers and the other bus transported their belongings. While the busses were passing through North Carolina, Mr. Tovar-Guzman replaced the driver of the bus carrying the belongings.

At around 7:10am on July 2, 2011, Mr. Tovar-Guzman was driving this bus north on Route 13 through Nassawadox, Virginia. Plaintiffs occupied a van that preceded the bus. When Plaintiffs' van slowed at a yellow light, Mr. Tovar-Guzman's bus struck it from behind at a high speed, seriously injuring Plaintiffs. Plaintiffs allege a variety of defects in Mr. Tovar-Guzman's operation of the bus and in the bus itself. Each of these defects purportedly constitutes

2

negligence under the common law of Virginia, a violation of the Virginia Code, or a violation of AWPA.

## II. COMMON STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Requiring a claim to be plausible does not impose a probability requirement at the pleading stage. *Id.* at 556. However, it does require more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because conclusory allegations "necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief,'" a "'formulaic recitation of the elements of a cause of action will not do.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). A complaint may survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted).

### III. ANALYSIS

A. RESPONDEAT SUPERIOR

Count III alleges that Kuzzens is liable for Mr. Tovar-Guzman's actions under the doctrine of respondeat superior. This doctrine creates liability for the negligent actions of another where: (1) the negligent party was the defendant's employee, rather than an independent contractor or unrelated party, *Sanchez v. Medicorp Health Sys.*, 618 S.E.2d 331, 334 (Va. 2005); and (2) the negligent actions "occurred within the scope of the employment relationship," *Butler v. S. States Coop., Inc.*, 620 S.E.2d 768, 773 (Va. 2005). A plaintiff seeking to make a prima facie case of respondeat superior liability needs only to "establish[] that the employment relationship existed," and is not required to affirmatively show that the employee was acting within the scope of that relationship. *Gina Chin & Assocs., Inc. v. First Union Bank*, 537 S.E.2d 573, 579 (Va. 2000); *see also Majorana v. Crown Cent. Petroleum Corp.*, 539 S.E.2d 426, 428–

29 (Va. 2000) ("[W]hile the plaintiff bears the *burden of persuasion* on the issue whether the employee was within the scope of the employment when the act which caused the injury was committed, the plaintiff's *burden of production* on that issue is met by establishing the employer-employee relationship at that time.").

"The factors which are to be considered when determining whether an individual is an employee or an independent contractor are well established: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual." *McDonald v. Hampton Training Sch. for Nurses*, 486 S.E.2d 299, 301 (Va. 1997). The "determinative" factor is whether the purported employer has the power to exercise control over the means and methods of the purported employee's performance. *Id.*

In order to assert a prima facie case of respondeat superior liability, Plaintiffs need only allege facts from which the Court can plausibly infer that Mr. Tovar-Guzman was employed by Kuzzens at the time of the accident. *Id.* The Second Amended Complaint alleges that Mr. Tovar-Guzman was employed by Kuzzens at the time of the accident. Kuzzens concedes this, but argues that the Second Amended Complaint does not indicate that Mr. Tovar-Guzman was acting within the scope of his employment when he was driving the bus. Br. Supp. Mot. to Dismiss 6, ECF No. 53.

Mr. Tovar-Guzman plainly was in an employment relationship with Kuzzens at the time of the accident. He was traveling from one Kuzzens farm to another. Plaintiffs are not required to allege facts showing that Mr. Tovar-Guzman had not "departed from the scope of the employment relationship," because the burden of production on that issue rests with Kuzzens. *Majorana*, 539 S.E.2d at 429; *see also Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (holding that the pleading of "facts that constitute a prima facie case" is more

than what is required to survive a motion to dismiss under Rule 12(b)(6)). Plaintiffs have alleged a prima facie case for respondeat superior liability, and Kuzzens's Motion to Dismiss is **DENIED** as to Count III.

B. MIGRANT AND SEASONAL AGRICULTURAL WORKERS PROTECTION ACT

Plaintiffs do not oppose the motion to dismiss with respect to Count IV. *See* Resp. Mot. to Dismiss 8–9, ECF No. 56. This Count attempts to advance a negligence claim based on AWPA, and is unchanged from the claim that was presented in the First Amended Complaint. Resp. Mot. to Dismiss 1–2, ECF No. 56 (indicating that Plaintiffs only amended Count III). Therefore, the Motion to Dismiss is **GRANTED** with respect to Count IV of the Amended Complaint, and Count IV is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 52) is **GRANTED IN PART AND DENIED IN PART.**

Count IV of the Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

MAY ̶A̶p̶r̶i̶l̶ ___, 2013
Norfolk, Virginia

6