UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.

  Plaintiff(s),

v.              Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,
FORTINO GARCIA AND SONS
HARVESTING, INC.
and
KUZZEN'S, INC.

  Defendant(s).

## PLAINTIFF(S) MOTION TO COMPEL DISCOVERY FROM DEFENDANT KUZZENS, INC.

NOW COME Plaintiffs, by counsel, and pursuant to Fed. R. Civ. P. 37 and Local Rule 37(A), and for the reasons set forth herein in support of this motion, moves this Honorable Court for an Order overruling Defendant, Kuzzens, Inc. (hereinafter "Kuzzens") objections to Plaintiffs First and Second Requests for Admission, its First and Fourth Set of Interrogatories, and its First and Second Requests for Production, and compelling Kuzzens to respond promptly and completely to that same written discovery, for an award of Plaintiffs' fees and costs incurred in making and prosecuting this Motion, and for such other and further relief as the court may deem appropriate and proper.

## BACKGROUND TO THE MOTION

1. This dispute arises out of an automobile accident in which Defendant Claudio Tovar-Guzman, operating a bus owned by Defendant Fortino-Garcia and Son's Harvesting, Inc., carrying Defendant Kuzzen's employee's farming equipment, rear ended the Plaintiffs' Chrysler Minivan on July 2, 2011 on Route 13 north in Nassawadox, Virginia. At the time of the accident the bus was transferring Defendant Kuzzens employee's farming equipment from Kuzzen's South Carolina farm to Kuzzen's Virginia farm. As a direct and proximate result of the collision the Plaintiffs suffered damages.

## PLAINTIFFS' FIRST WRITTEN DISCOVERY

2. On March 18, 2013, Plaintiffs served its First Set of Interrogatories, First Request for Production, and First Request for Admissions (hereinafter, collectively, "Plaintiffs' First Written Discovery") on Defendant Kuzzens. Plaintiff's First Written Discovery are attached as Exhibit A.

3. Defendant Kuzzens served its objections timely to Plaintiffs First Written Discovery and, on May 8, 2013, served its substantive responses to it. Defendant Kuzzen's objections to Plaintiff's First Written Discovery are attached as Exhibit B.

4. Defendant Kuzzen's objections to Plaintiffs' First Written Discovery are not well taken. Further, Defendant Kuzzen's substantive responses to most of Plaintiffs' First Written Discovery are patently inadequate.

5. As a consequence of the above counsel for Plaintiffs, through a letter to counsel for Defendant Kuzzens dated May 20, 2013, provided a written summary of the reasons why Plaintiffs contended that Defendant Kuzzens needed to remedy the substantive inadequacies. Plaintiff's May 20, 2013 letter to Defendant Kuzzens is attached as Exhibit C. A true copy of Counsel for Plaintiffs letter outlining Defendant Kuzzens substantive inadequate discovery responses is attached as Exhibit 1. Rather than repeat its contents here, Plaintiffs incorporate the content of Exhibit 1 by reference into this motion.

6. On September 23, 2013, counsel for Plaintiffs sent counsel for Defendant Kuzzens another letter providing a written summary of the reasons why Plaintiffs contended that Defendant Kuzzens needed to remedy substantive inadequacies of Plaintiffs discovery. Plaintiff's September 23, 2013 letter to Defendant Kuzzens is attached as Exhibit D. That letter addressed Defendant Kuzzen's inadequate responses to Plaintiff's Second Request for Production and Fourth Set of Interrogatories, but also reminded counsel for Defendant of the Defendant's inadequate discovery responses to Plaintiffs' First Written Discovery and that an appropriate response would need to be received on or before October 4, 2013 or Plaintiffs would be compelled to seek appropriate relief from the Court. A true copy of Plaintiffs counsel's September 23, 2013 letter is attached herein as Exhibit 2.

7. To date, Defendant Kuzzens has not withdrawn any of its objections nor remedied much of its substantive inadequacies in its responses to Plaintiffs' First Written Discovery.

**PLAINTIFFS' SECOND WRITTEN DISCOVERY**

8. On June 4, 2013, Plaintiffs served is Second Request for Production on Defendant Kuzzens (hereinafter, collectively "Plaintiffs' Second Written Discovery"). Plaintiff's Second Written Discovery is attached as Exhibit E.

9. Defendant Kuzzens timely served its objections to Plaintiffs' Second Written Discovery and, on June 19, 2013, served its substantive responses to it. Defendant Kuzzen's objections to Plaintiffs' Second Written Discovery are attached as Exhibit F.

10. Defendant Kuzzens objections to Plaintiffs' Second Written Discovery are not well taken. Additionally, Defendant Kuzzens substantive responses to most of that same discovery are patently inadequate.

11. As a consequence of the above counsel for Plaintiffs, through a letter to counsel for Defendant Kuzzens dated September 23, 2013, provided a written summary of the reasons why Plaintiffs contended that Defendant Kuzzens needed to remedy the substantive inadequacies (Exhibit D). Rather than repeat its contents here, Plaintiffs incorporate the content of Exhibit 2 by reference into this motion.

12. Plaintiffs' counsel's aforementioned letter to Defendant Kuzzen's counsel (Exhibit D) notified counsel that an appropriate response Plaintiff's Second Written would

need to be received on or before October 4, 2013, or Plaintiffs would be compelled to seek appropriate relief from the Court.

