# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

KATHLEEN KITTERMAN, et al.

      Plaintiff(s),

v.                                           Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,

FORTINO GARCIA AND SONS
HARVESTING, INC.

and

KUZZEN'S, INC.

      Defendant(s).

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO KUZZEN'S, INC.

Comes now Plaintiffs, by counsel, and pursuant to Fed.R.Civ.P. Rules 26 & 34, EDVA

Local Rule 26, propound these Requests for Production of Documents to Defendant, Kuzzen's,

Inc. (hereinafter referred to as "Kuzzen's") to be answered under oath in accordance with the

Federal Rules of Civil Procedure and the Local Rules of Court.

### APPLICABLE PRINCIPLES & RULES

These requests are limited to any non-privileged document or thing that is relevant to any

party's claim or defense – including the existence, description, nature, custody, condition and

location of any documents or other tangible things.

You are requested to:

(1) produce or permit Plaintiffs or their representative to inspect, copy, test, or sample the



following items in the your possession, custody, or control: (A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form; or (B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by you, so that Plaintiffs may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

For each item or category, the response must either state that inspection and related activities will be permitted as requested, or produce copies of the documents requested, or state an objection to the request, including the reasons. When you withhold information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, you must:

(1)     expressly make the claim; and

(2)     describe the nature of the documents, communications, or tangible things not produced in a manner that, without revealing the information itself privileged or protected, will enable [**other parties**] to assess the claim.

An objection to part of a request must specify the part and permit inspection of the rest, or produce copies showing that the privileged or protected information has been redacted. Your response may state an objection to a requested form for producing electronically stored information. If you object to a requested form — or if no form was specified in the request — you must state the form or forms you intend to use. All grounds for an objection to a request shall be stated with specificity. Any ground not stated in a timely objection is waived unless

your failure to object is excused by the court for good cause shown.

You must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. If a request does not specify a form for producing electronically stored information, you must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and you need not produce the same electronically stored information in more than one form. In this case, Plaintiffs seek only "hard copy" (or a scanned copy) of those documents you are required to produce by these requests.

"Collision" and "Accident" shall mean the incident that occurred on July 2, 2011 in the right northbound lane of Route 13 in Nassawadox, Virginia, in which a van operated and occupied by the plaintiff's (hereinafter the "Van") was violently struck in the by a bus operated by the defendant Claudio Tovar-Guzman ("Guzman") and owned by Defendant Fortino (hereinafter the "Bus") the event giving rise to this litigation.

These Requests for Production are continuing. If, after you first provide answers to them, you acquire additional responsive information, you are required to supplement your responses within a reasonable time

## REQUESTS FOR PRODUCTION

1.      All documents identified in your Answers to Plaintiffs' First Set of Interrogatories.

   **RESPONSE:**


2.      All documents on which you relied in answering Plaintiffs' First Set of Interrogatories.

   **RESPONSE:**

3.      If your response to any of Plaintiffs' First Requests for Admission was anything other than an unqualified admission, then for each such response produce all documents that you contend support your failing to make an unqualified admission.

**RESPONSE:**


4.      All documents relating in any way to Tovar-Guzman's employment by or business relationship with Kuzzen's.

**RESPONSE:**


5.      All documents relating in any way to Fortino Garcia's employment by or business relationship with Kuzzen's.

**RESPONSE:**


6.      All documents relating in any way to David Garcia's employment by or business relationship with Kuzzen's.

**RESPONSE:**


7.      All documents relating in any way to the use of the Bus in the transportation of seasonal or migrant farm workers to or from Kuzzen's farms in South Carolina and Virginia from 2009 – 2012.

**RESPONSE:**

8.      Produce any and all documents that comprise or relate to any Contracts or Agreements between Kuzzen's and any other entity to provide labor to harvest the crops from its South Carolina and Virginia farms.

   **RESPONSE:**


9.      Produce any and all documents that comprise or relate to any Contracts or Agreements between Kuzzen's and LFC Enterprises to provide services for the hiring of labor to harvest the crops from its South Carolina and Virginia farms.

   **RESPONSE:**


10.     Produce all employment records in the possession of Kuzzen's, Six L's, LCF Enterprises, Inc. or LCF Agricultural Services, Inc. for Claudio Tovar-Guzman.

   **RESPONSE:**


11.     Produce all employment records in the possession of Kuzzen's, Six L's, LCF Enterprises, Inc. or LCF Agricultural Services, Inc. for Fortino Garcia.

   **RESPONSE:**


12.     Produce all employment files in the possession of Kuzzen's, Six L's, LCF Enterprises, Inc. or LCF Agricultural Services, Inc. for Fortino Garcia and Sons Harvesting, Inc.

   **RESPONSE:**

13.     Produce all employment files in the possession of Kuzzen's, Six L's, LCF Enterprises, Inc. or LCF Agricultural Services, Inc. for David Garcia.

    **RESPONSE:**

14.     Produce all documents that identify all workers harvesting crops at Kuzzen's South Carolina farm in June, 2011.

    **RESPONSE:**

15.     Produce all documents that identify all workers harvesting crops at Kuzzen's Virginia farm(s) in July, 2011.

    **RESPONSE:**

16.     Produce all documents that identify any and all payments Kuzzen's paid to any seasonal worker from June 1, 2011 until June 30, 2011 at its South Carolina farm.

    **RESPONSE:**

17.      Produce all documents that identify any or all payments made to any seasonal worker from July 1, 2011 until July 30, 2011.

    **RESPONSE:**

18.      Produce all documents from Kuzzen's or its affiliate's Human Resources department pertaining to Claudio Tovar-Guzman from July 1, 2009 – July 31, 2012.

    **RESPONSE:**

19.     Produce all W-2, W-4, 1099 or I-9 pertaining to Claudio Tovar-Guzman from July 1, 2009 until July 31, 2012.

**RESPONSE:**

20.     Produce all accounting or bookkeeping files for Kuzzen's pertaining to the months of June 2011 and July 2011.

**RESPONSE:**

21.     Produce any photographs, drawings or surveys of the accident scene giving rise to this litigation.

**RESPONSE:**

22.     Produce any photographs of any of the vehicles involved in the accident giving rise to this litigation.

**RESPONSE:**

23.     Produce any and all exhibits you intend to introduce at trial.

**RESPONSE:**

24.     Produce any and all documents relating in any way to this litigation, including documents relating to issues of liability, injury, or damages.

**RESPONSE:**

25.     Produce any and all automobile business or personal insurance policies applicable to this accident or which might conceivably provide coverage for Kuzzen's, LFC Agricultural Services, Inc, Six L's Packing, Inc, and/or Lipman Produce.

**RESPONSE:**


26.     Produce any documents that relate to any business purpose for Kuzzen's to hire employees and/or to hire Fortino-Garcia to operate the Bus in South Carolina.

**RESPONSE:**


27.     Produce any documents that relate to any business purpose for Kuzzen's to hire employees and/or to hire Fortino-Garcia to operate the Bus on the Eastern Shore of Virginia on or about July 2, 2011.

**RESPONSE:**


28.     Produce any and all Contracts or Agreements between Kuzzen's and any other entity or person to perform any work or activity in Virginia.

**RESPONSE:**


**29.**     Produce any and all employment records of Mr. Claudio Tovar-Gomez.

**RESPONSE:**


30.     Produce any and all employment records for Mr. David Garcia.

**RESPONSE:**

KATHLEEN KITTERMAN, et al.

By: _Patrick M Brogan_

Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2013, a true copy of the foregoing

Request for Production of Documents was forwarded via U.S. Mail, postage prepaid and via e-

mail to the following:

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:    (804) 747-5200
Facsimile:    (804) 747-6085
E-mail:       jjebo@hccw.com
              mharman@hccw.com

Brian N. Casey, Esquire (VSB No. 26710)
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:    (757) 625-7300
Facsimilie:   (757) 625-1504
Email:        bcasey@taylorwalker.com

H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email:        Robert.yates@leclairryan.com

Todd M. Fiorella, Esquire (VSB No. 30238)
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone:      (757) 227-5900
Facsimilie:      (757) 227-5901
Email:            tmfiorella@ff-legal.com

Patrick Brogan (VSB No. 25668)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.

       Plaintiff(s),

v.                                           Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,

FORTINO GARCIA AND SONS
HARVESTING, INC.

and

KUZZEN'S, INC.

       Defendant(s).

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION
## TO KUZZEN'S, INC.

Comes now Plaintiffs, by counsel and pursuant to Rule 36 of the Federal Rules of Civil

Procedure, and offers the following Requests for Admission to Defendant Kuzzen's, Inc.

