IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,**

    Plaintiffs,

v.                                                                     Case No. 2:12cv146

**CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
and KUZZENS, INC.,**

    Defendants.

**KUZZENS, INC.'s
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    Kuzzens, Inc. submits this brief in support of its motion for summary judgment.

**Listing of Undisputed Facts Pursuant to
Local Civil Rule 56(B)**

    1. Plaintiffs were the drivers and passengers in a minivan that on July 2, 2011 was stopped at a red light at the intersection of Rogers Drive and Route 13 in Nassawadox, Virginia, when a bus owned by Fortino Garcia and Sons Harvesting, Inc. and operated by Claudio Tovar-Guzman ("Tovar-Guzman") ran into the rear of the minivan, injuring the plaintiffs. *Amended Complaint ¶1.*

    2. No one hired Tovar-Guzman to drive the bus. He was not paid to do so and he was not supposed to drive it. *Fortino Garcia dep. p. 58-9, attached hereto as Exh. 1.*

    3. Fortino Garcia owns Fortino Garcia and Sons Harvesting, Inc., a Florida corporation, with his wife. *Exh. 1, Fortino Garcia dep. p. 14.*

    4. Fortino Garcia hired Victor Sanchez to drive the bus from South Carolina to Virginia

in June, 2011. *Exh. 1, Fortino Garcia dep. p. 35-6.*

5. Sanchez left South Carolina driving the bus on June 28 or 29, 2011. *Exh. 1, Fortino Garcia dep. p. 37.*

6. Sanchez was paid $200.00 in cash by Fortino Garcia to drive the bus. *Exh. 1, Fortino Garcia dep. p. 38, 40.*

7. If Victor Sanchez had not been available to drive the bus, Fortino Garcia was going to drive it himself. *Exh. 1, Fortino Garcia dep. p. 41.*

8. Tovar-Guzman knew that he was not supposed to drive the bus. *Exh. 1, Fortino Garcia dep. p. 42.*

9. Tovar-Guzman was an employee of LFC Agricultural Services, Inc., for the dates identified in LFC Agricultural Services' payroll report which is Exhibit 2 to the Rule 30(b)(6) deposition of Kuzzens, Inc., by Maria Jimenez. The payroll report is also attached as *Exh. 2* to this brief and identified by Jimenez in the 30(b)(6) deposition at pp. 28-30, attached hereto as *Exh. 3*.

10. Tovar-Guzman worked for LFC Agricultural Services, Inc., as an agricultural laborer on farms, including farms owned by Kuzzens, Inc., at various periods from 2005 through his last reported payroll work date of January, 2011. *Exh. 2, last work date shown on Bates No. Kuzzens-00083.*

11. Tovar-Guzman was not on the payroll of LFC Agricultural Services, Inc., at the time of the July 2, 2011 accident. *Exh. 2.*

12. Farm workers below the foreman level working at a Kuzzens' farm are employed by LFC Agricultural Services, Inc. *Jimenez dep. p. 11, attached hereto as Exh. 3.*

13. Tovar-Guzman was initially hired by LFC Agricultural Services, Inc. in May, 2005. *Tovar-Guzman personnel file, Exh. 1 to Jimenez dep., attached hereto as Exh. 4.*

14. Kuzzens does not employ agricultural workers or bus drivers and has no employees. *Exh. 3, Jimenez dep. p. 11.*

15. Tovar-Guzman was not employed by Kuzzens on July 2, 2011, the date of the accident. *Kuzzens' answers to plaintiffs' first set of interrogatories, 7, 11, attached hereto as Exh. 5.*

16. Kuzzens did not hire Tovar-Guzman to drive the bus involved in the accident. *Exh. 5, interrogatory answers 7, 11.*

## Summary Judgment Standard

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Fed.R.Civ.Proc. 56(a).* One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

## Principles of Law and Argument

**Claudio Tovar-Guzman was not an employee of Kuzzens, Inc., at the time of the accident and therefore Kuzzens, Inc. is not liable under a theory of *respondeat superior* for Tovar-Guzman's negligence.**

Plaintiffs' claim against Kuzzens is based on Virginia's law of *respondeat superior*. *Amended Complaint ¶53.* Virginia law holds an employer liable for all damages proximately caused by the negligence of its employee while acting within the scope of that person's employment. *Gina Chin & Associates v. First Union Bank,* 260 Va. 533, 540, 537 S.E. 2d 573,

576 (2000). To determine whether an employee is acting within the scope of his employment, one must consider (1) whether the act was expressly or impliedly directed by the employer, (2) whether the act was in the ordinary course of business or naturally incident to the employer's business, (3) whether the act was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, and (4) whether the act was performed from some impulse or emotion that was the natural consequence of an attempt to do the employer's business. *Id.* at 541, 537 S.E. 2d at 577.

