IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN,
ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN and
EVAN JONES

      Plaintiffs,

v.                                                  Case No: 2:12cv146

CLAUDIO TOVAR-GUZMAN,

FORTINO GARCIA AND SONS HARVESTING, INC.,

KUZZEN'S, INC., d/b/a LIPMAN,

LFC AGRICULTURAL SERVICES, INC., d/b/a LIPMAN,

and LFC ENTERPRISES, INC., d/b/a LIPMAN

                          Defendant(s).

## THIRD AMENDED COMPLAINT

      COME NOW the Plaintiffs, Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones, by counsel, and for their Third Amended Complaint against the Defendants, Claudio Tovar-Guzman, Fortino Garcia and Sons Harvesting Inc., Kuzzens, Inc., d/b/a Lipman, LFC Agricultural Services, Inc., d/b/a Lipman and LFC Enterprises, Inc., d/b/a Lipman state as follows:

1. Plaintiffs were the driver and passengers in a Chrysler Minivan (the "Van) that on July 2, 2011 was sitting at a red light at the intersection of Rogers Drive and Route 13 in Nassawadox, Virginia, facing North, when a bus (the "Bus"), owned by Fortino Garcia and Sons Harvesting and operated by Defendant Claudio Tovar-Guzman carrying workers and

equipment to Kuzzen's, Inc.'s farm, crashed into the rear of the Van at a high rate of speed, injuring those inside.

## PARTIES

2. Plaintiff Kathleen Kitterman ("Kitterman") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Kitterman was seated in the Van on the back bench on the driver's side.

3. Plaintiff Anna Cronin ("Cronin"), is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Cronin was seated in the Van on the middle chair on the driver's side.

4. Plaintiff Corrie Ball ("Corrie Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Corrie Ball was sitting on the Van's back bench in the middle.

5. Plaintiff Marvin Ball ("Marvin Ball") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Marvin Ball was sitting in the driver's seat of the Van.

6. Plaintiff Margaret Brogan ("Brogan") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Brogan was sitting on the Van's back bench on the passenger's side.

7. Plaintiff Evan Jones ("Jones") is a citizen of the Commonwealth of Virginia and resides in Norfolk, Virginia. At the time of impact, Jones was seated in the Van on the middle chair on the passenger's side.

8. Defendant Claudio Tovar-Guzman ("Tovar-Guzman" or "Driver") is a citizen of a foreign country and a nonresident of the Commonwealth of Virginia and gives his address as being in Naples, Florida.

9. Defendant, Fortino Garcia and Sons Harvesting Inc. ("Fortino Garcia Harvesting") is a Florida corporation with its principle place of business in Naples, Florida.

10. Defendant Kuzzen's, Inc. ("Kuzzens") is a foreign corporation incorporated under the laws of the State of Florida with its principle place of business of 315 East New Market Road, Immokalee, Florida and is registered to do business in the Commonwealth of Virginia. Kuzzens owns farms on the Eastern Shore of Virginia and does business as Lipman.

11. Defendant LFC Agricultural Services, Inc.("LFC Ag") is a foreign corporation incorporated under the laws of the State of Florida with its principle place of business at 315 East New Market Road, Immokalee, Florida and acts as the payroll service for workers on various Lipman company farms and is registered to do business in the Commonwealth of Virginia.

12. Defendant LFC Enterprises, Inc. ("LFC E") is a foreign corporation incorporated under the laws of the State of Florida as a holding company for the various other Lipman companies with its principle place of business at 315 East New Market Road, Immokalee, Florida and is registered to do business in the Commonwealth of Virginia.

13. "Lipman" is a fictitious name used by approximately thirty three (33) different companies, including Kuzzens, LFC Ag and LFC E, all similarly owned and operated and that together comprise one of North America's largest field tomato grower. Kuzzens, LFC Ag and LFC E, and their agents and employees, collectively, will be referred to as "Lipman."

## Jurisdiction and Venue

14. This civil action arises under Title 28 U.S.C. §1332(a)(1) & (2) in that the action is between citizens of different States and a foreign state and the amount in controversy is in excess of $75,000.

15. This Court has personal jurisdiction over Defendant Tovar-Guzman, a citizen of a foreign country and at the time of the incident a non-resident of Virginia, pursuant to Virginia Code §8.01-328(3), as he caused injury to the Plaintiffs through an automobile accident in Nassawadox, Virginia.

