IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

    Plaintiffs,

v.                                            Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
KUZZENS, INC., d/b/a LIPMAN,
LFC AGRICULTURAL SERVICES, INC., d/b/a LIPMAN
and LFC ENTERPRISES, INC., d/b/a LIPMAN,

    Defendants.

## ANSWER OF LFC ENTERPRISES, INC. AND
## LFC AGRICULTURAL SERVICES, INC.
## TO THIRD AMENDED COMPLAINT

LFC Enterprises, Inc. and LFC Agriculatural Services, Inc. (collectively, "LFC"), by counsel, for their answer to the third amended complaint state as follows:

1. LFC admits that plaintiffs were the driver and passengers in a Chrysler minivan that was struck by a bus owned by Fortino Garcia and Sons Harvesting, Inc. on July 2, 2011 at the intersection of Rogers Drive and Route 13 in Nassawadox, Virginia. LFC lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1.

2. LFC admits the averments of paragraphs 2 through 7 of the third amended complaint.

3. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8.

4. LFC admits the averments of paragraphs 9 and 10.

5. LFC admits the averments of paragraph 11 except that it denies that LFC Agricultural

Services, Inc., acts only as a payroll service.

6. LFC admits the averments of paragraph 12 except that it lacks knowledge or information sufficient to admit or deny the averments of LFC Enterprises, Inc. as a holding company because paragraph 12 does not identify any companies allegedly "held" by LFC Enterprises, Inc.

7. In response to paragraph 13, LFC admits that "Lipman" is a trade name used by several companies, including LFC, but lacks knowledge or information sufficient to admit or deny the remaining averments.

8. LFC admits that plaintiffs bring this action under Title 28 U.S.C. §1332(a) and lacks knowledge or information sufficient to form a belief as to the remaining averments of paragraph 14.

9. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 15 and 16.

10. Upon information and belief, LFC admits the first sentence of paragraph 17, lacks knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence, denies the averments of the third sentence and is unable to admit or deny the averments of the last sentence as it does not specify the work referenced.

11. The averments of paragraphs 18 through 20 are denied.

12. LFC admits the averments of paragraphs 21 and 22.

13. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 23 through 31.

14. In response to the averments of paragraph 32, LFC admits that the bus was owned by

Fortino Garcia and Sons Harvesting, Inc. and that at times it had been used to transport farm laborers between temporary housing and nearby farms in South Carolina but affirmatively states that it was not in the employ of LFC at the time of the accident, nor did LFC exercise control over its operation, or employ its driver or owner. The remaining averments of paragraph 32 are denied.

15. In response to paragraph 33, LFC lacks knowledge or information sufficient to admit or deny the averments as they are vague and do not distinguish or identify relevant companies and "other entities" referenced in the averments.

16. In response to paragraph 34, LFC admits that LFC Agricultural Services, Inc., hires farm laborers but denies that it hires drivers or buses to transport laborers in interstate travel as they move to various job sites.

17. In response to the averments of paragraph 35, LFC denies that it pays Fortino Garcia and Sons Harvesting, Inc. for use of the bus in interstate travel or to transport farm laborers as they migrate or travel from job to job. LFC admits that the bus was used to carry laborers from temporary housing to the nearby farm and back during harvest days at LFC' farm in South Carolina in June, 2011. The remaining averments of paragraph 35 are denied.

18. The averments of paragraphs 36 through 41 are denied.

19. The averments of paragraphs 42 and 43 appear to attempt to state a conclusion of law regarding another party and therefore require no response.

20. The averments of paragraph 44 appear to attempt to state a conclusion of law to which no response is required.

21. The averments of paragraphs 45 and 46 are denied.

22. Paragraph 47 requires no further response.

23. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48.

24. The averments of paragraphs 49 through 51 appear to attempt to state conclusions of law regarding another defendant to which no response is required.

25. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 52 and 53.

26. LFC admits that plaintiffs seek judgment as alleged in paragraph 54.

27. Paragraph 55 requires no further response.

28. Paragraphs 56 through 59 appear to attempt to state conclusions of law regarding another defendant which require no response.

