IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**KATHLEEN KITTERMAN and ANNA CRONIN,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 2:14cv16**

**LFC AGRICULTURAL SERVICES, INC., d/b/a LIPMAN**
**and LFC ENTERPRISES, INC., d/b/a LIPMAN,**

    **Defendants.**

## ANSWER OF LFC AGRICULTURAL SERVICES, INC. AND
## LFC ENTERPRISES, INC. TO COMPLAINT

LFC Agriculatural Services, Inc. and LFC Enterprises, Inc., by counsel, for their answer to the complaint state as follows:

    1. Defendants admit that plaintiffs were passengers in a Chrysler minivan that was struck by a bus at the intersection of Rogers Driver and Route 13 in Nassawadox, Virginia. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1.

    2. The averments of paragraph 2 are denied.

    3. Upon information and belief, the averments of paragraph 3 are admitted.

    4. Upon information and belief, the averments of paragraph 4 are admitted.

    5. In response to the averments of paragraph 5, LFC Agricultural Services, admits that it is incorporated under the laws of the State of Florida with its principal place of business at 315 East Newmarket Road, Immokalee, Florida, that it employs agricultural workers to work on farms and that it is registered to do business in the Commonwealth of Virginia. Any remaining averments of paragraph 5 are denied.

6. In response to the averments of paragraph 6, LFC Enterprises admits that it is incorporated under the laws of the State of Florida, that it is an owner of Kuzzens, Inc., that it has its principal place of business at 315 Est Newmarket Road, Immokalee, Florida and is registered to do business in the Commonwealth of Virginia.  Any remaining averments of paragraph 6 are denied.

7. In response to the averments of paragraph 7, defendants admit that Lipman is a trade name used by Kuzzens, Inc, LFC Agricultural Services, Inc. and LFC Enterprises, Inc.  Any remaining averments of paragraph 7 are denied.

8. Paragraph 8 appears to attempt to state a conclusion of law to which no response is required.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted.

13. These defendants admit that plaintiffs were passengers in a minivan at the intersection of Route 13 and Rogers Driver in Nassawadox, Virginia on or about July 2, 2011. These defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 13.

14. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16.

17. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17.

18. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18.

19. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19.

20. These defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20.

21. In response to the averments of paragraph 21, these defendants admit that the bus was owned by Fortino Garcia Harvesting, deny that Fortino Garcia Harvesting is a defendant in this action, admit that a bus had been used in South Carolina to transport farm laborers from temporary housing to nearby farms for work, but deny that a bus was being used or employed by these defendants at the time of or at the place of the accident.

22. In response to the averments of paragraphs 22, these defendants admit that LFC Agricultural Services works with others to farm but is unable to either admit or deny the remaining allegations as they are vague, non-specific and do not identify the parties involved.

23. In response to the averments of paragraph 23, LFC Agricultural Services admits that it hired farm laborers to work on farms and employed drivers to transport farm laborers from nearby temporary housing to farms and back on harvest work days. It denies that it employed drivers to transport laborers in interstate travel.

24. In response to the averments of paragraph 24, defendants admit that Fortino Garcia and Sons Harvesting was paid for use of a bus in South Carolina to transport farm laborers from temporary housing to nearby farms to harvest crops but denies the remaining averments and specifically denies that Fortino Garcia and Sons Harvesting was paid, hired, or employed for the use of a bus at the time of and at the place of the accident.

25. In response to paragraph 25, these defendants state that a bus transported laborers from temporary housing to nearby farms in South Carolina for harvest work in June, 2011. The remaining averments of paragraph 25 are denied.

26. It is admitted that Fortino Garcia is a crew leader and that he worked on Kuzzens' farm in South Carolina in June 2011.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Paragraph 36 requires no further response.

