

**EXHIBIT 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

KATHLEEN KITTERMAN, ANNA CRONIN,
CORRIE BALL, MARVIN BALL,
MARGARET BROGAN and EVAN JONES,

    Plaintiffs,

v.                                Case No. 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS HARVESTING, INC.
KUZZENS, INC., d/b/a LIPMAN,
LFC AGRICULTURAL SERVICES, INC., d/b/a LIPMAN
and LFC ENTERPRISES, INC., d/b/a LIPMAN,

    Defendants.

## LFC ENTERPRISES, INC.'s
## ANSWERS TO PLAINTIFFS' INTERROGATORIES

The undersigned states that upon information and belief, the following answers to interrogatories are true and correct.

LFC ENTERPRISES, INC.

By _____

STATE OF Florida

CITY OF Collier , to-wit:

Subscribed and sworn to before me this 1 day of August, 2014.

_____
Notary Public

My Commission Expires: July 24, 2016

CLARA SANTORO
Commission # EE 183103
Expires July 24, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

pertaining to the hiring and training of workers seeks discovery of matters which are not relevant to a claim.

**ANSWER:** Each employee must complete the Employment Eligibility Verification Form I-9 and AWI Form 516. All employees must be at least 18 years of age. All new employees receive an orientation which consists generally of a review of expectations, rules of conduct, hours of work, and familiarization with the work environment and safety rules.

7. Identify all documents that reflect any agreement between LFC E and Fortino Garcia and/or Fortino Garcia & Sons Harvesting, Inc. or any other entity owned or operated by Fortino Garcia and/or his Sons from June 2010 until November 2011, identifying all payments and the basis for the payments made to Fortino Garcia and/or Fortino Garcia and Sons Harvesting, Inc. or any other entity owned or operated by Fortino Garcia and/or his sons for any such agreement including the rental, lease or use of the bus from June 2010 until November 2011.

**ANSWER:** See Exhibit 1 to the deposition of Fortino Garcia & Sons Harvesting. Inc. See payment records previously produced by Kuzzens, Inc. No agreements for rental, lease or use of buses. The agreement is with LFC Agricultural Services, Inc.

8. State why the Bus was driven to the Eastern Shore of Virginia on July 2, 2011 and whether the reason the Bus was on the Eastern Shore of Virginia was related to any business purpose of LFC Agricultural Services, Inc. or related to any contract, business relationship or agreement either written or oral with any other entity or person, identifying the party with whom LFC Ag contracted, had a business relationship or agreement, and whether the agreement or contract was in writing or oral, and the substance and purpose of any contract, business, relationships, service agreement.

8

**ANSWER:** The bus was owned by Fortino Garcia & Sons Harvesting, Inc. A deposition of Fortino Garcia & Sons Harvesting, Inc., was taken, during which there was testimony about the reason and circumstances of the bus being driven to the Eastern Shore of Virginia on or about July 2, 2011. LFC Enterprises, Inc., had no involvement in the driving or the transport of the bus, the employment of the driver of the bus, or the ownership of the bus. Upon information and belief, Fortino & Sons Harvesting, Inc. planned to use the bus to transport farm laborers from their housing to the farms and back each work day.

9. Please describe the physical location of LFC E's corporate records, whether or not are contained at the location so described in the previous interrogatory, the manner in which they are secured at this site, and if there are any other entity records existing or stored at this location.

**OBJECTION:** Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery regarding any non-privileged matter that is relevant to any parties' claim or defense. Plaintiffs' claim against LFC Enterprises, Inc., is that it is liable under the doctrine of *respondeat superior* for the negligence of Claudio Tovar-Guzman in driving a bus and causing an accident. This interrogatory is objected to on the grounds that a description of the physical location of the corporate records of LFC Enterprises, Inc. is not relevant to plaintiffs' claim.

**ANSWER:** 315 East Newmarket Road, Immokalee, Florida 34142. Records are stored electronically and on paper. Other entity records exist at the location.

10. Please describe the physical location of LFC Enterprises., indicating the type of commercial structure (e.g., office building, warehouse, etc.), the size of this location, the number of employees working for LFC E at this location and whether or not LFC Enterprises owns or leases its offices at this location, and if it share this space with any other businesses and/or