UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KATHLEEN KITTERMAN,
ANNA CRONIN,
CORRIE BALL,
MARVIN BALL,
MARGARET BROGAN, and
EVAN JOSEPH JONES,

          Plaintiffs,

v.                                                    Civil Action No: 2:12cv146

CLAUDIO TOVAR-GUZMAN,
FORTINO GARCIA AND SONS
HARVESTING, INC.,
KUZZENS, INC., d/b/a LIPMAN,
LFC AGRICULTURAL SERVICES, INC.,
d/b/a LIPMAN, and
LFC ENTERPRISES, INC., d/b/a LIPMAN,

          Defendants.

## ORDER

Before the Court is a Motion for Summary Judgment brought by Defendant LFC Agricultural Services Inc. ("LFC-A") and Defendant LFC Enterprises Inc. ("LFC-E"). The motion is advanced against four of the six Plaintiffs—Marvin Ball, Corrie Ball, Margaret Brogan, and Evan Joseph Jones. The two moving Defendants assert that the applicable statute of limitations expired before the filing of the Third Amended Complaint that added them as defendants. For the following reasons, the Motion for Summary Judgment (ECF 118) is GRANTED in part and DENIED in part.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of a motor vehicle accident that occurred on the Eastern Shore of Virginia on July 2, 2011. A bus struck a mini-van carrying the Plaintiffs. The bus was allegedly owned by Defendant Fortino Garcia and Sons Harvesting, Inc. ("Fortino Garcia") and driven by Defendant Claudio Tovar-Guzman.

On March 19, 2012, Plaintiffs brought a vehicular tort suit pursuant to this Court's diversity jurisdiction. Plaintiffs amended their Complaint on October 18, 2012. Plaintiffs alleged that Defendant Claudio Tovar-Guzman negligently crashed the bus into the rear of Plaintiffs' van, and that Defendants Fortino Garcia and Kuzzens, Inc. were liable for this collision. Plaintiffs based their claims on the common law of negligence, the motor vehicle safety provisions of the Virginia Code, the federal Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), and the common-law doctrine of *respondeat superior*.

On January 23, 2013, the Court granted partial motions to dismiss. Finding that AWPA could not serve as a basis for the negligence action, the Court dismissed Plaintiffs' claims to the extent that the claims relied on AWPA. The Court also found that Plaintiffs' allegations were insufficient to state a claim based upon the doctrine of *respondeat superior*. Because this deficiency could be remedied by additional allegations, the Court granted Plaintiffs leave to amend their Complaint.

On February 21, 2013, Plaintiffs filed a Second Amended Complaint. This Complaint again attempted to state claims for negligence under AWPA and under the doctrine of *respondeat superior*. On March 6, 2013, Defendant Kuzzens, Inc. moved to dismiss the AWPA and *respondeat superior* claims against it. That motion was granted in part and denied in part.

The negligence claim under AWPA was dismissed with prejudice, but the *respondeat superior* claim survived.

On January 13, 2014, Plaintiffs filed a motion to amend the Complaint a third time, adding LFC-A and LFC-E as Defendants. The motion was not opposed by the existing Defendants, but Plaintiffs noted that "there [was] insufficient time to serve the newly added defendants and to permit them to appear and conduct discovery before the currently scheduled trial date of February 11, 2014." On January 22, 2014, the motion was granted, and the Third Amended Complaint was filed.

LFC-A and LFC-E now move for summary judgment against four of the six plaintiffs. These Defendants argue that the Third Amended Complaint was filed outside the statute of limitations for personal injury claims in Virginia.

## II. COMMON STANDARDS OF LAW

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where, on the basis of undisputed facts, the moving party is entitled to judgment as a matter of law. *Hunter Innovations Co. v. Travelers Indem. Co. of Connecticut*, 753 F. Supp. 2d 597, 602 (E.D. Va. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After a motion for summary judgment is properly made and supported, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 585. Summary judgment will be granted "against a party who fails to make a showing sufficient

3

to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 324. "[G]enuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Guinness PLC v. Ward*, 955 F.2d 875, 883 (4th Cir. 1992) (internal quotation marks and citations omitted). "A 'genuine' issue concerning a 'material' fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor." *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, 587 (E.D. Va. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (citing *Celotex*, 477 U.S. at 324).

## STATUTE OF LIMITATIONS

The statute of limitations analysis begins with resolving the choice of law issue. *Hunter*, 753 F. Supp. 2d at 602. In a diversity action such as this one, federal courts must apply the choice of law rules of the forum state. *Id.* (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "In Virginia, it is well-settled that the limitations period is treated as a procedural issue governed by Virginia law." *Id.* (citations omitted). The Virginia Code requires that an action for personal injuries be brought within two years after the cause of action accrues. *See* VA. CODE ANN. § 8.01-243(A). The right of action accrues and the prescribed limitations period beings to run from the date the injury is sustained. *See* VA. CODE ANN. § 8.01-230. For infants, the statute of limitations is tolled until the infant reaches the age of majority. *See, e.g., Rivera v. Nedrick*, 529 S.E. 2d 310, 311 (Va. 1999).