13. To date, Defendant Kuzzens has not withdrawn any of its objections nor remedied much of its substantive inadequacies in its responses to Plaintiffs' Second Written Discovery.

## PLAINTIFFS FOURTH WRITTEN DISCOVERY

14. On June 7, 2013, Plaintiffs served its Fourth Set of Interrogatories (hereinafter, collectively, "Plaintiffs' Fourth Written Discovery") on Defendant Kuzzens. Plaintiff's Fourth Written Discovery is attached as Exhibit G.

15. Defendant Kuzzens served its objections timely to Plaintiffs' Fourth Written Discovery but has yet to answer Plaintiffs' Fourth Written Discovery. Defendant Kuzzen's objections to Plaintiffs' Fourth Written Discovery is attached as Exhibit H.

16. Defendant Kuzzens objections to Plaintiffs' Second Written Discovery are not well taken. Additionally, Defendant Kuzzens has failed to substantively answer Plaintiffs Fourth Written Discovery.

17. As a consequence of the above counsel for Plaintiffs, through a letter to counsel for Defendant Kuzzens dated September 23, 2013, provided a written summary of the reasons why Plaintiffs contended that Defendant Kuzzens needed to remedy the substantive inadequacies (Exhibit D). Rather than repeat its contents here, Plaintiffs incorporate the content of Exhibit 2 by reference into this motion.

18. Plaintiffs' counsel's aforementioned letter to Defendant Kuzzen's counsel (Exhibit D) notified counsel that an appropriate response Plaintiff's Fourth Written Discovery would need to be received on or before October 4, 2013, or Plaintiffs would be compelled to seek appropriate relief from the Court.

19. To date, Defendant Kuzzens has not withdrawn any of its objections nor remedied much of its substantive inadequacies in its responses to Plaintiffs' Fourth Written Discovery.

**SPECIFIC DOCUMENTS REQUESTED FROM DEFENDANT KUZZENS**

20. Specifically, Plaintiffs see Defendant's produce of the following:

    a. Any and all documents, contracts, or agreements between Defendant Kuzzen's and any of the entities that use Lipman's fictitious name, covered under RPD #'s 8, 9 and 28;

    b. The operating agreement between Defendant Kuzzens and Defendant Fortino Garcia and Sons Harvesting applying to the year 2011, covered under RPD #'s 5, 9, 26, and 28;

    c. The meeting minutes for any and all corporate meetings in which the employment of migrant labor was discussed since January 2009 until July 2, 2011, covered under RPD #34;

    d. Defendant Kuzzen's tax returns and if consolidated a copy of the consolidated tax returns for 2009 through 2012, covered under RPD #37;

    e. A complete list of Kuzzens Board of Directors, covered under RPD #35;

    f. Bank and financial institutions in which Defendant Kuzzens or LFC Agricultural Services maintains payroll accounts for payment of earnings to workers on Kuzzen's farms in South Carolina and Virginia from June 2009 through December 2012, including bank, name of account holder, and account number for each account, covered under Interrogatory #18.

### GOOD FAITH EFFORT TO RESOLVE THE DISPUTE

21. As noted above, and as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 37(E), Plaintiffs have made a good faith effort to resolve this dispute without the need to seek the intervention of this Court.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully move this Honorable Court to enter an Order overruling Defendant Kuzzen's objections to Plaintiffs' First Set of Interrogatories, First Request For Production, First Request for Admission, Second Request for Production, and Fourth Set of Interrogatories and compelling Defendant Kuzzens to response promptly and completely to that same written discovery, for an aware of Plaintiffs' fees and costs incurred in making and prosecuting this Motion, and for such other further relief as the Court may deep appropriate and proper.

                                KATHLEEN KITTERMAN, et al.

                              By:        /s/
                                  Patrick Brogan (VSB No. 25568)
                                  Christopher Harrell (VSB 83954)

DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2013, a true copy of the foregoing Motion to Compel was forwarded via U.S. Mail, postage prepaid and via e-mail to the following:

Brian N. Casey, Esquire (VSB No. 26710)
James E. Brydges, Jr., Esquire
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:   (757) 625-7300
Facsimilie:   (757) 625-1504
Email:         bcasey@taylorwalkerlaw.com
                   jbrydges@taylorwalkerlaw.com

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:   (804) 747-5200
Facsimile:    (804) 747-6085
E-mail:           jjebo@hccw.com
                      mharman@hccw.com


H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eighth Floor
Charlottesville, VA 22902
Email:          robert.yates@leclairryan.com

alexander.page@leclairryan.com

Todd M. Fiorella, Esquire (VSB No. 30238)
John Baker, Esquire
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone: (757) 227-5900
Facsimilie: (757) 227-5901
Email: tmfiorella@ff-legal.com
jbaker@ff-legal.com

/s/
Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

Filename: 569A34C4.docx
Directory: C:\Users\chris\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.MSO
Template: C:\Users\chris\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title: UNITED STATES DISTRICT COURT
Subject:
Author: Chris Harrell
Keywords:
Comments:
Creation Date: 11/5/2013 11:56:00 AM
Change Number: 11
Last Saved On: 11/6/2013 3:34:00 PM
Last Saved By: chris
Total Editing Time: 406 Minutes
Last Printed On: 11/6/2013 3:35:00 PM
As of Last Complete Printing
   Number of Pages: 9
   Number of Words: 1,672 (approx.)
   Number of Characters: 9,766 (approx.)