("Kuzzen's") to be answered within thirty (30) days from the date of service:

The term "Affiliates" means any business entity which is closely associated to another

business entity so that one has the poer to control the other either directly or indirectly: or, where

one business entity systematically shares resources, officers, and/or other management with

another business entity to the extent that a business relationship legally exists or is publicly

perceived to exist; or, when a third party has the power to control both: or, where one business

untity has been so closely allied with another through an established course of dealings,

including but not limited to the lending of financial wherewithal or engaging in joint ventures, so as to cause a public perception that the two firms are one entity.



### Requests for Admission

1. Claudio Tovar Guzman worked on Kuzzen's farm in South Carolina during June, 2011.

   RESPONSE:

2. Kuzzen's issued a check to Tovar-Guzman on July 7, 2011 for the work he completed during the week ending July 2, 2011.

   RESPONSE:

3. From before June 2011through the date of this pleading was served, LCF Enterprises, Inc. was an affiliate of Kuzzen's.

   RESPONSE:

4. From before June 2011through the date of this pleading was served, LCF Agricultural Services, Inc. was an affiliate of Kuzzen's.

   RESPONSE:

5. From before June, 2011through the date of this pleading was served, LCF Administrative Services, Inc. was an affiliate of Kuzzen's.

   RESPONSE:

6.   From before June, 2011through the date of this pleading was served,  Fortino Garcia and

Sons Harvesting, Inc., was an affiliate of Kuzzen's.

RESPONSE:

7.   From before June 2011through the date of this pleading was served, Lipman was a

fictitious name for Kuzzen's.

RESPONSE:

8.   On or about June 30, 2011 and July 1, 2011, Kuzzen's stopped the harvesting of tomatoes

on its farm in South Carolina in order to begin harvesting of the crop in Kuzzen's farm in

Virginia.

RESPONSE:

9.   On or about June 30, 2011 and July 1, 2011, David Garcia on behalf of Kuzzen's caused

at least some of the seasonal and agricultural workers who were harvesting of tomatoes

on its farm in South Carolina to stop that harvest in order to begin harvesting of the crop

in Kuzzen's farm in Virginia.

RESPONSE:

10.  At the end of June 2011 and the beginning of July2011, Kuzzen's required seasonal and

migrant workers to leave Kuzzen's South Carolina farm and travel to Kuzzen's farm in

Virginia, in order to remain employed by Kuzzen's.

RESPONSE:

11. Kuzzen's hired buses to transport migrant and seasonal workers from South Carolina to Kuzzen's farm in Virginia.

RESPONSE:

12. Individual Migrant and Seasonal Agricultural workers, who worked at Kuzzen's farm in South Carolina during June, 2011, travelled by bus from South Carolina to the Eastern Shore of Virginia, where they continued to work for Kuzzen's on its farm(s) in Virginia.

RESPONSE:

13. Without seasonal and migrant agricultural workers to harvest the crops on Kuzzen's farms the crops would rot in the fields.

RESPONSE:

14. During June 2011 and July 2011, Kuzzen's operated under the fictitious name of "Lipman."

RESPONSE:

15. During June, 2011 and July 2011, David Garcia acted on behalf of Kuzzen's.

RESPONSE:

16. During June, 2011 and July 2011, David Garcia managed the harvesting of crops from

Kuzzen's farm(s).

RESPONSE:


17. During June, 2011 and July 2011, David Garcia directed the labor necessary to harvest

the crops at Kuzzen's farms in South Carolina and Virginia.

RESPONSE:

KATHLEEN KITTERMAN, et al.

By: _Patrick M Brogan_

Patrick Brogan (VSB No. 75568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2013, a true copy of the foregoing

Requests for ~~Production of Documents~~ Admissions was forwarded via U.S. Mail, postage prepaid and via e-

mail to the following:

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:     (804) 747-5200
Facsimile:      (804) 747-6085
E-mail:          jjebo@hccw.com
                     mharman@hccw.com

Brian N. Casey, Esquire (VSB No. 26710)
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:    (757) 625-7300
Facsimilie:    (757) 625-1504
Email:          bcasey@taylorwalker.com


H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email:          Robert.yates@leclairryan.com


Todd M. Fiorella, Esquire (VSB No. 30238)
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone:    (757) 227-5900
Facsimilie:    (757) 227-5901
Email:          tmfiorella@ff-legal.com


Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.

      Plaintiff(s),

v.                                         Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,

FORTINO GARCIA AND SONS
HARVESTING, INC.

and

KUZZEN'S, INC.

      Defendant(s).

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO KUZZEN'S, INC.

    NOW COMES Plaintiffs, by counsel, and propounds this First Set of Interrogatories to

Defendant, Kuzzen's, Inc. (hereinafter "Kuzzen,s"), to be answered in accordance with the

Federal Rules of Civil Procedure and the Local Rules of Court.

## DEFINITIONS AND INSTRUCTIONS

    1.  "Document" or "documents" or word or words of similar import, in the singular or

plural shall include and mean, without limitation, the original and copies of any written, recorded

or graphic matter, however produced and reproduced, including, but not limited to, all letters,

telegrams, facsimiles, correspondence, reports, change orders, memoranda, agreements,

contracts, work orders, recordings, memorial of telephone conversations or meetings or

conferences, work papers, cost sheets, estimating sheets, bids, invoices, bills, handwritten notes,

minutes, handwritten drafts, resolutions, press releases, statements, leases, subleases, positions

listings, transfer orders, desk calendars, appointment books, diaries, "rolodex" cards, telephone

bills, expense account statements, expense vouchers, credit card charges, credit card receipts,

travel records, receipts, cancelled checks or other instruments of payment or indicia of payment,

bank statements, endorsements, account statements, deposit slips, credit memoranda, debit

memoranda, loan agreements, notices, guarantees, confirmations, ledgers, ledger sheets, books of

account, journals, audits, accountants` reports, filings with any governmental agency, financial

statements, corporate records, purchase orders, time cards, attendance records, maintenance

records, work records, progress reports, drawings, sketches, diagrams or other writings of any

nature whatsoever (whether written, handwritten, typed, printed, duplicated, recorded or drafted,

however produced or reproduced, [including magnetic impulses or laser-readable recordings

such as are stored on computer hard drives, disks, tapes or other media]) or anything which by

itself or in connection with other matters or things will produce an intelligible image or sound

containing, reflecting or recording in whole or in part, any information (including, without

limitation, any correspondence, communication, discussion, conclusion, report, recordation or

notation) arising out of or concerning the subject matter addressed (including, without limitation,

all interim as well as final drafts, non-identical copies, reports, pictures, drawings, sketches,

work sheets, diagrams, handwritten notes or other recorded material of any kind or nature).

2.  The terms "and" and "or" as used in these Interrogatories are not intended as words of

limitation and shall be construed either disjunctively or conjunctively as necessary to bring

within the scope of these Interrogatories any information which might otherwise be construed to

be outside their scope.   Similarly, any word formed in the singular shall also be taken in the

plural, and vice-versa.   Also, any verb in the present tense shall also be taken in the past,

imperfect and future tenses, and vice-versa.

3.   Where the name or identity of a person is requested please state his or her full name, home address, business address, and telephone numbers, if known.

4.   Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his or her attorneys. When answers are made by corporate parties, state the name, address, and title of the person supplying the information and making the affidavit and the source of this information.

5.   "You," "your" or "Kuzzen's" shall mean Kuzzen's, Inc., the party to whom these Interrogatories are addressed, and, unless otherwise specified, the person mentioned in paragraph 1.

6.   "Collision" and "Accident" shall mean the incident that occurred on July 2, 2011 in the right northbound lane of Route 13 in Nassawadox, Virginia, in which a van operated and occupied by the plaintiff's (hereinafter the "Van") was violently struck in the by a bus operated by the defendant Claudio Tovar-Guzman ("Guzman") and owned by Defendant Fortino (hereinafter the "Bus") the event giving rise to this litigation.

7.   The term "Affiliates" means any business entity which is closely associated to another business entity so that one has the poer to control the other either directly or indirectly: or, where one business entity systematically shares resources, officers, and/or other management with another business entity to the extent that a business relationship legally exists or is publicly perceived to exist; or, when a third party has the power to control both: or, where one business untity has been so closely allied with another through an established course of dealings, including but not limited to the lending of financial wherewithal or engaging in joint ventures, so as to cause a public perception that the two firms are one entity.

8.   You are requested seasonably to supplement or amend your responses to these Interrogatories based upon any and all information obtained after filing such responses.

9.    Unless otherwise specified, each interrogatory relates to, covers and requests information for any and all periods prior to the date responses are filed, and each requires a continuing response.

10.    Unless otherwise specified, each Interrogatory requires a full response for every period of time with respect to which you intend to offer any evidence.

## INTERROGATORIES

1.    State the full name, residence, occupation, employers address, date and place of birth, and social security number for every person answering these or any part of these interrogatories.