A plaintiff who seeks to recover from an employer for injuries caused by an employee must establish that the employer-employee relationship existed at the time of the injuries. *Sayles v. Piccadilly Cafeterias, Inc.,* 242 Va. 328, 332, 410 S.E. 2d 632, 634 (1991). "The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time and in respect to the very transaction out of which the injury arose." *Id.,* quoting *Blair v. Broadwater,* 121 Va. 301, 308, 93 S.E. 632, 634 (1917). In order to recover against Kuzzens, the plaintiffs have the burden of proving by the greater weight of the evidence that Tovar-Guzman was Kuzzens' employee, that Tovar-Guzman was negligent while acting within the scope of his employment, and that his negligence proximately caused damage to the plaintiffs. *Id.;* see also, *Virginia Model Jury Instruction No. 8.020, Matthew Bender & Company, Inc.*

The undisputed material facts are that Fortino Garcia and Sons Harvesting, Inc., hired Victor Sanchez to drive the bus, which was owned by Fortino Garcia and Sons Harvesting, Inc., from Kuzzens' farm in South Carolina to Kuzzens' farms on the Eastern Shore of Virginia. At

some point along the trip, however, Tovar-Guzman drove the bus and was driving it at the time of the accident.  No one employed Tovar-Guzman to drive the bus.

Neither Kuzzens, Inc., nor LFC Agricultural Services, Inc., the employer of farm labor workers for Kuzzens' farms, hired Sanchez or Tovar-Guzman to drive the bus.  Tovar-Guzman was not on LFC Agricultural Services, Inc.'s payroll at the time of the accident.  Kuzzens, Inc., does not employ anyone to drive buses.  Tovar-Guzman was not employed by Kuzzens on July 2, 2011 and therefore he was not acting in the scope of his employment with Kuzzens at the time of the accident. Because Tovar-Guzman was not employed by Kuzzens, plaintiffs cannot recover against Kuzzens on a *respondeat superior* theory and Kuzzens is therefore entitled to summary judgment.

## Conclusion

For the reasons stated in this brief and supported by the exhibits thereto, there being no material facts in dispute, Kuzzens is entitled to summary judgment as the alleged negligent operator of the bus involved in the accident was not an employee of Kuzzens.

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Patrick Brogan, Esquire
Virginia State Bar No. 25568
Attorneys for Kathleen Kitterman, Anna Cronin, Corrie Ball,
    Marvin Ball, Margaret Brogan and Evan Jones
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100
(757) 622-4924 (fax)
pbrogan@daveybroganpc.com

James R. Jebo, Esquire
Virginia State Bar No. 48418
Michael E. Harman, Esquire
Virginia State Bar No. 16813
Lynne J. Blain, Esquire
Virginia State Bar No. 23719
Attorneys for Claudio Tovar-Guzman and
    Fortino Garcia and Sons Harvesting, Inc.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 (fax)
jjebo@hccw.com
mharman@hccw.com
lblain@hccw.com

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for USAA
FRAIM & FIORELLA, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
(757) 227-5900
(757) 227-5901 (fax)

tmfiorella@ff-legal.com

H. Robert Yates, III, Esquire
Virginia State Bar No. 35617
Alexander K. Page, Esquire
Virginia State Bar No. 78894
Attorneys for ACE American Insurance Company
LeCLAIR RYAN
123 East Main Street, Eighth Floor
Charlottesville, Virginia 22902
(434) 245-3444
(434) 296-0905 (fax)
robert.yates@leclairryan.com
alexander.page@leclairryan.com

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for Kuzzens, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com