16. This Court has personal jurisdiction over Defendant Fortino Garcia Harvesting, a foreign corporation, pursuant to Virginia Code section 8.01-328(1) and (3), as it transacted business in the Commonwealth and its employee and/or agent caused tortious injury by an act or omission in this Commonwealth.

17. Defendant Fortino Garcia Harvesting is a company owned by Fortino Garcia and his wife. The company has no employees other than Fortino Garcia. Fortino Garcia is hired by Lipman as a Crew Leader and has been employed by Lipman and only Lipman companies for over 35 years. He works for no other company. As the Crew Leader he follows the instructions of a Lipman employee who controls the work that he and the Farm Laborers complet.

18. This court has personal jurisdiction over Defendant Kuzzens, a foreign corporation pursuant to Virginia Code §8.01-328(1) and (3) as it transacted business in the Commonwealth and its employee and/or agent caused tortious injury by an act or omission in the Commonwealth.

19. This court has personal jurisdiction over LFC Ag, a foreign corporation, pursuant to Virginia Code §8.01-328(1) and (3) as it transacted business in the Commonwealth and its employee(s) and/or agent(s) caused tortious injury by an act or omission in the Commonwealth.

20. This court has personal jurisdiction over Defendant LFC E, a foreign corporation pursuant to Virginia Code §8.01-328(1) and (3) as it transacted business in the Commonwealth and its employee(s) and/or agent caused tortious injury by an act or omission in the Commonwealth.

21. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 3(b)(3) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

22. Joinder is also proper pursuant to Rule 20, Fed. R. Civ. P., as Plaintiffs have joined in one action to assert their rights to relief jointly and severally for damages which arose out of the same occurrence, namely the automobile accident in Nassawadox, Virginia.

<u>The Accident</u>

23. At approximately 7:10 a.m. on July 2, 2011, a Town & Country Minivan rented from Enterprise Rent a Car (the "Van") transporting the Plaintiffs to Young Life Lake Champion Camp in Glen Spey, New York, was stopped in the farthest right lane on Route 13 at the intersection with Rogers Drive in Nassawadox, Virginia, facing north.

24. While the Van was completely stopped, a bus (the "Bus") driven by Defendant Tovar-Guzman (the "Driver") and traveling at a high rate of speed, violently and with great force struck the Van directly in the rear. The force of the impact caused the rear of the Van to contract like an accordion, pushing the entire storage space and the back seat into the

middle seats. The Van was pushed forward and spun in a clockwise manner, approximately 270 degrees, as it slid approximately 39 feet forward and through the intersection.

25. As a result of the impact of the accident, all Plaintiffs struck their respective heads and other parts of their bodies on internal portions of the Van.

26. The impact was so severe that Plaintiff Kitterman lost consciousness and required the use of a spreader tool to pry her out of the crushed Van.  Cronin's head struck with great force against an internal part of the car, cracking her skull from the eye orbital to the ear, causing brain fluid to drain from the ear.  Corrie Ball was injured as the Van's back bench on which she sat crushed into the middle seats, causing her to become disoriented and leaving her struggling to breathe.  The others suffered similar injuries including sprains, abrasions and contusions from the impact.

27. All Plaintiffs were treated at the scene by off-duty medical personnel from nearby Riverside Shore Memorial Hospital ("Riverside") and taken to that hospital by ambulance where they were treated and released, except for Plaintiffs Kitterman and Cronin.

28. Plaintiff Kitterman was subsequently airlifted from Riverside to Norfolk General Hospital due to her life-threatening condition.

29. Plaintiff Cronin was subsequently taken by ambulance from Riverside to Norfolk General Hospital due to the serious injuries she received in the accident for further extensive treatment.

30. At the scene of the accident, the driver of the Bus was found not to possess a valid driver's license and the tire tread on at least one of the Bus' tires was found to be worn below the minimum level allowed by Virginia Code §46.2-1043.

31. At the scene of the accident, Tovar-Guzman admitted that the Van was stopped at the red light and the he was travelling at a rate of speed of approximately 50 miles per hour. Additionally, he told the State Trooper that the original driver of the bus left in South Carolina and did not return and that he, Tovar-Guzman, was told to drive the Bus to Virginia because it was needed there the next morning. He said he was taking the Bus to Kuzzens farm in Painter, Virginia, where he was working as a farm laborer.