29. LFC lacks knowledge or information sufficient to form a belief as to the averments of paragraphs 60 and 61.

30. Paragraphs 62 and 63 appear to attempt to state conclusions of law regarding another defendant to which no response is required.

31. LFC lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64.

32. LFC admits that plaintiffs seek judgment as described in paragraph 65.

33. Paragraph 66 requires no further response.

34. LFC admits the averments of paragraph 67.

35. The averments of paragraph 68 are denied.

36. LFC admits that Kuzzens and LFC Agricultural Services, Inc., are subsidiaries of

LFC Enterprises, Inc., and that LFC Enterprises, Inc., is a Florida corporation. LFC lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 69.

37. In response to paragraph 70, LFC admits that LFC Enterprises, Inc., has subsidiaries, including Kuzzens and LFC Agricultural Services, Inc., and that some of the subsidiaries, including Kuzzens and LFC Agricultural Services, Inc. employ the trade name Lipman. LFC lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 70.

38. The averments of paragraphs 71 appear to attempt to state conclusions of law to which no response is required. To the extent that the averments require a response, they are denied.

39. In response to the averments of paragraph 72, LFC admits that LFC Agricultural Services, Inc., employs seasonal agricultural workers to harvest tomatoes, but denies the remaining averments.

40. In response to the averments of paragraphs 73, LFC admits that LFC Agricultural Services, Inc., employs agricultural workers to work on farms but denies the remaining averments of paragraph 73.

41. The averments of paragraphs 74 through 84 are denied.

42. LFC admits that plaintiffs seek judgment as described in paragraph 85 but denies that they are entitled to the judgment sought under the facts and applicable law.

43. All averments of the third amended complaint not specifically admitted are denied.

44. LFC, Inc., is not liable to the plaintiffs for any reason or in any amount.

**Defenses**

1. This Court lacks personal jurisdiction over these defendants.

2. The third amended complaint fails to state a claim against these defendants for relief which can be granted.

3. The third amended complaint fails to state a claim for incidental and consequential damages, expert witness fees and attorneys's fees, as set forth in the prayer for relief.

4. Defendant Claudio Tovar-Guzman was not an employee of these defendants at the time of the accident, and these defendants are not liable under the theory of *respondeat superior* or any other theory for Tovar-Guzman's negligence.

5. The claims of Corrie Ball, Marvin Ball, Margaret Brogan and Evan Jones asserted in the complaint against LFC Enterprises, Inc. and LFC Agricultural Services, Inc., are barred by the applicable statute of limitations.

6. These defendants will rely upon any and all other defenses which are supported by the law and the evidence and which become known to it up to and including the time of trial.

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for LFC Enterprises, Inc. and LFC
　　Agricultural Services, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of February, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Patrick Brogan, Esquire
Virginia State Bar No. 25568
Bryan K. Meals, Esquire
Virginia State Bar No. 40184
Attorneys for Kathleen Kitterman, Anna Cronin, Corrie Ball,
    Marvin Ball, Margaret Brogan and Evan Jones
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100
(757) 622-4924 (fax)
pbrogan@daveybroganpc.com
bmeals@daveybroganpc.com

James R. Jebo, Esquire
Virginia State Bar No. 48418
Attorney for Claudio Tovar-Guzman and
    Fortino Garcia and Sons Harvesting, Inc.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 (fax)
jjebo@hccw.com
mharman@hccw.com
lblain@hccw.com

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for USAA
FRAIM & FIORELLA, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
(757) 227-5900
(757) 227-5901 (fax)
tmfiorella@ff-legal.com

H. Robert Yates, III, Esquire

Virginia State Bar No. 35617
Alexander K. Page, Esquire
Virginia State Bar No. 78894
Attorneys for ACE American Insurance Company
LeCLAIR RYAN
123 East Main Street, Eighth Floor
Charlottesville, Virginia 22902
(434) 245-3444
(434) 296-0905 (fax)
robert.yates@leclairryan.com
alexander.page@leclairryan.com

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for LFC, Enterprises, Inc. and LFC
    Agricultural Services, Inc.
TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com