37. In response to paragraph 37, these defendants admit that plaintiffs suffered injury as a result of the accident.

38. The averments of paragraph 38 appear to attempt to state conclusions of law to which no response is required.

39. The averments of paragraph 39 appear to attempt to state conclusions of law to which no response is required.

40. The averments of paragraph 40 appear to attempt to state conclusions of law to which no response is required.

41. The averments of paragraph 41 appear to attempt to state conclusions of law to which no response is required.

42. In response to paragraph 42, defendants admit that LFC Enterprises, Inc., has subsidiaries, including Kuzzens and LFC Agricultural Services, Inc., and that some of the subsidiaries, including Kuzzens and LFC Agricultural Services, Inc., employ the trade name Lipman.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 42.

43. Denied.

44. LFC Enterprises is an owner of LFC Agricultural Services.  To the extent that the averments of paragraph 44 are inconsistent therewith, they are denied,

45. The averments of paragraph 45 appear to attempt to state conclusions of law to which no response is required.

46. Admitted.

47. Denied.

48. In response to the averments of paragraphs 48, Kuzzens admits that LFC Agricultural Services, Inc., employs agricultural workers to work on Kuzzens' farms but denies the remaining

averments of paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. In response to paragraph 59, these defendants admit that plaintiffs demand judgment as stated, but deny that they are entitled to judgment and deny that they are liable to plaintiffs for any reason or in any sum.

60. All averments of the complaint not specifically admitted are hereby denied.

**Defenses**

1. This Court lacks personal jurisdiction over these defendants.

2. The complaint fails to state a claim against these defendants for relief which can be granted.

3. The complaint fails to state a claim for incidental and consequential damages, expert witness fees and attorneys's fees, as set forth in the prayer for relief.

4. Defendant Claudio Tovar-Guzman was not an employee of these defendants at the

time of the accident, and these defendants are not liable under the theory of *respondeat superior* or any other theory for Tovar-Guzman's negligence.

5. These defendants will rely upon any and all other defenses which are supported by the law and the evidence and which become known to it up to and including the time of trial.

>  /s/
>  Brian N. Casey, Esquire
>  Virginia State Bar No. 26710
>  James E. Brydges, Jr., Esquire
>  Virginia State Bar No. 4420
>  Attorneys for LFC Agricultural Services, Inc. and
>    LFC Enterprises, Inc.
>  TAYLOR WALKER, P.C.
>  Post Office Box 3490
>  Norfolk, Virginia 23514-3490
>  (757) 625-7300
>  (757) 625-1504 (fax)
>  bcasey@taylorwalkerlaw.com
>  jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Patrick Brogan, Esquire
Virginia State Bar No. 25568
Bryan K. Meals, Esquire
Virginia State Bar No. 40184
Attorneys for Kathleen Kitterman, Anna Cronin, Corrie Ball,
    Marvin Ball, Margaret Brogan and Evan Jones
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23514-3188
(757) 622-0100
(757) 622-4924 (fax)
pbrogan@daveybroganpc.com
bmeals@daveybroganpc.com

7

James R. Jebo, Esquire
Virginia State Bar No. 48418
Attorney for Claudio Tovar-Guzman and
      Fortino Garcia and Sons Harvesting, Inc.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 (fax)
jjebo@hccw.com
mharman@hccw.com
lblain@hccw.com

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for USAA
FRAIM & FIORELLA, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
(757) 227-5900
(757) 227-5901 (fax)
tmfiorella@ff-legal.com

H. Robert Yates, III, Esquire
Virginia State Bar No. 35617
Alexander K. Page, Esquire
Virginia State Bar No. 78894
Attorneys for ACE American Insurance Company
LeCLAIR RYAN
123 East Main Street, Eighth Floor
Charlottesville, Virginia 22902
(434) 245-3444
(434) 296-0905 (fax)
robert.yates@leclairryan.com
alexander.page@leclairryan.com

/s/
Brian N. Casey, Esquire
Virginia State Bar No. 26710
James E. Brydges, Jr., Esquire
Virginia State Bar No. 4420
Attorneys for LFC Agricultural Services, Inc. and
      LFC Enterprises, Inc.

TAYLOR WALKER, P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com