4

## RELATION BACK

An amended complaint can "relate back" to the date of the filing of the original complaint. "In determining whether an amended complaint relates back, we look to Federal Rule of Civil Procedure 15(c)(1)." *Wilkins v. Montgomery*, 751 F.3d 214, 224 (4th Cir. 2014) (analyzing a motion to amend a complaint regarding a personal injury claim subject to Virginia's two-year statute of limitations); *see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'") (citation omitted). Federal Rule of Civil Procedure 15(c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when,
>
> . . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1); *see also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (explaining that when a proposed amendment changes the party against whom a claim is asserted, the amending party must satisfy the requirements set forth in Federal Rule of Civil Procedure 15(c)(1)(C)(i) and (ii)). This rule "presumes that the amending party can make the amendment, although it does constrain substantially the type of amendment that may relate back." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 469 (4th Cir. 2007) (en banc).

"When an amendment seeks to add a defendant, the focus turns to the notice to that individual or entity." *Wilkins*, 751 F.3d at 224. The Fourth Circuit has explained:

> Rule [15]'s description of when such an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have. These core requirements preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation.

*Id.* (quoting *Goodman*, 494 F.3d at 470) (alteration and emphases in original) (citation omitted).

### III. ANALYSIS

#### A. STATUTE OF LIMITATIONS WITH RESPECT TO PLAINTIFF CORRIE BALL

On the date of the accident, July 2, 2011, Corrie Ball, Margaret Brogan, and Evan Joseph Jones were under the age of eighteen. Defs. Br. Supp. Mot. Summ. J. at 3. The statute of limitations is tolled until minors reach the age of eighteen. *See Rivera*, 529 S.E.2d at 311. Absent any disability other than age, these plaintiffs had two years to bring suit against LFC-A and LFC-E for the July 2, 2011 incident upon turning eighteen. *See id.* Corrie Ball was born in 1994, and the two year statute of limitations ends sometime in 2014. Whether it expired before the January 22, 2014 filing date of the Third Amended Complaint is unknown because her date of birth was not provided.[1]

With respect to a motion for summary judgment, this Court "must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party." *Matsushita, Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Accordingly, the Court construes the date of Corrie Ball's birth in the light most favorable to Plaintiffs. *See id.* By failing to provide Corrie Ball's date of birth, Defendants have failed to meet their initial burden of showing that there is "no genuine dispute as to any material fact" with respect to

---

[1] The date of birth is redacted in the Interrogatories that Defendants provided with their Motion for Summary Judgment. Defs. Br. Supp. Mot. Sum. J. at Ex. 2.

Corrie Ball. *See* Fed. R. Civ. Proc. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact . . . ."); *see also Goodman*, 494 F.3d at 464 ("Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant.") (citation omitted). Whether Corrie Ball was born before January 22nd is a fact material to the statute of limitations analysis. Therefore, with respect to her, the motion must be DENIED without prejudice. Defendants' challenges to the other Plaintiffs require further analysis.

B. STATUTE OF LIMITATIONS WITH RESPECT TO MARVIN BALL, MARGARET BROGAN, AND EVAN JOSEPH JONES

At the time of the accident, July 2, 2011, Plaintiff Marvin Ball was an adult not under a disability. Defs. Br. Supp. Mot. Summ. J. at 4. Marvin Ball was born in 1959. *Id.* at Ex. 3. The applicable statute of limitations expired as to him on July 2, 2013. The Third Amended Complaint adding LFC-A and LFC-E as defendants was not filed until January 22, 2014, more than six months after the expiration of the statute of limitations.

Margaret Brogan ("Ms. Brogan") and Evan Joseph Jones ("Mr. Jones") were both born in 1993. *Id.* at Exs. 4-5. With respect to Ms. Brogan and Mr. Jones, the applicable statute of limitations expired sometime in 2013—two years after their eighteenth birthdays. The Third Amended Complaint, filed on January 22, 2014, was also untimely as to Ms. Brogan and Mr. Jones.

C. PLAINTIFFS' RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT

The "plaintiff bears the burden of finding the proper defendant[.]" *See, e.g., Schieszler v. Ferrum Coll.*, 233 F. Supp. 2d 796, 802 (W.D. Va. 2002); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) ("The mandate remains that a plaintiff has the burden of locating

and suing the proper defendant within the applicable limitations period."). Moreover, "unless the amended complaint . . . *relates back* to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal." *Wilkins*, 751 F.3d at 223 (emphasis added).

Plaintiffs argue that the summary judgment motion should be denied because LFC-A and LFC-E are "alter ego defendants," and the statute of limitations should be construed as "tolled." Pl. Br. Opp. LFC-E & LFC-A Mot. Summ. J. at 3; 5 (hereinafter "Pl. Opp. Br."). Plaintiffs assert that Virginia courts are silent on the issue of tolling statute of limitations for alter ego companies.[2] *Id.* at 5.