ANSWER:

2.    Name and identify every person you expect to call as an expert witness at trial, providing each individuals, name, address, occupation, and the substance of the facts and opinions the expert is expected to testify including a summary of the grounds for each opinion.

ANSWER:

3.      If Claudio Tovar-Guzman ever worked for, served, supported, or furthered the business duties, or purposes of Kuzzen's, Inc. (hereinafter "Worked") identify the location where he Worked and the corresponding dates on which he Worked, specifying for each period of time that he Worked, when he was hired and when his employment terminated, his employee identification number, the capacity in which he Worked, giving a description of his duties and the name of his employer and supervisor ( and his employer if different from Tovar-Guzman's).

ANSWER:

4.      Identify any document that Kuzzen's has in its possession that showed when and where Tovar-Guzman Worked for Kuzzen's, the amount he was paid while there, the entity who paid him for his work, the duties he performed and the manner in which he performed those duties, including any documents that detail Tovar-Guzman's right to work in the United States, any documents reflecting when he was hired and when his employment was terminated, including any Human Resources file Kuzzen's knows about which may hold information about Tovar-Guzman including any insurance Kuzzen's may have purchased that would have covered Tovar-Guzman in any capacity while he Worked on travelling to Kuzzen's property.

ANSWER:

5.    Identify all agreements between or among Kuzzen's, Inc. and Six L's Packing, Inc ("Six L's"), LFC Agricultural Services, Inc. ("LFC-A"), LFC Enterprises, Inc. ("LFC-E"), Lipman, Lipman Produce, Fortino Garcia & Sons Harvesting, LLC, David Garcia and Claudio Tovar-Guzman, that have any connection with the transporting workers or farm laborers to Kuzzen's farms and/or planting, cultivating or harvesting of tomatoes from Kuzzen's farms in the United States, including any agreements for the procuring, servicing, supporting or recruiting of workers to work on the farms or facilities of the other.

ANSWER:

6.    Explain in detail, identifying all facts that support your contention, why you contend in your answer to Plaintiffs' first amended Complaint that this Court lacks personal jurisdiction over this defendant.

ANSWER:

7.      Identified for whom Tovar-Guzman worked on June 30, 2011 - July 2, 2011 and the positions he held on July 2, 2011 and has held, identifying the name of any person(s) who acted in a supervisory, managerial, or leadership capacity who did or may have directed and/or proscribed employee duties of Claudio Tovar Guzman from the start of his relationship with Kuzzen's, Six L's, LFC-A, LFC-E and/or Lipman until his departure from that relationship.

ANSWER:

8.      Identified for whom Tovar-Guzman worked on June 1, 2010 - June 30, 2010 and the positions he held on July 1, 2010 – July 30, 2010, identifying the name of any person(s) who acted in a supervisory, managerial, or leadership capacity who did or may have directed and/or proscribed employee duties of Claudio Tovar Guzman from the start of his relationship with Kuzzen's, Six L's, LFC-A or LFC-E and/or Lipman until his departure from that relationship.

ANSWER:

9.     Explain in detail Kuzzen's connection to the Bus including every time the Bus or similar vehicles owned or leased by Fortino Garcia and Son Harvesting was used on its farm in either South Carolina or Virginia or to or from either of those farms from 2009 – 2012, every payment Kuzzen's or its affiliates has made to Fortino Garcia and/or Fortino Garcia and Sons Harvesting, Inc. for the use of the Bus including but not limited to payments for its use, maintenance, operation, mileage, insurance and repairs.

ANSWER:

10.     Describe the types of employees employed by Kuzzen's, Six L's, LFC-A, LFC-E, and Lipman, including how each employee is compensated, by whom, who manages the human resources aspects of each type of employee, who pays for each type of employees workers compensation coverage, who is responsible for each type of employee, who has the power to fire each type of employee, and who controls the manner and method in which the employees perform.

ANSWER:

11.      If you contend that Claudio Tovar-Guzman was not acting within the scope of his employment when the Bus he was driving struck the back of the Van on July 2, 2011, state in detail all facts regarding your contention, why he was driving the Bus on that date, how Claudio Tovar-Guzman came into possession of the Bus, who directed where the Bus was to travel, where the bus was to arrive after leaving South Carolina, and for what purpose.

ANSWER:

12.      Describe in detail the corporate structure of Lipman, Six L's Packing, LFC-A, LFC-E, and Kuzzen's, including how they relate to one another, the type and nature of the business of each entity, the names of all corporate officers and managers for each entity, the corporate address for each entity, and whether Kuzzen's, Six L's, LFC-A, LFC-E, or Lipman maintains a human resources department responsible for overseeing employees for each respective entity.

ANSWER:

13.    State specifically and explain in detail the relationship between Kuzzen's and Fortino Garcia and Fortino Garcia and Sons Harvesting, Inc.

ANSWER:

14.    State the employment relationship between David Garcia and Kuzzen's from June 1, 2011 until October 15, 2011, including the name of his employer, his job description, his duties and responsibilities, his supervisor, who he supervises or directs, and the manner in which he directs subcontractors or underlings.

ANSWER:

KATHLEEN KITTERMAN, et al.

By: _____
Patrick Brogan (VSB No. 25268)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2013, a true copy of the foregoing

Interrogatories was forwarded via U.S. Mail, postage prepaid and via e-mail to the following:


Brian N. Casey, Esquire (VSB No. 26710)
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:     (757) 625-7300
Facsimilie:     (757) 625-1504
Email:          bcasey@taylorwalker.com

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:     (804) 747-5200
Facsimile:     (804) 747-6085
E-mail:        jjebo@hccw.com
               mharman@hccw.com

H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email:          Robert.yates@leclairryan.com


Todd M. Fiorella, Esquire (VSB No. 30238)
John Baker, Esquire
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone:     (757) 227-5900
Facsimilie:     (757) 227-5901
Email:          tmfiorella@ff-legal.com


Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

      Plaintiffs,

v.                                   Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,

      Defendants.

## OBJECTIONS TO PLAINTIFFS'
## FIRST SET OF INTERROGATORIES TO KUZZENS, INC.

Kuzzens, Inc. ("Kuzzens"), by counsel, for its objections to plaintiffs' first set of

interrogatories states as follows:

5. Identify all agreements between or among Kuzzens, Inc. and Six L's Packing, Inc.

("Six L's"), LFC Agricultural Services, Inc. ("LFC-A"), LFC Enterprises, Inc. ("LFC-E"),

Lipman, Lipman Produce, Fortino Garcia & Sons Harvesting, LLC, David Garcia and Claudio

Tovar-Guzman, that have any connection with the transporting workers or farm laborers to

Kuzzens' farms and/or planting, cultivating or harvesting of tomatoes from Kuzzens' farms in

the United States, including any agreements for the procuring, servicing, supporting or recruiting

of workers to work on the farms or facilities of the other.

**OBJECTION:** This interrogatory is objected to as being overbroad and not relevant to a

claim or defense of the parties.  Specifically, the interrogatory requests information concerning

agreements entered into by companies, entities and individuals who are not parties to this

litigation and who were not involved in the operation of the bus which caused the accident which is the subject of this action. This interrogatory therefore exceeds the scope of discovery as set forth in Federal Rule of Civil Procedure 26 as it seeks matters not relevant to a claim or defense of a party.

10. Describe the types of employees employed by Kuzzens, Six L's, LFC-A, LFC-E, and Lipman, including how each employee is compensated, by whom, who manages the human resources aspects of each type of employee, who pays for each type of employees workers compensation coverage, who is responsible for each type of employee, who has the power to fire each type of employee, and who controls the manner and method in which the employees perform.

**OBJECTION:** This interrogatory is objected to on the grounds that it is overbroad and therefore not relevant to a claim or defense. It seeks information concerning all employees of Kuzzens, including those with no involvement in the claims and defenses of the parties, as well as entities which are not a party to this litigation and have no involvement in the operation of the bus which was involved in the accident which is the subject of this action. It requests information about personnel and employees who had no involvement whatsoever in the events and circumstances of the operation of the bus involved in the accident. Accordingly, the interrogatory exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26.

12. Describe in detail the corporate structure of Lipman, Six L's Packing, LFC-A, LFC-E, and Kuzzens, including how they relate to one another, the type and nature of the business of each entity, the names of all corporate officers and managers for each entity, the corporate address for each entity, and whether Kuzzens, Six L's, LFC-A, LFC-E, or Lipman maintains a

2

human resources department responsible for overseeing employees for each respective entity.