<u>Relationship of the Defendants</u>

32. The Bus was owned by Defendant Fortino Garcia Harvesting and used by Lipman to transport their farm laborers to and from various Lipman owned or leased housing and farms.

33. LFC Ag, and other entities operating under the fictitious name "Lipman," work together to accomplish the various tasks associated with planting, growing, harvesting and packing (collectively these tasks will be referred to as "Farming") of produce for sale and act as the agent for each other with respect to the Farming of produce, including hiring and supervising migrant and seasonal agricultural workers.

34. In furtherance of the Farming of Lipman produce, LFC Ag hires migrant and seasonal agricultural workers ("Farm Laborers") to work on Lipman farms and also hires drivers to transport the Farm Labor.

35. Lipman pays Fortino Garcia Harvesting for the use of the Bus, which, among other things, is used to transport the Farm Laborers from the Lipman supplied Farm Labor housing to Lipman farms and from one Lipman farm to another; specifically, in South Carolina from June 4, 2011 until July 1, 2011, the Bus carried the Farm Laborers from housing owned or leased by a Lipman to Kuzzens South Carolina farm among other things.

36. Fortino Garcia, a crew leader hired by Lipman, worked on Kuzzens farm in South Carolina during June 2011.

37. Fortino Garcia acts as an agent for Kuzzens, LFC Ag and LFC E and other Lipman entities in recruiting and supervising Farm Laborers.

38. The Driver of the Bus, Defendant Tovar-Guzman, was employed by Kuzzens or LFC Ag or another Lipman company to work on Kuzzens farm in South Carolina during June 2011 to include the first day of July 2011 and was driving the Bus to Kuzzens farm in Virginia where it was needed to transport the Farm Laborers required to be there and where he was to continue his employment.

39. All of the actions taken by Tovar-Guzman as alleged herein were done in furtherance of Lipman's farming business.

40. During the evening of July 1, 2011 and through the early morning of July 2, 2011, Tovar-Guzman was riding in or driving the Bus with two other Farm Laborers and the equipment and personal gear of other farm laborers who were required to be at Kuzzens Farm in Exmore, Virginia on Saturday July 2, 2011 and who had worked the previous weeks at Kuzzens' farm in South Carolina.

41. In the alternative and to the extent Kuzzens denies it employed Tovar-Gomez in June or July of 2011 and/or that it operated a farm in South Carolina and/or Exmore on or about July 2, 2011, Plaintiffs allege that Tovar-Gomez was hired by and worked for Defendant LFC Ag and/or LFC E.

42. At all material times, Fortino Garcia, for valuable consideration, transported migrant or seasonal agricultural workers and is considered a farm labor contractor under the AWPA.

43. At all material times, Fortino Garcia Harvesting acted through its owners, agents, servants and/or employees, including Tovar-Guzman, all of whom were acting within the scope of their employment in the business of the Defendant, Fortino Garcia Harvesting, who is responsible for the actions of these individuals, including Tovar-Guzman, pursuant to Respondeat Superior.

44. At all material times, Kuzzens and/or LFC Ag and/or LFC E owned and/or operated agricultural facilities across Virginia's Eastern Shore and hires, employs and/or transports migrant or seasonal agricultural workers and is considered an agricultural employer under the AWPA.

45. At all times relevant herein, Tovar-Guzman was acting as an employee, agent and authorized driver for Defendant Fortino Garcia Harvesting and was acting within the course and scope of said employment and/or he was acting as an employee and/or agent of Kuzzens and/or LFC Ag or LFC E.

46. In driving the Bus to Virginia from South Carolina, Defendant Tovar-Guzman was serving as an assistant to Defendant Fortino Garcia Harvesting, or Fortino Garcia, himself, who were agents of Lipman in that Tovar-Guzman's actions as well as Fortino-Garcia's decision to direct Tovar-Guzman to drive the Bus furthered Lipman's business interests.

## COUNT I
### Plaintiffs' Negligence Claim Against Defendant Tovar-Guzman

47. Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-46 as if fully set forth herein.

48. As a result of the accident, the Plaintiffs all of them suffered serious injuries.

49. Tovar-Guzman had a duty to operate the Bus with reasonable care and with due regard for others using the road.

50. Notwithstanding said duties, Tovar-Guzman carelessly, recklessly, willfully, wantonly and negligently operated the Bus with a conscious disregard for others so that it collided with Plaintiffs' Van as alleged herein.