Plaintiffs contend that the Second Amended Complaint was "filed well within the statute of limitation[s] for all parties," and it "asserted that Kuzzens, Inc. and Six L's were alter egos of each other." *Id.* at 4. "Additionally alleged was that Six L's has numerous subsidiaries [] working together to harvest field produce and that these entities use 'Lipman' as a fictitious name." *Id.* "As it turns out, Six L's is no longer used as the controlling parent corporation; rather LFC Enterprises . . . and LFC Agricultural Services, Inc. . . . *seem* to control the harvesting of produce from Kuzzens farm."[3] *Id.* (emphasis added). Plaintiffs allege that the "Lipman maze of corporate entities should not preclude pursuit of this derivative action against them." *Id.*

---

[2] This assertion need not be scrutinized further because Plaintiffs failed to meet their burden of establishing that an exception to the statute of limitations applies. However, Virginia courts are unequivocal as to the strict application of statutes of limitations. "It is well-established that 'statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application.'" *Casey v. Merck & Co.*, 722 S.E.2d 842, 845 (Va. 2012) (quoting *Rivera v. Witt*, 512 S.E.2d 558, 559 (Va. 1999)). "A statute of limitations may not be tolled, or an exception applied, in the absence of a clear statutory enactment to such effect." *Id.* (internal quotation marks and citation omitted).

[3] The claim that LFC-A, LFC-E and Kuzzens are alter egos is insufficiently supported. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

Plaintiffs assert that "with the same principal place of business, none of the defendants should consider the claims in the Third Amended Complaint a surprise and no prejudice has possibly occurred for them." Pl. Opp. Br. at 4. However, Plaintiffs admitted that "there [was] insufficient time to serve the newly added defendants and to permit them to appear and conduct discovery before the currently scheduled trial date of February 11, 2014." Pl. Consent Mot. to Amend Second Am. Compl. at 2.

Plaintiffs contend that "if Virginia does not recognize an alter ego or piercing claim as a distinct cause of action but only as a derivative claim arising from one, then a statute of limitations cannot run against such a claim. . . . [T]he original complaint tolled the limitations periods against the LFC Defendants and all alter ego companies in the Lipman corporate family." Pl. Opp. Br. at 5.

As noted, an amended complaint can "relate back" to the date of the filing of the original complaint under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 15.[4] Plaintiffs did not claim that they were entitled to relief under any "relation back" statutes or rules, and did not provide any authority that stands for the proposition that "the original complaint tolled the limitations periods." Instead, Plaintiffs asserted that "Virginia law is silent" on the issue, and urged this Court to extrapolate a rule based on Virginia law from similar Virginia cases. This argument lacks merit. Although the possible application of the Federal Rules of Civil Procedure's relation-back provision in Rule 15 is debatable, Plaintiffs failed to analyze this

---

[4] Similarly, the Virginia Code allows the date of amended pleadings to relate back to the original pleading where, *inter alia*, the party or agent received notice of the institution of the action "*within the limitations period* prescribed for commencing the action against the party to be brought in by the amendment." *See* VA. CODE ANN. § 8.01-6 (emphasis added); *see also Mokhiber v. Giant Food, Inc.*, 24 Va. Cir. 61 (Va. Cir. Ct. 1991) (noting that the burden to show relation back under § 8.01-6 is on the "plaintiff because the statute is for her benefit, and it would be unfair to require the defendants to prove a negative"). Plaintiffs did not address § 8.01-6.

remedial measure. Plaintiffs bear the burden of establishing an exception to the statute of limitations, and they failed to meet that burden. *See, e.g., United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (noting that the plaintiff had the initial burden of proof of establishing an exception to the statute of limitations); *Robinson*, 602 F.3d at 608 (explaining that when a proposed amendment changes the party against whom a claim is asserted, the amending party must satisfy the requirements set forth in Federal Rule of Civil Procedure 15(c)(1)(C)(i) and (ii)); *Lampert v. Norfolk & W. Ry. Co.*, 966 F.2d 1442 (4th Cir. 1992) ("While the statute of limitations is an affirmative defense, [the plaintiff] bears the burden of establishing any exception to the rule.").

As noted, it is well-established that "unless the amended complaint . . . *relates back* to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal." *Wilkins*, 751 F.3d at 223 (emphasis added); *see also Creed v. Hill*, 1:12CV317 JCC/IDD, 2012 WL 2681796, at *3 (E.D. Va. July 6, 2012) *reconsideration denied*, 2012 WL 3685992 (E.D. Va. Aug. 24, 2012) (concluding that because the claims against the individual defendants named in the "Third Amended Complaint were asserted outside the two-year limitations period, they are untimely, and amendment is futile, unless they relate back to Plaintiff's original complaint"). The Third Amended Complaint was filed after the statute of limitations had expired for many of the plaintiffs. Plaintiffs failed to sufficiently address any relation back rules or statutes. For the foregoing reasons, under Federal Rule of Civil Procedure 56, the Court is compelled to conclude that no genuine issue of fact remains.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by LFC Agricultural Services, Inc. and LFC Enterprises, Inc. (ECF 118) is **GRANTED IN PART AND DENIED IN PART**. Summary Judgment is **GRANTED** as to Plaintiffs Marvin Ball, Margaret Brogan, and Evan Joseph Jones, and **DENIED** without prejudice as to Plaintiff Corrie Ball.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Nov. 4th, 2014
Norfolk, Virginia

11