**OBJECTION:** This interrogatory is objected to on the grounds that it is overbroad and does not seek information regarding matters that are relevant to a party's claim or defense. In particular, the interrogatory seeks details concerning the corporate structure of companies which are not parties to the case and which had no involvement in the operation of the bus which caused the accident which is the subject of the action. The interrogatory further seeks the identity of officers and managers for companies and entities which are not parties to this action and did not have involvement in the operation of the bus which caused the accident which is the subject of this action. Accordingly, the interrogatory seeks discovery beyond the scope and limits set forth in Federal Rule of Civil Procedure 26(b)(1).

KUZZENS, INC.

By _____
Of Counsel

James E. Brydges, Jr., Esquire
Brian N. Casey, Esquire
TAYLORWALKER P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections to Plaintiffs' First Set of Interrogatories to Kuzzens, Inc. were mailed first-class, postage prepaid to Patrick Brogan, Esquire, Bryan K. Meals, Esquire, DAVEY & BROGAN, P.C., 101 Granby Street, Suite 300, Norfolk, VA 23514-3188; Todd M. Fiorella, Esquire, FRAIM & FIORELLA, P.C., Town Point Center, 150 Boush Street, Suite 601, Norfolk, VA 23510; James R. Jebo, Esquire, Michael E. Harman, Esquire,

3

Lynne J. Blain, Esquire, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Post Office Box 70280, Richmond, VA 23255; and to H. Robert Yates, III, Esquire, Alexander K. Page, Esquire, LeCLAIR RYAN, 123 East Main Street, Eighth Floor, Charlottesville, VA 22902, this 2 day of March, 2013.

Brian N. Casey

4



# DAVEY & BROGAN, P.C.

Philip N. Davey
Patrick M. Brogan*
Bryan K. Meals
Christopher N. Harrell
R. Arthur Jett Jr.**
*also licensed in North Carolina
** Of Counsel

May 20, 2013

Brian N. Casey, Esquire
Taylor Walker, P.C.
555 East Main Street, Suite 1300
Norfolk, VA 23510

> Re: Kathleen Kitterman et al. v. Claudio Tovar-Guzman, Fortino Garcia and
> Sons Harvesting, Inc. and Kuzzen's, Inc.
> Civil Action No. 2:12 cv146
> Incident of July 2, 2011

Dear Brian:

Thank you for Kuzzen's Inc.'s objections to Plaintiffs' first set of discovery including Interrogatories, Request for Production of Documents and Request for Admissions and Kuzzen's objections to Plaintiffs' second set of interrogatories. I must commend you on your practice of objecting promptly instead of waiting for the last minute, which I am prone to do. I would like to review your objections in an attempt to resolve some if not all of your concerns.

At the outset I reiterate for both of our benefit that the standard for relevance in discovery is broader than that which is admissible at trial. Rule 26(b)1 states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." I will review your objections and reply to each individually below.





Brian N. Casey, Esquire
May 20, 2013
Page 2

## Plaintiff's Responses To Kuzzen's Objections

### Plaintiffs' First Set of Interrogatories

INT #5:      You object to identifying all agreements between or among Kuzzin's, Inc. and various companies that share Kuzzen's fictitious name, Lipman, in connection with transporting workers or farm laborers to Kuzzen's farm or planting harvesting of tomatoes from Kuzzen's farm in the United States including any agreements for the procuring, servicing, supporting or recruiting of workers to work on the farms or facilities of the other." Specifically, you object because the interrogatory is "overbroad and not relevant to a claim or defense of the parties." Additionally you object because the agreements we seek are "agreements entered into by companies, entities and individuals who are not parties to this litigation and who were not involved in the operation of the bus which caused the accident which is the subject of this action."

Kuzzen's has denied that it employed Tovar-Guzman; however, he worked on its farm in South Carolina and was headed to work on its farm in Virginia. Any agreement between Kuzzen's and any entity for the planting, cultivating or harvesting of tomatoes from Kuzzen's farms is relevant to our claim that Kuzzen's employed Tovar-Guzman or to Kuzzen's defense that it did not employ Tovar-Guzman especially since we know he worked on Kuzzen's farm during June 2011, yet you deny Kuzzen's employed him. At the very least, the agreement to procure, service, support or recruit workers for Kuzzen's farms is clearly relevant to the issue of who was Tovar-Guzman's employer.

In response to USAA's interrogatory #11, Kuzzen's states that LFC Enterprises, Inc. is the named insured of a Travelers Property Casualty Company of America insurance policy which may provide coverage in the event of a recovery. If a policy issued to LFC Enterprises, Inc. may provide coverage to Kuzzen's it suggest that there is/are agreements between the two regarding the transportation of such workers, which frankly is exactly the issue in the trial. As part of its initial disclosures, Kuzzen's delivered an agreement purportedly between LFC Agricultural Services, Inc., and Fortino Garcia and Son's Harvesting, Inc. that, in part, concerned transportation of migrant workers. Other than the other defendants and David Garcia, whom you have admitted acted on behalf of Kuzzen's, we have sought information only about companies that share the fictitious name "Lipman." As Lipman's web site proclaims and we have alleged in our complaint, these companies identified in Interrogatory #5 are parts of "Lipman's vertically integrated network of operations that follows produce from seed to delivery." Agreements between closely held companies all operating under the same fictitious name and operating together to harvest the produce from Kuzzen's farm are

 Brian N. Casey, Esquire
May 20, 2013
Page 3

relevant to the triable issues or at least appears reasonably calculated to lead to the discovery of admissible evidence.

In the spirit of compromise we will limit the agreements to those among and between the companies listed but only for those agreements which are applicable for Kuzzen's farm in, to and from South Carolina and Virginia.


**INT #10:**      Interrogatory #10 asks Kuzzen's to "Describe the types of employees employed by Kuzzen's, Six L's, LFC-A, LFC-E and Lipman, including how each employee is compensated, by whom, who manages the human resources aspects of each type of employee, who pays for each type of employees workers compensation coverage, who is responsible for each type of employee, who has the power to fire each type of employee, and who controls the manner and method in which the employees perform."

You objected as being overbroad, seeking information concerning all employees of Kuzzens including those with no involvement in the claims and defenses to the parties as well as entities which are not a party to this litigation... and it requests information about personnel and employees who had no involvement whatsoever in the events and circumstances of the operation of the bus involved in the accident..."

In Interrogatory #10 we seek information regarding the division of labor between and among the companies that make up Lipman's vertically integrated network of operations that follows produce from seed to delivery. Because Kuzzen's denies that it employed Tovar-Guzman, yet we know he worked on Kuzzen's South Carolina farm in June 2011, we can only assume that Kuzzen's has complex arrangements in a vertically integrated network to harvest the crops from Kuzzen's farms or that Kuzzen has no idea who works their farms. Either way, we need to explore Kuzzen's ability to know who works on its farm. Additionally, Kuzzen's admits that David Garcia acts on its behalf and signs documents on behalf of Kuzzen's, agreeing that Kuzzen's will pay the workers compensation premium for the workers while they are being transported to Kussen's farm, yet David Garcia is an employee of one of the other Lipman entities. Kuzzen's now objects to producing his employment records because he allegedly had no involvement in the operation of the bus. This case involves more than the mere operation of the Bus. In order to show Kuzzen's involvement in the transportation of workers and their equipment from ne farm to another, we need to understand the means and methos by which Kuzzen's obtained and transported workers for its farms. We believe the answer to



Brian N. Casey, Esquire
May 20, 2013
Page 4

this interrogatory is relevant to show the division of labor or the blurring of those lines to show that Kuzzen's did in fact employ Tovar-Guzman.

In the spirit of compromise, we agree to limit this interrogatory to employees involved in harvesting operations for Kuzzen's farms in South Carolina and/or Virginia and the transportation of workers to, from and between these two farms. Although this interrogatory does not ask Kuzzen's to name the particular employees, we do seek that information in a subsequent interrogatory. We believe the information sought with respect to the job descriptions will help explain the division of responsibilities. We also believe that the names of the individuals who worked on Kuzzen's farm in South Carolina in June 2011 will help identify potential witnesses who can help us explain the dilemma of someone working on Kuzzen's farm without Kuzzen's computers knowing about it.

**INT #12:**    In Interrogatory #12, we ask for Kuzzen's to describe the corporate structure of Lipman. In its 12(b)(6) motion Kuzzen's denies any control over Tovar-Guzman, yet Fortino Garcia testified that Lipman, whom he believes is a fictitious name for Kuzzen's, has a HR department that hires and fires the various employes through its set procedures. In furtherance of our claim that Tovar-Guzman was an employee of Kuzzen's and that Lipman is a fictitious name for Kuzzens's and that Lipman is also a fictitious name for each one of the other entities named in this interrogatory, we believe that the answer to this interrogatory is relevant or, at least, may lead to admissible evidence. We do not believe the question is overly broad. Indeed all of the companies listed have the same corporate address and each one probably has a function within the planting harvesting and packaging of produce for the market. The relationship is relevant to prove that when Fortino Garcia testified that Lipman hires the workers and that Kuzzen's is Lipman he was not mistaken and that in fact they are each a cog in the wheel that is Lipman and as such are agents of Kuzzen's with respect to the actions they take on its behalf.