51. Tovar-Guzman was negligent in that he:

   a) Failed to keep a proper lookout;

   b) Operated his vehicle at an excessive rate of speed under the circumstances and conditions then and there existing;

   c) Failed to apply his brakes in time to avoid striking Plaintiffs' Van;

   d) Failed to maintain his vehicle under proper control;

   e) Operated his vehicle in a reckless manner;

   f) Operating a commercial vehicle on the highways of the Commonwealth of Virginia without a commercial driver's license;

   g) Failed to take evasive action to avoid a collision with Plaintiffs' Van;

   h) Failed to get enough sleep before operating his vehicle.

52. The Bus Tovar-Guzman was driving was unsafe and would not have been able to pass inspection, as it had insufficient threading on the tires in contravention of the laws of the Commonwealth of Virginia, the AWPA and applicable regulations.

53. As a direct and proximate result thereof, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and/or loss of earning capacity; and have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

54. Plaintiffs respectfully demands judgment against Defendant Claudio Tovar-Guzman, jointly and severally, with his employer Fortino Garcia and Sons Harvesting, Inc., (as alleged below) for damages in the following amounts:

   a) Kathleen Kitterman in the amount of two million dollars ($2,000,000),

   b) Anna Cronin in the amount of two million dollars ($2,000,000),

   c) Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

   d) Marvin Ball in the amount of five-hundred thousand dollars ($500,000),

   e) Margaret Brogan in the amount of twenty five thousand dollars ($25,000), and

   f) Evan Jones in the amount of twenty five thousand dollars ($25,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

## COUNT II
### Plaintiffs' Negligence Claim Against Defendant Fortino Garcia Harvesting

55. Plaintiffs re-allege and incorporate paragraphs 1-54 as if full set forth herein.

56. Tovar-Guzman was either employed by was assisting or was acting as the agent of Fortino Garcia Harvesting, as such, Fortino Garcia Harvesting is vicariously liable for the negligence of its driver, as alleged in Count I.

57. Fortino Garcia Harvesting also had an independent duty to Plaintiffs to ensure that the Bus was reasonably fit to drive on the highways, to investigate the qualifications of Tovar-Guzman as a commercial driver, and to ensure that he was capable of safely operating a motor vehicle on the highways of the Commonwealth of Virginia before allowing him to drive the Bus.

58. Under the AWPA, Fortino Garcia Harvesting is considered either an agricultural employer or a farm labor contractor in that it solicits, hires, employs, furnishes or transports migrant or seasonal agricultural workers to agricultural employers and must comply with the with that Act and its promulgating regulations found at 29 U.S.C. § 1802(2)&(7).

59. Consequently, Fortino Garcia Harvesting had a duty under both the laws of the Commonwealth of Virginia and the AWPA, to ensure that the Bus and driver complied with applicable safety standards contained it Virginia Code including § 46.2- 341.7; 341.16 and 1043 and 29 CFR § 500.104-5.

60. Fortino Garcia Harvesting knew or should have known that Tovar-Guzman did not have a commercial driver's license as required by law, such that he was legally and practically unqualified to operate the Bus in the Commonwealth of Virginia.

61. Because Tovar-Guzman did not have a commercial driver's license or any other drivers license, Fortino Garcia Harvesting knew or should have known that he was a danger to the driving public and would pose an unreasonable risk of harm to others.

62. By allowing Tovar-Guzman to operate the Bus without being properly trained, licensed and rested, Fortino Garcia Harvesting breached its duty to Plaintiffs.

63. Fortino Garcia Harvesting also failed in its duty to the Plaintiffs under both the AWPA and the common law by allowing its Bus to be operated when it did not comply with the safety standards of the Commonwealth of Virginia or the AWPA, specifically its tires were worn beyond that permitted under Virginia Code § 46.2-1043 and 29 CFR § 500.104-5.

64. As a direct and proximate result of Fortino Garcia Harvesting's breach of its duties, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and

loss of earning capacity; and/or have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

65. Plaintiffs respectfully demand judgment against Fortino Garcia, jointly and severally, with its driver, Tovar-Guzman, for damages in the following respective amounts:

    a)     Kathleen Kitterman in the amount of two million dollars ($2,000,000),

    b)     Anna Cronin in the amount of two million dollars ($2,000,000),

    c)     Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

    d)     Marvin Ball in the amount of five hundred thousand dollars ($500,000),

    e)     Margaret Brogan in the amount of twenty five thousand dollars ($25,000), and

    f)     Evan Jones in the amount of twenty five thousand dollars ($25,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

### COUNT III
### Plaintiffs' Negligence action against Defendants Kuzzens, LFC Agricultural Services, Inc. and LFC Enterprises, Inc.