**Requests for Production and Requests for Admission**

**RFP #9 through Int. #17 and Requests for Admission #3 through #5:**    In Request for Production #9 through #17 and Request for Admissions we focus on the employment relationship of Kuzzen's to Tovar-Guzman and other workers on its farms and traveling between its farms and the relationship of Kuzzen's to Lipman and Lipman's subsidiaries. Generally, Kuzzen's objects to these requests on the grounds that that they are overbroad and not relevant to a claim or defense. Additionally, Kuzzens asserts Rule



Brian N. Casey, Esquire
May 20, 2013
Page 5

26(b)(1) claiming that the requests are for persons who had no involvement in the operation of the Bus which caused the accident which is subject of this action.

One of the issues in this case is the underlying relationship between Kuzzen's and additional subsidiaries of Lipman Enterprises, Inc. or other entities using Lipman's fictitious name and how these entities are tied to methods and structure of employment of Tovar-Guzman and other seasonal workers. These workers harvest the farms and travel between the farms for the benefit of Kuzzens and other Lipman entities. We do not believe these requests are overly broad. Seeking documentation revealing the vertically integrated corporate structure as it applies to the employment of farm labor falls within the discovery standard. Further, identifying who works on the farms, for whom the workers are employed, how they are paid and directed, who travels between the farms, for whom, the corporate relationships governing these activities, and how the workers are transported are significant issues in the case.

Lipman Enterprises, Inc. and the Lipman's corporate structural umbrella is a maze of many companies appearing to control the workers at various times. As an outsider looking in it is very tough to determine what role Kuzzen's plays relative to its corporate brothers and sisters or if Kuzzen's plays some of the same role of its corporate brothers and sisters. We have narrowed the contracts or agreements to those having to do with providing services for the hiring, employing, and transporting of labor to harvest the farms and where possible narrowing our requests to Tovar-Guzman, the driver of the Bus. Kuzzen's labor is brought to and between the farms on the Bus. If there are contracts between Kuzzen's and other Lipman entities that speak to these issues, these documents are discoverable. Therefore, this request does not exceed the scope of Rule 26(b)(1).

You also object because this requests "seeks documents regarding contracts and agreements between Kuzzen's and entities who are not parties to this action and who have no involvement in the operation of the bus which caused the accident which is subject of this action. We take issue with this theory as an objection. Kuzzen's is but one of many companies falling under the vertically integrated umbrella of Lipman Enterprises, Inc. As an outsider looking in one cannot decipher which company handles which phase of Lipman's business or even to determine the nature of Lipman's vertical integration as it claims publically on its website.

Kuzzen's own discovery responses undermine this theory of objection. Kuzzen's provided in its answers to discovery documents showing Tovar-Guzmans employment relationship with LFC Agricultural Services, Inc. and titled the documents Kuzzen's



Brian N. Casey, Esquire
May 20, 2013
Page 6

Bates-stamped Documents 00001-00096.  While it is apparent these documents are provided to establish Tovar-Guzman's employment with Kuzzen's, the documents were clearly provided by LFC Agricultural Services, Inc.  This type of response heightens our curiosity as to the Lipman's corporate structure and the employment relationships within Lipman's web of corporate entities. I argue that Kuzzen's has waived this objection by labeling bate-stamps documents as Kuzzen's responses that are clearly business records provided for and kept by another Lipman entitiy, LFC Agricultural Services, Inc.  Finally, the insurance policy covering your legal fees in this case is a policy issued to LFC Enterprizes, Inc. and not Kuzzen's.

**RFP #24:**    In RFP #24 we ask that Kuzzen's produce any and all documents relating in any way to this litigation, including documents to issues of liability, injury, or damages.  Kuzzen's has objection on the grounds that the request is vague and exceeds the scope of discovery.  We concede that this request is broad.  Having stated so, we will narrow our request to those documents specifically having to do with issues of liability, damages, and any claims or defenses you intend to prove at trial.

**RFP #25:**    In RFP #25 we ask that Kuzzen's produce any and all automobile business or personal insurance policies applicable to this accident which might provide coverage for Kuzzen's, LFC Agricultural Services, Six L's Packing, Inc. and/or Lipman Produce.  Kuzzen's has objected again on the grounds that the request is overbroad and seeks information from non parties.  As I noted above, the issue of who the employment structure between Lipman's entities as it relates to farm workers and farm workers transportation between the farms to support harvesting the farms is an important issue in the case.  If there are insurance policies that provide coverage for the accident wherein the named insured's is Kuzzen's and or another entity using Lipman's fictitious name this is discoverable information.

### Kuzzen's Deficient Answers to Plaintiff's Interrogatories and Request for Production

Notwithstanding Kuzzen's foregoing objections to Plaintiff's First Set of Interrogatories and Requests for Production, Kuzzen's answers are deficient. Kuzzen's has only partially responded to the Plaintiff's interrogatories and requests.  Please allow us to take a moment to further clarify the information we seek:



Brian N. Casey, Esquire
May 20, 2013
Page 7

## Interrogatories

Int. #3:    Kuzzen's answer to interrogatory #3 refers to Bates-stamped numbered documents Kuzzen's 00001-00096, produced. Bates documents Kuzzen's 00001-00096 fail to provide when Claudio-Tovar Guzman's ("Tovar-Guzman") employment with Kuzzen's terminated and who his supervisor was. Further, bates documents Kuzzen's 00001-00096 also fails to provide with particularity the capacity in which Tovar-Guzman worked and fails to provide a description of Tovar-Guzman's duties while working for Kuzzen's. Bates documents Kuzzen's 0001-00096 simply provides a basic payment classification listed on the wage records which does not provide an understanding of Tovar-Guzman's job functions or duties.

Int. #4:    Kuzzen's answer to interrogatory #4 also refers to Bates-stamped number documents Kuzzens 00001-00096, produced. Bates documents Kuzzens 00001-00096 fail to show the entity that paid Tovar Guzman. Further, bates documents Kuzzens 00001-00096 fail to show with particularity the entity responsible for securing workers' compensation coverage for Tovar-Guzman while employed on Kuzzen's farms. If the answer given is all the documentation that Kuzzen's has with respect to the working of Tovar –Guzman for the company for the five years it is understandable why Kuzzen's did not know that it was payng him to work on its farm during June 2011. If Kuzzen's cannot supplement this with the information for which we asked, we ask that you state so explicitly.

## Request for Production

RFP #4:    Plaintiff's request for production #4 concerns documentation supporting any employment relationship between Kuzzen's and Tovar-Guzman. While Kuzzen's has provided Bates-stamped documents Kuzzen's 00001-00096, it fails to provide a copy of Tovar-Guzman's ID card, which should also include his picture and a barcode, Tovar-Guzman's registration for each season he worked on Kuzzen's farms, Tovar-Guzman's employment application, and Tovar-Guzman's I-9 form submitted to the IRS by Kuzzen's as his employer and a certificate issued under the Migrant and Seasonal Workers Compensation Act..

RFP #5:    Plaintiff's request for production #5 concerns documentation supporting any employment relationship between Kuzzen's and Fortino Garcia. Kuzzen's has objected to this request on the grounds that it is vague and overbroad. Kuzzen's has only partially responded to this request. Specifically, we seek time and wage records for Fortino Garcia's employment with Kuzzen's, Fortino-Garcia's Human



Brian N. Casey, Esquire
May 20, 2013
Page 8

Resources file, Fortino Garcia's employment application, Fortino-Garcia's tax documentation including W-2's, W-4's, 1099's, I-9, State of Florida tax forms, and Fortino-Garcia's ID card.  In an effort to address your objection we will limit our inquiry to the last five years.

RFP #7:     Notwithstanding Kuzzen's objection to request #7, Plaintiffs seek information relevant to the transportation of Kuzzen's workers on the bus to and from Kuzzen's farms in Virginia and South Carolina, who.  Plaintiffs seek documentation relative to who directed the transportation of Kuzzen's workers between its SC and VA farm, dictated when the workers were to depart Kuzzen's South Carolina farm and when the workers were to arrive at Kuzzen's VA farm, and required Kuzzen's workers to carry their own equipment from farm to farm.

RFP #14:     Notwithstanding Kuzzen's objection to request #14, Plaintiffs seek the names, addresses, phone numbers, and ID numbers of workers harvesting crops on Kuzzen's South Carolina farm in June, 2011.  This information appears reasonably calculated to lead to the discovery of admissible evidence in that these individuals might further assist Plaintiffs in determining why Tovar-Guzman was present on Kuzzen's South Carolina farm and ended up operating the Bus which transported Kuzzen's workers equipment to Kuzzen's Virginia farm.