66. Plaintiffs re-allege and incorporate paragraphs 1-65 as if fully set forth herein.

67. Kuzzens, LFC Ag and LFC E are all Corporations organized and existing under the laws of the State of Florida, having their principal office and place of business at 315 East New Market Road, Immokalee, Florida.

68. Kuzzens, and LFC E own at least two farms; one in Beaufort, South Carolina and one in Exmore, Virginia and are agricultural employers.

69. Kuzzens and LFC Ag are the subsidiaries of LFC Enterprises ("LFC E") another Florida Corporation and North America's largest field tomato grower.

70. LFC E owns numerous subsidiaries working together to harvest the fields, including Kuzzens and LFC Ag all using the same fictitious name of Lipman with a new website [www.LipmanProduce.com](www.LipmanProduce.com) designed "to emphasize Lipman's vertically integrated network of operations that follows produce from seed to delivery."

71. Kuzzens, LFC Ag and LFC E serve as each other's agents and are each other's alter egos.

72. Each year Kuzzens and/or LFC Ag engage seasonal agricultural workers to pick tomatoes at Kuzzens' farms, requiring the workers to pick the tomatoes from its South Carolina farm for the month of June and then to travel to its Virginia Farm from the first part of July until the middle to late part of October.

73. Although Fortino Garcia Harvesting is a conduit for finding workers, LFC Ag hires them directly for work on Lipman's various farms, including Kuzzens and acts as the farms' agent for payroll and human resources matters. LFC Ag's Human Resources department acts as an agent for the farms and has established methods of hiring, registering and disciplining even terminating the employment of the Farm Laborers.

74. David Garcia, a Lipman supervisor, directs the operation at Kuzzens farm in June and July of each year and during the last days of June, 2011, he directed the time for moving personnel and equipment from Kuzzens' South Carolina to its Virginia farm, the activity in which Tovar-Guzman was engaged at the time of the accident.

75. From the first part of June, 2011 until July 1, 2011, Tovar-Guzman worked on Kuzzens' farm in Beaufort, South Carolina, where he received weekly checks from it, LFC Ag or another Lipman entity.

76. While Farm Laborers worked on Kuzzens' farm during June and July, 2011, Kuzzens, LFC Ag, LF E or another Lipman entity paid the premiums for Tovar-Guzman's Worker's

Compensation coverage, extending that coverage to the transportation of the Farm Laborers, including Tovar-Guzman.

77. Tovar-Guzman was either Kuzzens or LFC Ag's employee, hired to work Kuzzens' farms in both South Carolina and Virginia. Tovar-Guzman was on his way travelling from Kuzzens farm in South Carolina and going to Kuzzens' farm in Virginia, with a Bus full of equipment to be used on Kuzzens' farm when he struck the Van from behind.

78. On July 1, 2011, the workers and their equipment were leaving Kuzzens' farm in South Carolina, heading to Virginia. Two buses left Kuzzens, South Carolina, one full of the migrant workers the other had two other and the equipment of even more and Tovar-Guzman, both busses were heading to its farm in Virginia.

79. Kuzzens or LFC Ag or LFC E required the Bus and the seasonal workers to be at Kuzzens' farm on July 2, 2011. The driver who originally was supposed to drive the Bus starting the evening of July 1, 2011, either stopped driving the Bus in South Carolina or North Carolina or never undertook the task in the first place. In furtherance of the directive of Kuzzens, LFC Ag or LFC E to have the workers in Virginia, Tovar-Guzman drove the Bus after the original driver failed to return.

80. Kuzzens and/or LFC Ag and/or LFC E are liable under the theory of respondeat superior for the negligent acts of its employee or agent, Tovar-Guzman who was acting in the furtherance of Kuzzens and/or LFC Ag's and/or LFC E's directive as established by David Garcia.