RFP #15:     Notwithstanding Kuzzen's objection to request #15, Plaintiffs seek the names, addresses, phone numbers, and ID numbers of workers harvesting crops on Kuzzens Virginia farm in July, 2011.  This information appears reasonably calculated to lead to the discovery of admissible evidence in that these individuals might further assist Plaintiffs in determining why Tovar-Guzman operated a bus headed for Kuzzen's Virginia farm which carried Kuzzen's workers farm equipment.

RFP #16:     Notwithstanding Kuzzen's objection to request #16, Plaintiffs seek the Payroll Detail Report for all workers harvesting Kuzzen's South Carolina farm between June 1, 2011 and June 30, 2011.

 Brian N. Casey, Esquire
May 20, 2013
Page 9


Please do not hesitate to contact me any questions or concerns.  Thank you for your attention to this matter.

Sincerely,

Patrick M. Brogan


PMB/
cc:   Todd M. Fiorella, Esq.
      James R. Jebo, Esq.
      Michael E. Harman, Esq.
      Lynne J. Blain, Esq.
      H. Robert Yates, III, Esq.
      Alexander K. Page, Esq.



DAVEY &
BROGAN, P.C.

Philip N. Davey
Patrick M. Brogan*
Bryan K. Meals
Christopher N. Harrell
R. Arthur Jett Jr.***
*also licensed in North Carolina
**licensed in Alabama
***Of Counsel

September 23, 2013

Brian N. Casey, Esquire
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA  23510

      Re:    Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and
              Evan Jones v. Claudio Tovar-Guzman, Fortino Garcia and Sons Harvesting, Inc.
              and Kuzzens, Inc.
              <u>Civil Action No:  2:12cv146</u>

Dear Brian:

      Please allow me to take the opportunity to follow up on some outstanding discovery
requests.  While Kuzzens has objected to much of Plaintiffs' discovery, we believe these
Interrogatories and Requests for Production are relevant and well within the standards set forth
by Rule 26.  Below we include Plaintiffs' justification for each item.   In accordance with Fed. R.
Civ. P. 37(a)(1) and Local Rule 37(E), we hope that we can resolve these discovery disputes
without the need to seek intervention by the Court.

      Additionally, please allow me to also refer you to my May 20, 2013 letter in which we
addressed Kuzzens' responses to Plaintiffs' first set of discovery, including Interrogatories,
Requests for Production of Documents and Requests for Admissions.  To date, Plaintiffs have
yet to receive much of the information requested in that letter, nor has Kuzzens withdrawn its
objections to Plaintiffs' first set of discovery.  Specifically, in Interrogatory #5 we requested the
agreements "between or among Kuzzens', Six L's Packing, Inc., LFC Agricultural Services.
("LFC-A"), LFC Enterprises ("LFC-E"), Lipman, Lipman Produce, and Fortino Garcia & Sons
Harvesting.  Kuzzens' has yet to produce this information.  Based on the particulars obtained to
date, Kuzzens appears to be intricately connected to LFC-A, LFC-E, LFC Management Services,
and Lipman, generally.  Not only does Fortino Garcia advise us through his deposition that
Kuzzens "is Lipman" but Kuzzens also has the same managers, officers, and directors as
Lipman.  Further, Kuzzens' responses to discovery regarding its employee records were provided
on LFC-A payroll records.

      If Kuzzens plans on maintaining its objection that Plaintiff's seek information from a
non-party litigant and persists in declining to produce this discovery, we will need to amend our
complaint to include the proper entities.  It is important we obtain these Agreements so that we
can amend the Complaint to include the proper defendants.  Please advise us whether Kuzzens



 Brian N. Casey, Esq.
September 23, 2013
Page 2

plans to produce this information and when we can expect receipt, or in the alternative, whether we should immediately move to compel the information requested.

<u>Plaintiff's Second Request for Production of Documents:</u>

In Request #34 we seek the Minutes for corporate meetings in which the employment of migrant labor was discussed since January 2009. Kuzzens' objected on the grounds that the Request is overbroad and not related to a claim or defense of a party. While Fortino Garcia states that Tovar-Guzman was working on Kuzzens' South Carolina farm in June 2011, Kuzzens denies this fact. There is no argument that for the periods Tovar-Guzman was employed by Kuzzens, he was employed in the capacity of a migrant laborer. Tovar-Guzman and many of his migrant labor cohorts use invalid social security numbers. It is possible, and we have reason to believe, that Lipman's management recognized the problem of hiring illegal aliens on numerous occasions and turned a blind eye to the practice. If Lipman is hiring illegal aliens; that is, individuals using fake names and identifications to harvest their crops, that point is important and clearly relevant to the issue of whether Tovar-Guzman may have been working on Kuzzens' farm in June 2011 even without the employment records showing that he was working under that name. Whether Kuzzens knows who was working for it at the time of the accident is a question in the case making this Request relevant.

In Request #36 we seek Kuzzens' financial statements from January 2009 to December 2012. Kuzzens objects to this Request on the grounds that it exceeds the scope of discovery set forth in Rule 26 as, it argues, all financial statements are not relevant. Kuzzens further avers that financial statements do not offer information concerning Tovar-Guzman's employment at the time of the accident.

We seek Kuzzens financial statements to understand how Kuzzens is connected to Lipman. If Kuzzens' financial statements are included within Lipman's corporate umbrella, it goes to the fact that each of the Lipman companies act as agents for the others and that actions by LFC Agricultural employees and LFC Management employees act as agents for Kuzzens'. These same arguments apply to Request #38 wherein we seek Kuzzens' profit and loss statements from 2009 to 2012. We may further narrow our request if you merely state under which Lipman entity they file their consolidated tax return.

In Request #37 we seek Kuzzens' tax returns and if consolidated a copy of the consolidated tax returns from 2009 to 2012. Kuzzens objects to this request because the request exceeds the scope of Rule 26. We disagree. Kuzzens' tax returns will show whether Kuzzens files as an individual corporate entity or with other Lipman entities or as Lipman generally in a consolidated fashion. For the same reasons set forth above, this information is relevant. The information is also relevant to determine whether there are additional entities that should be defendants in this case. Kuzzens continues to respond to discovery on its own, claiming that our requests exceed scope because we seek information from non-party's to the litigation. If there are additional entities within Lipman's umbrella that either employed Tovar-Guzman, or involve themselves in the employ of migrant labor traveling between Kuzzens' South Carolina and

 Brian N. Casey, Esq.
September 23, 2013
Page 3

Virginia farms, we are entitled to learn the identity of those entities.  In the alternative to providing Kuzzens' tax returns, we are willing to accept information on whether Kuzzens files its own return, or in the alternative, a consolidated return.  In the instance that Kuzzens files a consolidated return, we wish to know what other entities it files with so that we may properly move to amend our Complaint to include proper defendant(s).

<u>Plaintiff's Fourth Set of Interrogatories:</u>

In Interrogatory #18 and #19 we seek the bank or financial institutions that Kuzzens or LFC Ag. uses to maintain payroll for workers on Kuzzens' South Carolina and Virginia farms from June 2009 to December 2012.  Again, Kuzzens objects to the Plaintiffs Request on relevancy grounds.  Kuzzens' bank and financial information used for payroll for workers on its South Carolina farm is relevant to determine if Kuzzens paid Tovar-Guzman, Fortino-Garcia, or Fortino Garcia and Son's Harvesting, Inc.  The information is also relevant to determine if Kuzzens maintains the payroll accounts or another entity, like LFC Ag., processes the payroll for Kuzzens' employees.

We choose the timeframe of June 2009 to December 2012 because Kuzzens states that Tovar-Guzman was working for it in 2009.   We extend our request into December 2012 to determine if Tovar-Guzman was on the payroll at any time after 2009 leading up to the accident in July 2011 or was paid by Kuzzens at sometime after the accident.

We appreciate your entertaining our position as to the relevancy of the Plaintiffs' outstanding discovery.  We hope that this letter will assist you in generating Kuzzens' substantive responses to Plaintiffs first set of discovery, including Interrogatories, Requests for Production of Documents, Requests for Admissions, Plaintiffs' Second Requests for Production of Documents, and Fourth Set of Interrogatories.   Notwithstanding, we are prepared to seek intervention by the Court should we not receive the requested information on or before October 42013.  Barring receipt of Kuzzens' prompt and complete substantive responses, we intend to file a Motion to Compel.

Thank you for your cooperation in this matter.

Sincerely,

*Patrick M. Brogan /dt*

Patrick M. Brogan

PMB/dt
cc:    Todd M. Fiorella, Esquire
       James R. Jebo, Esquire
       H. Robert Yates, Esquire

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN, et al.