81. Kuzzens and/or LFC Ag and/or LFC E are liable under the theory of respondeat superior for the negligent acts of its employee or agent, Fortino Garcia and his assistant or representatives in permitting Tovar-Guzman to transport the Bus both of whom were acting

in the furtherance of Kuzzens and/or LFC Ag's and/or LFC E's directive as established by David Garcia.

82. Tovar-Guzman was employed by Kuzzens and/or LFC Ag and/or LFC E as a seasonal agricultural worker at all times relevant herein.

83. Kuzzens and/or LFC Ag and/or LFC E, by and through their employees and agents, were negligent and failed in their duty to comply with the highway safety laws of Virginia as alleged above.

84. As a direct and proximate result of Kuzzens and/or LFC Ag's and/or LFC E's breach of their duties, Plaintiffs sustained serious and permanent injuries; have suffered, and will continue to suffer, great pain of body and mind; have sustained permanent disability, deformity and loss of earning capacity; and/or have incurred, and will continue to incur in the future, hospital, doctor's and related bills in an effort to be cured of said injuries.

85. Plaintiffs respectfully demand judgment against Defendant Kuzzens, Inc., LFC Agricultural Services, Inc. and LFC Enterprises, Inc., jointly and severally, with their employees and agents Fortino Garcia and the driver, Tovar-Guzman, for damages in the following respective amounts:

    a)    Kathleen Kitterman in the amount of two million dollars ($2,000,000),

    b)    Anna Cronin in the amount of two million dollars ($2,000,000),

    c)    Corrie Ball in the amount of two hundred fifty thousand dollars ($250,000),

    d)    Marvin Ball in the amount of five hundred thousand dollars ($500,000),

    e)    Margaret Brogan in the amount of twenty five thousand dollars ($25,000), and

    f)    Evan Jones in the amount of twenty five thousand dollars ($20,000),

plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs Kathleen Kitterman, Anna Cronin, Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones respectfully demand judgment against Defendants Claudio Tovar-Guzman, Fortino Garcia and Sons Harvesting, Inc., Kuzzens, Inc., d/b/a Lipman, LFC Agricultural Services, Inc., d/b/a Lipman and LFC Enterprises, Inc., d/b/a Lipman, jointly and severally, for damages in the amounts set forth herein, plus all incidental and consequential damages, costs, expert witness fees and attorney fees, pre- and post-judgment interest, and for such other relief as this Court deems just and proper.

        KATHLEEN KITTERMAN, ANNA CRONIN,
        CORRIE BALL, MARVIN BALL,
        MARGARET BROGAN, and
        EVAN JONES

        By: /s/
        Patrick Brogan (VSB No. 25568)
        DAVEY & BROGAN, P.C.
        101 Granby Street, Suite 300
        Norfolk, Virginia 23514-3188
        Tel: (757) 622-0100; Fax:(757) 622-4924
        Email: pbrogan@daveybroganpc.com
        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2014, I electronically filed the foregoing Third Amended Complaint as an exhibit to the Motion to Amend with the Clerk of the Court using the CM/ECF system, and to Defendants' counsel, as follows:

Brian N. Casey, Esquire (VSB No. 26710)
Taylor & Walker, PC
555 E. Main Street, Suite 1300
Norfolk, VA 23510

Telephone: (757) 625-7300; Facsimilie: (757) 625-1504
Email: bcasey@taylorwalker.com

James R. Jebo, Esquire (VSB No. 48418)
Michael E. Harman, Esquire (VSB No. 16813)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
Telephone: (804) 747-5200; Facsimile: (804) 747-6085
E-mail: jjebo@hccw.com
mharman@hccw.com

H. Robert Yates, Esquire
Alexander Page, Esquire
LeClair Ryan
123 East Main Street, Eight Floor
Charlottesville, VA 22902
Email: Robert.yates@leclairryan.com


Todd M. Fiorella, Esquire (VSB No. 30238)
John Baker, Esquire
Fraim & Fiorella, PC
150 Boush Street, Suite 601
Norfolk, VA 23510
Telephone: (757) 227-5900; Facsimilie: (757) 227-5901
Email: tmfiorella@ff-legal.com


By          /s/         
Patrick M. Brogan, Esquire (VSB No. 25568)
Bryan K. Meals, Esquire (VSB No. 40184)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone: (757) 622-0100
Facsimile: (757) 622-4924
Email: pbrogan@daveybroganpc.com
bmeals@daveybroganpc.com
*Attorney for Plaintiffs*