      Plaintiff(s),

v.                                                          Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,

FORTINO GARCIA AND SONS
HARVESTING, INC.

and

KUZZEN'S, INC.

      Defendant(s).

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF
DOCUMENTS TO KUZZEN'S, INC.**

Comes now Plaintiffs, by counsel, and pursuant to Fed.R.Civ.P. Rules 26 & 34, EDVA

Local Rule 26, propound these Requests for Production of Documents to Defendant, Kuzzen's,

Inc. (hereinafter referred to as "Kuzzen's") to be answered under oath in accordance with the

Federal Rules of Civil Procedure and the Local Rules of Court.

<u>APPLICABLE PRINCIPLES & RULES</u>

These requests are limited to any non-privileged document or thing that is relevant to any

party's claim or defense – including the existence, description, nature, custody, condition and

location of any documents or other tangible things.

You are requested to:

(1) produce or permit Plaintiffs or their representative to inspect, copy, test, or sample the

EXHIBIT

following items in the your possession, custody, or control: (A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form; or (B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by you, so that Plaintiffs may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

For each item or category, the response must either state that inspection and related activities will be permitted as requested, or produce copies of the documents requested, or state an objection to the request, including the reasons.   When you withhold information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, you must:

(1)   expressly make the claim; and

(2)   describe the nature of the documents, communications, or tangible things not produced in a manner that, without revealing the information itself privileged or protected, will enable **[other parties]** to assess the claim.

An objection to part of a request must specify the part and permit inspection of the rest, or produce copies showing that the privileged or protected information has been redacted.  Your response may state an objection to a requested form for producing electronically stored information. If you object to a requested form — or if no form was specified in the request — you must state the form or forms you intend to use.  All grounds for an objection to a request shall be stated with specificity.  Any ground not stated in a timely objection is waived unless

your failure to object is excused by the court for good cause shown.

You must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.  If a request does not specify a form for producing electronically stored information, you must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and you need not produce the same electronically stored information in more than one form.  In this case, Plaintiffs seek only "hard copy" (or a scanned copy) of those documents you are required to produce by these requests.

"Collision" and "Accident" shall mean the incident that occurred on July 2, 2011 in the right northbound lane of Route 13 in Nassawadox, Virginia, in which a van operated and occupied by the plaintiff's (hereinafter the "Van") was violently struck in the by a bus operated by the defendant Claudio Tovar-Guzman ("Guzman") and owned by Defendant Fortino (hereinafter the "Bus") the event giving rise to this litigation.

These Requests for Production are continuing.  If, after you first provide answers to them, you acquire additional responsive information, you are required to supplement your responses within a reasonable time

## REQUESTS FOR PRODUCTION

30.    Produce a copy of the orientation video that is shown to new employees.

**RESPONSE:**

31.    Produce a copy of the Company's benefit plan, including the health, vacation and

sick leave plan, profit sharing plan, and pension and 401k plan.

**RESPONSE:**

32.    Produce a copy of Kuzzen's Articles of Incorporation.

**RESPONSE:**

33.    Produce a copy of Kuzzen's by-laws.

**RESPONSE:**

34.    Produce all meeting minutes for any all corporate meetings in which the employment of migrant labor was discussed since January 2009.

**RESPONSE:**

35.    Produce a complete list of Kuzzen's Board of Directors.

**RESPONSE:**

36.    Produce any and all of Kuzzen's financial statements from January, 2009 to December 31, 2012.

**RESPONSE:**

37.    Produce a copy of Kuzzen's tax returns and if consolidated a copy of the consolidated tax returns from 2009 to 2012.

**RESPONSE:**

38.    Produce a copy of Kuzzen's profit and loss statements from 2009 to 2012 or in the alternative, if monthly statements are not available, yearly statements from 2009 to 2012.

**RESPONSE:**

39.    Produce any and all information in Kuzzen's Ag Worker Computer System for

Claudio Tovar-Guzman.

**RESPONSE:**

40.   Produce the Ag Worker document that identifies each individual working with Crew

Leader 270 for June 1, 2011 through July 6, 2011.

**RESPONSE:**

41.   Produce the Ag Worker document that identifies each individual working with Crew

Leader 670 for July 1, 2011 through August 31, 2011.

**RESPONSE:**

42.   Produce the detailed payroll report for each individual appearing on documents

requesting in Requests for Production No. 40 and No. 41.

**RESPONSE:**

43.   Produce files of each individual identified to have worked on Kuzzen's South

Carolina farm during June 2011.

**RESPONSE:**

44.   Produce the day labor tickets for Kuzzen's South Carolina farm for June 2011.

**RESPONSE:**

45.   Produce the workers compensation policy providing worker's compensation

coverage for Kuzzen's farm labor on both Kuzzen's South Carolina and Virginia

farms during 2011.

**RESPONSE:**

46.     Produce a copy of the insurance policy providing coverage to Kuzzen's in this litigation.

**RESPONSE:**

KATHLEEN KITTERMAN, et al.

By: _Patrick M Brogan_

Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2013, a true copy of the foregoing  Request for Production of Documents was forwarded via U.S. Mail, postage prepaid and via e-mail to the following:

Brian N. Casey, Esquire (VSB No. 26710)
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:     (757) 625-7300
Facsimilie:     (757) 625-1504
Email:          bcasey@taylorwalker.com

H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email:          Robert.Yates@leclairryan.com
                Alexnder.Page@leclairryan.com

Todd M. Fiorella, Esquire (VSB No. 30238)
John Baker
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone:      (757) 227-5900
Facsimilie:     (757) 227-5901
Email:          tmfiorella@ff-legal.com

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:      (804) 747-5200
Facsimile:      (804) 747-6085
E-mail:         jjebo@hccw.com
                mharman@hccw.com


Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

      Plaintiffs,

v.                                  Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,

      Defendants.

## OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO KUZZENS, INC.

31. Produce a copy of the Company's benefit plan, including the health, vacation and sick leave plan, profit sharing plan, and pension and 401k plan.

**OBJECTION:** This request is objected to because it exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) because it does not seek a matter that is relevant to any party's claim or defense. The company's benefit plan, including the health, vacation and sick leave plan, profit-sharing plan, and pension and 401k plan, are not relevant to plaintiffs' claim against Kuzzens for vicarious liability for the negligent operation of a motor vehicle by defendant Tovar-Guzman. The benefit plan also does not relate to any defense asserted.

32. Produce a copy of Kuzzens' Articles of Incorporation.

**OBJECTION:** This request is objected to on the grounds that the Articles of Incorporation for Kuzzens, Inc., are not relevant to a claim or defense of a party and the request



is therefore beyond the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).

Kuzzens' Articles of Incorporation are not relevant to plaintiffs' claim that Claudio Tovar-

Guzman was employed by Kuzzens and acting in the scope of the employment at the time of the

accident. They are neither relevant to any defense raised by Kuzzens.

33. Produce a copy of Kuzzens' by-laws.

**OBJECTION:** This request is objected to on the grounds that the by-laws for Kuzzens,

Inc., are not relevant to a claim or defense of a party and the request is therefore beyond the scope

of discovery set forth in Federal Rule of Civil Procedure 26(b)(1). Kuzzens' by-laws are not

relevant to plaintiffs' claim that Claudio Tovar-Guzman was employed by Kuzzens and acting in

the scope of the employment at the time of the accident. They are neither relevant to any defense

raised by Kuzzens.

34. Produce all meeting minutes for any all corporate meetings in which the employment

of migrant labor was discussed since January 2009.

**OBJECTION:** This request is objected to on the grounds that it is overbroad and not

related to a claim or defense of a party. The minutes of any corporate meeting of any kind in

which the employment of migrant labor was mentioned since January, 2009, are not relevant to

the issue of Claudio Tovar-Guzman's employment at the time he was driving Fortino Garcia and

Sons Harvesting, Inc.'s bus when it rear-ended plaintiffs' van.

36. Produce and all of Kuzzens' financial statement from January, 2009 to December 21,

2012.

**OBJECTION:** This request is objected to on the grounds that it exceeds the scope of

discovery set forth in Federal Rule of Civil Procedure 26(b)(1) as all financial statements of

2

Kuzzens are not relevant to the issue whether Claudio Tovar-Guzman was employed by Kuzzens and acting in the scope of his employment at the time that he was driving the bus owned by Fortino Garcia and Sons Harvesting, Inc., when it rear-ended the van occupied by the plaintiffs on U.S. Route 13. Kuzzens' financial statements from January 2009 to December 31, 2012 do not offer information concerning Tovar-Guzman's employment at the time of the accident. Kuzzens' financial statements are also proprietary.

37. Produce a copy of Kuzzens' tax returns and if consolidated a copy of the consolidated tax returns from 2009 to 2012.

**OBJECTION:** This request is objected to on the grounds that it exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) as all tax returns of Kuzzens are not relevant to the issue whether Claudio Tovar-Guzman was employed by Kuzzens and acting in the scope of his employment at the time that he was driving the bus owned by Fortino Garcia and Sons Harvesting, Inc., when it rear-ended the van occupied by the plaintiffs on U.S. Route 13. Kuzzens' tax returns from 2009 to 2012 do not offer information concerning Tovar-Guzman's employment at the time of the accident.

38. Produce a copy of Kuzzens' profit and loss statements from 2009 to 2012 or in the alternative, if monthly statements are not available, yearly statements from 2009 to 2012.

**OBJECTION:** This request is objected to on the grounds that it exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) as all profit and loss statements of Kuzzens are not relevant to the issue whether Claudio Tovar-Guzman was employed by Kuzzens and acting in the scope of his employment at the time that he was driving the bus owned by Fortino Garcia and Sons Harvesting, Inc., when it rear-ended the van occupied by the plaintiffs

3

on U.S. Route 13. Kuzzens' profit and loss statements from 2009 to 2012 do not offer

information concerning Tovar-Guzman's employment at the time of the accident. Kuzzens'

profit and loss statements are also proprietary.

 43 Produce files of each individual identified to have worked on Kuzzens' South Carolina

farm during June 2011.

 **OBJECTION:** This request is objected to on the grounds that it exceeds the scope of

discovery set forth in Federal Rule of Civil Procedure 26(b)(1) as the files of each person who

work on Kuzzens' South Carolina farm during June, 2011, are not relevant to plaintiffs' claim or

a defense asserted. Furthermore, the files of individuals who worked on the farm contain

personal identifying information and other personal information not relevant to a claim or

defense asserted in this action.

         KUZZENS, INC.

         By _____
           Of Counsel

James E. Brydges, Jr., Esquire
Brian N. Casey, Esquire
TAYLORWALKER P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections to Plaintiffs' Second Request for Production of Documents to Kuzzens, Inc. were e-mailed and mailed first-class, postage prepaid to pbrogan@daveybroganpc.com; bmeals@daveybroganpc.com, Patrick Brogan, Esquire, Bryan K. Meals, Esquire, DAVEY & BROGAN, P.C., 101 Granby Street, Suite 300, Norfolk, VA 23514-3188; tmfiorella@ff-legal.com, Todd M. Fiorella, Esquire, FRAIM & FIORELLA, P.C., Town Point Center, 150 Boush Street, Suite 601, Norfolk, VA 23510; jjebo@hccw.com, mharman@hccw.com, James R. Jebo, Esquire, Michael E. Harman, Esquire, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Post Office Box 70280, Richmond, VA 23255; and to Robert.Yates@leclairryan.com, Alexander.Page@leclairryan.com, H. Robert Yates, III, Esquire, Alexander K. Page, Esquire, LeCLAIR RYAN, 123 East Main Street, Eighth Floor, Charlottesville, VA 22902, this 19th day of June, 2013.

Brian N. Casey

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

KATHLEEN KITTERMAN, et al.

      Plaintiff(s),

v.                                                                    Case No: 2:12cv146

CLAUDIO TOVAR-GOMEZ,
FORTINO GARCIA AND SONS
HARVESTING, INC.
and
KUZZEN'S, INC.

      Defendant(s).

### PLAINTIFFS' FOURTH SET OF INTERROGATORIESTO KUZZEN'S, INC.

NOW COME Plaintiffs, by counsel, and propound this Second Set of Interrogatories to Defendant, Kuzzen's, Inc. ("Kuzzen's"), to be answered in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court.

### INTERROGATORIES

18.    Please identify all banks or financial institutions in which Kuzzen's or LFC Agricultural Services, Inc., maintain payroll accounts for payment of earnings to workers on Kuzzen's farms in South Carolina and Virginia from June 2009 through December 2012, including in your answer the address for the bank, the name of the account holder and the account number for each account.

ANSWER:



19.    Please identify all banking and financial institutions used by Kuzzen's, Inc. for issuing the checks to Fortino Garcia & Son's Harvesting, Inc. listed in Exhibit A, as attached, including in your answer the address for the bank or financial institution, the name of the account holder for each account, and the account number for each account.

ANSWER:

KATHLEEN KITTERMAN, et al.

By: _/s/ Patrick M. Brogan_____

Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2013, a true copy of the foregoing Second Set of Interrogatories was forwarded via U.S. Mail, postage prepaid and via e-mail to the following:

Brian N. Casey, Esquire (VSB No. 26710)
James E. Brydges, Jr., Esquire
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Telephone:   (757) 625-7300
Facsimilie:   (757) 625-1504
Email:       bcasey@taylorwalkerlaw.com
             jbrydges@taylorwalkerlaw.com

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone:     (804) 747-5200
Facsimile:     (804) 747-6085
E-mail:        jjebo@hccw.com
               mharman@hccw.com


H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email:         robert.yates@leclairryan.com
               alexander.page@leclairryan.com


Todd M. Fiorella, Esquire (VSB No. 30238)
John Baker, Esquire
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone:     (757) 227-5900
Facsimilie:    (757) 227-5901
Email:         tmfiorella@ff-legal.com
               jbaker@ff-legal.com

Patrick Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100 (telephone)
(757) 622-4924 (facsimile)
pbrogan@daveybroganpc.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

      Plaintiffs,

v.                                Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,

      Defendants.

**OBJECTIONS TO PLAINTIFFS'
FOURTH SET OF INTERROGATORIES TO KUZZENS, INC.**

      Kuzzens, Inc. ("Kuzzens"), by counsel, for its objections to plaintiffs' fourth set of

interrogatories states as follows:

      18. Please identify all banks or financial institutions in which Kuzzens or LFC

Agricultural Services, Inc., maintain payroll accounts for payment of earnings to workers on

Kuzzens' farms in South Carolina and Virginia from June 2009 through December 2012,

including in your answer the address for the bank, the name of the account holder and the

account number for each account.

      **OBJECTION:** This interrogatory is objected to on the grounds that it seeks information

for a period of time that is not relevant to a claim of defense of a party.  In particular, it seeks

banking and financial institution account information for a three and a half year period despite

the action being for personal injuries which arose out of an automobile accident on a single day

in 2011.  Accordingly, the interrogatory is overbroad and not reasonably calculated to lead to the



discovery of admissible evidence. It thus exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).

19. Please identify all banking and financial institutions used by Kuzzens, Inc. for issuing the checks to Fortino Garcia & Sons Harvesting, Inc. listed in Exhibit A, as attached, including in your answer the address fo the bank or financial institution, the name of the account holder for each account, and the account number for each account.

**OBJECTION:** This interrogatory is objected to on the grounds that it exceeds the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) as it does not seek information or matters which are relevant to a claim or defense of a party. The interrogatory seeks banking and financial institution information used to issue checks to a farm labor contractor, Fortino Garcia and Sons Harvesting, Inc. Banking and financial institution information pertaining to the issuance of checks to Fortino Garcia and Sons Harvesting, Inc., is not relevant to plaintiffs' claim that Kuzzens, Inc. is vicariously liable for the negligence of Claudio Tovar-Guzman in the operation of a bus owned by Fortino Garcia and Sons Harvesting, Inc., at the time of the accident nor is it relevant to a defense asserted by Kuzzens, which claims that Tovar-Guzman was not an employee of Kuzzens at the time of the accident.

KUZZENS, INC.

By_____
Of Counsel

James E. Brydges, Jr., Esquire
Brian N. Casey, Esquire
TAYLORWALKER P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections to Plaintiffs' Fourth Set of Interrogatories to Kuzzens, Inc. were e-mailed and mailed first-class, postage prepaid to pbrogan@daveybroganpc.com; bmeals@daveybroganpc.com, Patrick Brogan, Esquire, Bryan K. Meals, Esquire, DAVEY & BROGAN, P.C., 101 Granby Street, Suite 300, Norfolk, VA 23514-3188; tmfiorella@ff-legal.com, Todd M. Fiorella, Esquire, FRAIM & FIORELLA, P.C., Town Point Center, 150 Boush Street, Suite 601, Norfolk, VA 23510; jjebo@hccw.com, mharman@hccw.com, James R. Jebo, Esquire, Michael E. Harman, Esquire, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Post Office Box 70280, Richmond, VA 23255; and to Robert.Yates@leclairryan.com, Alexander.Page@leclairryan.com, H. Robert Yates, III, Esquire, Alexander K. Page, Esquire, LeCLAIR RYAN, 123 East Main Street, Eighth Floor, Charlottesville, VA 22902, this 20 day of June, 2013.

Brian N. Casey